No. 12-57246

# In the United States Court of Appeals for the Ninth Circuit

_____

GABRIEL FELIX MORAN,

*Plaintiff-Appellant,*

v.

THE SCREENING PROS, LLC, a California Corporation,
*Defendant-Appellee.*

_____

On Appeal from the United States District Court
for the Central District of California

_____

## APPELLANT'S EXCERPTS OF RECORD

_____

Joshua E. Kim
A NEW WAY OF LIFE REENTRY
PROJECT
P.O. Box 875288
Los Angeles, CA 90087

Devin H. Fok
LAW OFFICES OF DEVIN H. FOK
P.O. Box 7165
Alhambra, CA 91802

Craig Davis
LAW OFFICES OF CRAIG DAVIS
524 Union Street, Suite 358
San Francisco, CA 94133

Deepak Gupta
Peter Conti-Brown
GUPTA BECK PLLC
1625 Massachusetts Avenue, NW
Washington, DC 20036
(202) 888-1741

Meredith Desautels
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
131 Steuart Street, Suite 400
San Francisco, CA 94105

*Counsel for Plaintiff-Appellant Gabriel Felix Moran*

# TABLE OF CONTENTS

**Docket No.**                                                                        **Page**

43          Plaintiff's notice of appeal                                                1

40          District court's order granting The Screening Pros' motions                 4
            for reconsideration, summary judgment, and judgment on
            the pleadings

33-2        Declaration of Gabriel F. Moran                                            12

20          Excerpt of defendant's motion for reconsideration, seeking                 15
            to dismiss Moran's remaining FCRA claims

19          Defendant's answer to the first amended complaint                          20

18          District court's order granting in part and denying in part                31
            The Screening Pros' motion to dismiss

1           Moran's first amended complaint                                            50

1           The Screening Pros' background check report on plaintiff                   67
            Gabriel F. Moran (dated February 10, 2010)

            District court's docket report                                            69

Name  Devin H. Fok, Esq.

Address  P.O. Box 7165

City, State, Zip  Alhambra, CA 91802-7165

Phone  310-430-9933

Fax  323-563-3445

E-Mail  devin@devinfoklaw.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

2012 DEC 11  AM 11: 26
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

FILED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL FELIX MORAN | **CASE NUMBER:** |
| | 2:12-cv-05808-SVW-AGR |
| PLAINTIFF(S), | |
| v. | |
| THE SCREENING PROS, LLC., a California Corporation; DOES 1-10, inclusive | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ GABRIEL FELIX MORAN _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify): *Granting in part, denying in part D's motion to dismiss; Granting D's motion for reconsideration; motion for summary Judgment*
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on  11/20/2012; 9/28/2012 .

A copy of said judgment or order is attached hereto.

December 11, 2012

Date

Signature

DEC

☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                    NOTICE OF APPEAL

ER 1

1  THE LAW OFFICES OF DEVIN H. FOK
   Devin H. Fok, Esq. (SBN #256599)
2  P.O. Box 7165
   Alhambra, California 91802-7165
3  Ph: (310) 430-9933
   Fax: (323) 563-3445
4  devin@devinfoklaw.com

5  A NEW WAY OF LIFE REENTRY PROJECT
   Joshua E. Kim, Esq. (SBN #257260)
6  P.O. Box 875288
   Los Angeles, California 90087
7  Ph: (323) 563-3575
   Fax: (323) 563-3445
8  joshua@anewwayoflife.org

9  Attorneys for Plaintiff
   GABRIEL FELIX MORAN

10

11              UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

13  GABRIEL FELIX MORAN,          ) CASE NO.: 2:12-CV-05808-SVW-AGR
                                   )
14              Plaintiff,         ) **REPRESENTATION STATEMENT**
                                   )
15                                 )
                                   )
16       vs.                       )
                                   )
17                                 )
    THE SCREENING PROS, LLC., a California )
18  corporation; and DOES 1-10 inclusive, )
                                   )
19              Defendants.        )
                                   )
20                                 )
                                   )
21

22

23

24

25

26

27

28

────────────────────────────────
              REPRESENTATION STATEMENT

1       Pursuant to Ninth Circuit Rule 3-2 and Rule 12(b) of the Federal Rules of Appellate

2  Procedure, Plaintiff Gabriel Felix Moran hereby identifies all parties to this now-appealed action,

3  along with the names, addresses, and telephone numbers of their respective counsel.

4  **I.   PARTIES**

5       Plaintiff Gabriel Felix Moran is the Appellant in this action.  Defendant The Screening

6  Pros, LLC. is the Appellee.

7  **II.   COUNSEL**

8

9       Plaintiff-Appellant Gabriel Felix Moran is represented by:

10             Devin H. Fok
The Law Offices of Devin H. Fok

11             P.O. Box 7165, Alhambra, CA 91802-7165

12             (310) 430-9933

13             Joshua E. Kim
A New Way of Life Reentry Project

14             958 E. 108th St., Los Angeles, CA 90059

15             (323) 563-3575

16       Defendant-Appelle The Screening Pros, LLC. is currently represented by:

17

18             Michael J. Saltz, Colby A. Petersen, G. Austin Sperry
Jacobson, Russell, Saltz & Fingerman, LLP

19             10866 Wilshire Boulevard, Suite 1550, Los Angeles, CA 90024
(310) 446-9900

20

21

22  DATED: December 10, 2012           LAW OFFICES OF DEVIN H. FOK

23

24

25                 By: _____

26                   Devin H. Fok
Attorney for Plaintiff GABRIEL F. MORAN

27

28

1

REPRESENTATION STATEMENT

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

## JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER re Motion for Reconsideration [20]; Motion for Summary Judgment [29]; Motion for Judgment on the Pleadings [24]

## I.     INTRODUCTION

Plaintiff Gabriel Felix Moran ("Plaintiff") filed this lawsuit in California Superior Court against Defendant The Screening Pros, LLC ("Defendant"). The First Amended Complaint ("FAC") alleges that Defendant issued a background check report containing Plaintiff's outdated criminal history information in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), and California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786 et seq. ("ICRAA"). Defendant removed to this Court on the basis of federal question jurisdiction and filed a Motion to Dismiss all the claims except for the Third Cause of Action for Defendant's alleged failure to reinvestigate in light of Plaintiff's dispute. FCRA § 1681i(a).

In its Order dated September 28, 2012, the Court granted Defendant's Motion to Dismiss as to the ICRAA claims. (Dkt. 18). The Court held, however, that Plaintiff had successfully stated a claim for violations of two provisions of the FCRA: (1) disclosure of outdated criminal history information in violation of FCRA § 1681c; and (2) failure to have reasonable procedures to avoid disclosure violations pursuant to FCRA § 1681e(a).

On October 8, 2012, Defendant filed a Motion for Reconsideration of the Order with respect to these two federal claims. (Dkt. 20). Defendant subsequently filed a Motion for Judgment on the Pleadings, (Dkt. 24), and a Motion for Summary Judgment, (Dkt. 29). For the reasons set forth below, the Court GRANTS the Motion for Reconsideration, GRANTS the Motion for Summary Judgment, and DENIES the Motion for Judgment on the Pleadings.

//

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|----------|------------------------|------|-------------------|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

## JS - 6

**II.    FACTUAL BACKGROUND**

Defendant is a background check company that provides tenant screening services to landlords in connection with the leasing of residential properties.  (FAC ¶ 5).  On or about February 5, 2010, Plaintiff applied for housing with an affordable housing development project named Maple Square.  At Maple Square's request, Defendant furnished a background check report ("Report") on Plaintiff containing information about his criminal history, eviction history, and credit history.  (FAC ¶¶ 34-35).

Plaintiff takes issue with the disclosure of a criminal misdemeanor charge from 2000.  (Compl., Ex. 1).  The Report shows that on May 16, 2000, a criminal misdemeanor charge was filed against Plaintiff for being "under the influence of a controlled substance."  (FAC ¶ 36).  The Report further indicates that the charge was dismissed on March 2, 2004.  (Compl., Ex. 1 at 1).

The Report also discloses a subsequent criminal incident, which is not at issue here.  The Report notes that on June 4, 2006, Plaintiff was charged with one count of second-degree burglary, one count of forgery, and one count of embezzlement from an older or dependent adult.  (FAC ¶ 46); (Compl., Ex 1 at 1-2).  The Report indicates that the first two counts were dismissed three days later, but that Plaintiff was convicted of embezzlement and sentenced to 60 days in jail, 3 years of probation, and a fine.  (Compl., Ex. 1 at 1-2).

After receiving the Report, Maple Square's owner denied Plaintiff's rental application.  (FAC ¶ 48).  Plaintiff disputed the Report in writing, but Defendant did not respond.  (FAC ¶¶ 49-51).  On June 7, 2012, Plaintiff filed this action in Los Angeles County Superior Court.

**III.    MOTION FOR RECONSIDERATION**

   **A.    Legal Standard**

The Motion is governed by Local Rule 7-18, which provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented

Initials of Preparer                                      PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

## JS - 6

to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. Local Rule 7-18.

Alternatively, the Motion may be governed by Fed. R. Civ. P. 59(e), which permits the Court to alter or amend an order "if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" Duarte v. Bardales, 526 F.3d 563, 567 (9th Cir. 2008) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)).

    **B.**    **Analysis**

        **1.**    **Summary of Court's Previous Order**

In its prior Order, the Court held that Plaintiff had adequately pled a claim that Defendant's Report violated 15 U.S.C. § 1681c(a)(5) by disclosing criminal information dating back to 2000. Section 1681c(a) provides:

> [N]o consumer reporting agency may make any consumer report containing any of the following items of information:
> . . .
> (2)    Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
> . . .
> (5)    Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a) (West 2010) (emphasis added).

In 2011, the Federal Trade Commission ("FTC") issued new commentary on the FCRA. Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations (July 2011) ("2011 Staff Summary"), available at:

Initials of Preparer           PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

## JS - 6

http://www.ftc.gov/os/2011/07/110720fcrareport.pdf (emphasis added). In particular, the comment for section 1681c(a)(5) states that "[t]he seven year reporting period for criminal record information 'other than convictions of crimes' runs from the ***date of the reported event***." Id. at 57.

Applying these authorities, the Court noted in its previous Order that the Report disclosed the filing of a misdemeanor charge against Plaintiff on May 16, 2000. The Court reasoned that such a record of filing of a charge constituted an "adverse item of information" under section 1681c(a)(5), and thus the seven-year window began on the "date of the reported event," May 16, 2000. (Dkt. 18 at 10:3-13).

In so holding, the Court rejected Defendant's contention that the relevant "date of the reported event" under section 1681c(a)(5) was the date of dismissal of the charge on March 2, 2004. Relying on FTC Commentary issued in 1990, Defendant cited the agency's comment to section 1681c(a)(5),[1] stating that "[t]he seven year reporting period runs from the date of disposition, release or parole, as applicable. For example, if charges are dismissed at or before trial, or the consumer is acquitted, the date of such dismissal or acquittal is the date of disposition." 16 C.F.R. Pt. 600, App. cmt. 605(a)(5)-2 (2010). Accordingly, Defendant argued that notwithstanding the filing of criminal charges on May 16, 2000, the "reported event" that triggered the seven-year window was the March 2, 2004 dismissal of the charges. Because the dismissal occurred less than seven years before the Report in dispute, Defendant maintained that no violation occurred as a matter of law. The Court rejected this argument on the ground that the FTC had rescinded its 1990 Commentary. Statement of General Policy or Interpretation, 76 Fed. Reg. 44462, 44463 (July 26, 2011).

**2. Defendant's Report Did Not Violate the FCRA**

After revisiting the relevant authorities, the Court GRANTS the Motion for Reconsideration. As Defendant correctly observes, even though the FTC rescinded the 1990 Commentary, the agency expressly clarified that the 1990 interpretations had only become "partially obsolete." 2011 Staff Summary at 7. Specifically, the 2011 Staff Summary states:

> Through the passage of time and the adoption of significant amendments
> to the FCRA, the 1990 Commentary has become partially obsolete, and

---

[1] Prior to 1998, section 1681c(a)(5) provided that "no consumer reporting agency may make any consumer report containing any of the following items of information: . . . (5) Records of arrest, indictment, or conviction of crime which, from date of disposition, release, or parole, antedate the report by more than seven years." 15 U.S.C. § 1681c(a) (West 1997).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

ER 7

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|----------|------------------------|------|-------------------|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

## JS - 6

does not reflect the most current interpretive guidance on the FCRA. Prior to the passage of the CFPA, FTC staff had been working on an updated Commentary as a replacement for the 1990 Commentary. As a result of the CFPA, however, much of the authority of the Commission and the federal financial agencies to publish rules, regulations, or guidelines under the FCRA transfers to the CFPB. In this changed context, staff is instead publishing a compendium of interpretations that it believes will be of use to the CFPB staff, the businesses subject to the Commission's jurisdiction under the FCRA, public representatives, and consumers. The Staff Summary incorporates material from the following sources:

- <u>Interpretations from the 1990 Commentary on sections of the FCRA that have not been amended, which staff continues to believe are timely, accurate, and helpful.</u>

<u>Id.</u> (emphasis added). In particular, the 2011 Staff Summary incorporates several 1990 comments by referencing them in endnotes where appropriate:

> The interpretations in the Summary do not always reflect verbatim the analogous 1990 comments. We have modified some to account for post-1990 FCRA amendments or cases, to make them consistent with other comments, and to make them more relevant to current practice. We have edited others for clarity or to accord with modern style. <u>Even though the 1990 comments listed in the endnotes are not precisely duplicated in the 2011 Staff Summary, staff believes the references will assist readers where a 1990 comment is a source for an interpretation here.</u>

<u>Id.</u> at 16 n.60 (emphasis added). Thus, the 2011 Staff Summary makes clear that the FTC believes the 1990 comments referenced in endnotes "will assist readers" as an interpretive source.

Of particular import to this case, the 2011 Staff Summary indicates that the 1990 comment concerning the dismissal of criminal charges remains applicable. Specifically, the 2011 comment for section 1681c(a)(5) provides that "[t]he seven year reporting period for criminal record information 'other than convictions of crimes' runs from the date of the reported event." <u>Id.</u> at 57. The comment then cites endnote 194. Endnote 194, in turn, cites to "1990 comment 605(a)(5)-2," which states: "The seven year reporting period runs from the date of disposition, release or parole, as applicable. For

|  | : |
|--|---|
| Initials of Preparer | PMC |

**ER 8**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

## JS - 6

example, if charges are dismissed at or before trial, or the consumer is acquitted, the date of such dismissal or acquittal is the date of disposition." 16 C.F.R. Pt. 600, App. cmt. 605(a)(5)-2 (2010).

Based on the foregoing, the Court concludes that its previous Order was incorrect inasmuch as it suggested that the 1990 commentary to section 1681c(a)(5) is no longer persuasive authority. The Court therefore VACATES the portion of its prior Order discussing the First Cause of Action. Bearing in mind the FTC's full guidance, the Court proceeds to apply the 1990 comment 605(a)(5)-2 to the instant facts.

Section 1681c(a)(5) instructs that the seven year reporting period for criminal record information runs from the "date of the reported event." The 1990 comment teaches that where, as here, criminal charges were dismissed at or before trial, the "date of the reported event" is the "date of disposition," which is the date of such dismissal. In other words, the seven year reporting period begins to run on the date of the dismissal. Accordingly, with respect to Plaintiff's misdemeanor charge, the "date of the reported event" for purposes of section 1681c(a)(5) is not the date the charge was filed, but rather the date the charge was dismissed, March 2, 2004. Thus, because the "date of the reported event" predates Defendant's Report by less than seven years, the disclosure of the misdemeanor did not violate section 1681c(a)(5).

Before the Court dismisses the section 1681c claim, however, it must also address whether the disclosure of the misdemeanor in dispute may have violated section 1681c(a)(2). Although neither party raised this issue in their briefs for the Motion for Reconsideration, it was thoroughly briefed in the preceding Motion to Dismiss. There, Plaintiff argued that the record of filing of a criminal charge points to the existence of an arrest, and is therefore tantamount to a "record of arrest." Under section 1681c(a)(2), the seven-year period for records of arrest runs from "the date of entry." Thus, according to Plaintiff, the disclosure of the filing of the charge in 2000 violated section 1681c(a)(2).

Plaintiff relies on <u>Serrano</u> v. <u>Sterling Testing Sys., Inc.</u>, 557 F. Supp. 2d 688 (E.D. Pa. 2008), for the proposition that any information that points to the existence of an arrest is akin to a "record of arrest." In <u>Serrano</u>, an employment screening company found that the plaintiff, a job applicant, had an old arrest record that was more than seven years old. Under 15 U.S.C. § 1681c(b)(3), the screening company could disclose the arrest record only if the job in question paid more than $75,000. Thus, the company informed the employer that it could report an old arrest record if the employer could verify the job at issue paid at least $75,000. <u>Serrano</u>, 557 F. Supp. 2d at 689-90. The <u>Serrano</u> court ruled in dicta[2]

---

[2] The court noted that it "need not decide this question" because even if the disclosure did not violate section 1681c(a)(2), it violated section 1681c(a)(5). <u>Serrano</u>, 557 F. Supp. 2d at 692.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

## JS - 6

that reporting the existence of the old arrest record – without producing the arrest record itself – violated section 1681c(a)(2).  It relied in part on another FTC comment from 1990 that stated:

> A consumer reporting agency may not furnish a consumer report indicating the existence of obsolete adverse information, even if no specific item is reported. For example, a consumer reporting agency may not communicate the existence of a debt older than seven years by reporting that a credit grantor cannot locate a debtor whose debt was charged off ten years ago.

16 C.F.R. Pt. 600, App. cmt. 605(a)-6 (2010).

Serrano is distinguishable.  Unlike in Serrano, it is undisputed here that Defendant's Report did not disclose the existence of the arrest record itself.  It disclosed only the filing of a criminal charge, the court county from where the information were obtained, the count charged, the dismissal of the count, and the date of the dismissal.  To be sure, one could argue that such information tends to imply that a prior arrest record must exist.  While this contention has some merit, extending the argument to its logical conclusion would mean that virtually any record of criminal proceedings would constitute an "arrest record" in that it implies the existence of a prior arrest record.  Such an approach ignores Congress's self-evident decision to subject "records of arrest" to the rubric of section 1681c(a)(2), while placing other "criminal records other than convictions" within the ambit of section 1681c(a)(5).  2011 Staff Summary at 57.  Such a result is untenable.

In sum, the Court concludes that Defendant's disclosure of the misdemeanor in the Report did not violate sections 1681c(a)(2) or 1681c(a)(5).  Thus, the FAC fails to state a claim for violation of section1681c.  Moreover, because the FAC fails to plead any disclosure violation, there is no factual basis to infer that Defendant failed to maintain reasonable procedures to avoid disclosure violations, in violation of section 1681e(a).  Accordingly, upon reconsideration, Defendant's Motion to Dismiss the First and Second Causes of Action is GRANTED.

## IV.    MOTION FOR SUMMARY JUDGMENT

In light of the Court's dismissal of the First and Second Causes of Action, the only claim that remains for adjudication is the Third Cause of Action for violation of FCRA § 1681i.  The FAC alleges that Defendant violated several provisions of section 1681i by failing to reinvestigate an inaccuracy in the Report.

:

Initials of Preparer            PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

### JS - 6

The Ninth Circuit has established, however, that an actual inaccuracy must exist in the consumer report for a plaintiff to state a claim under section 1681i:

> Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement. In Dennis v. BEH–1, LLC, 520 F.3d 1066 (9th Cir. 2008), we held that a plaintiff filing suit under section 1681i must make a "prima facie showing of inaccurate reporting." Id. at 1069. The inaccuracy requirement comports with the purpose of the FCRA, which is to protect consumers from the transmission of inaccurate information about them.

Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010) (internal citations and quotation marks omitted).

Given the Court's ruling that Defendant's Report did not contain any obsolete information in violation of section 1681c, the Court concludes that the FAC fails to allege any actual inaccuracy in the Report.  Plaintiff does not dispute that such a finding would foreclose his section 1681i claim as a matter of law.  Accordingly, Defendant's Motion for Summary Judgment on the Third Cause of Action is GRANTED.

### V.     CONCLUSION

Defendant's Motion for Reconsideration is GRANTED, and Plaintiff's First and Second Causes of Action are DISMISSED.  Defendant's Motion for Summary Judgment is GRANTED with respect to the Third Cause of Action; that claim is also DISMISSED.  Defendant's Motion for Judgment on the Pleadings is DENIED as moot.

|  | : |
|---|---|
| Initials of Preparer | PMC |

1   THE LAW OFFICES OF DEVIN H. FOK
    Devin H. Fok, Esq. (SBN #256599)
2   418 N. Marguerita Ave. #D
3   Alhambra, California 91801
    Ph: (310) 430-9933
4   Fax: (323) 563-3445
5   devin@devinfoklaw.com

6   A NEW WAY OF LIFE REENTRY PROJECT
7   Joshua Kim, Esq. (SBN #257260)
    PO Box 875288
8   Los Angeles, California 90087
9   Ph: (323) 563-3575
    Fax: (323) 563-3445
10  joshua@anewwayoflife.org

11
12  Attorneys for Plaintiff
    GABRIEL FELIX MORAN
13

14

15              UNITED STATES DISTRICT COURT
16             CENTRAL DISTRICT OF CALIFORNIA
17

18                                    Case No.: 2:12-cv-05808-SVW-AGR
19
                                      Hon. Stephen V. Wilson
20
21  GABRIEL FELIX MORAN,              DECLARATION OF PLAINTIFF
                                      GABRIEL F. MORAN IN SUPPORT OF
22           Plaintiff,               HIS OPPOSITION TO DEFENDANT'S
23      vs.                           MOTION FOR SUMMARY JUDGMENT
24  THE SCREENING PROS, LLC., a California   Complaint Filed: February 2, 2012
25  Corporation; and DOES 1-10 inclusive;    Removed: July 5, 2012
           Defendants.                Pretrial Conference: November 19, 2012
26                                    Trial Date: November 20, 2012
27

28

29

30

31

32

                    DECLARATION OF GABRILE F. MORAN - i

### DECLARATION OF GABRIEL F. MORAN

I, GABRIEL F. MORAN, declare:

    1.    I am the named Plaintiff in this action and I have personal, firsthand knowledge of the facts set forth herein.

    2.    On or about February 2010, I submitted a housing application to a senior affordable housing development named Maple Square.

    3.    I am a person of extremely modest means and I receive a fixed income from social security. Accordingly, I desperately needed the affordable housing opportunity provided by Maple Square.

    4.    I was born on January 22, 1957. When I was ten, I injured my head while I was traveling on a bike and suffered a permanent injury that affected my development. I have been constantly told by my mother that I was very bright prior to my injury.

    5.    This injury deeply affected me and I was constantly the subject of harassment and ridicule.

    6.    When I was in my late teens and early 20s, I became addicted to alcohol and drugs due not only to my brother's influence but also by my need to escape from the pain that I was suffering.

    7.    My addiction lasted over 30 years.

    8.    Over the course of my addiction, I did many things that I seriously regret, including committing various theft-related crimes to sustain my habit.

    9.    However, in 2009, I decided to turn my life around and with the help of my church and various community organizations, I became clean and sober and have been clean and sober to today.

    10.    Since 2009, I also undertook to expunge my criminal record so that I could find better housing and possibly employment opportunities.

    11.    The expungement process was long and tedious. Over course of my substance abuse, I have received dozens of criminal convictions for theft-related crimes in various courthouses around California. I took it upon myself to learn about the expungement process and to petition the Court to expunge many of my convictions.

    12.    I also sought the help of various community organizations and nonprofit agencies such as the East Bay Community Law Center ("EBCLC") to assist me in the process.

DECLARATION OF GABRIEL F. MORAN – 1

13.   All but one of my criminal convictions have been expunged, and it is case No. 217842 which was inadvertently missed and but will be expunged.

14.   However, what is particularly troubling to me is Defendant's reporting of case No. 188935. It is a case that I was never convicted and accordingly cannot be expunged. I am extremely disturbed over the fact of the disclosure of this dismissed case.

15.   The underlying records in this case have long been destroyed and it is no longer available in the courts. I have no other judicial recourse to prevent Defendant's reporting of this case.

16.   In November of 2011, the EBCLC submitted a dispute on my behalf to Defendant to prevent Defendant's further disclosure of this criminal case. This is the only recourse that I have in preventing Defendant from disclosing this charge to any of my other prospective landlords or Maple Square should I reapply for housing.

17.   However, Defendant has ignored the EBCLC dispute letter and to date, I am left wondering every time that I apply for housing whether Defendant will be the background reporting company and whether the dismissed charge will be reported again.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed this day of October 29, 2012 at Los Angeles, California.

_Gabriel Moran_
_____
Gabriel F. Moran, Declarant

DECLARATION OF GABRIEL F. MORAN – 2

1   more than seven years after the date of "the reported criminal event." (Order, pg. 9, ln. 24 to

2   pg. 10, ln. 2). The Court interpreted this phrase to mean, in the case of criminal proceedings

3   resulting in dismissal, the date criminal charges are initiated, not the date charges are

4   dismissed. (*Id*). As TSP listed in its report that plaintiff had been charged with a crime on

5   May 16, 2000, this Court found the reporting to be untimely, despite the fact that TSP

6   reported that the proceedings were not dismissed until March 2, 2004. TSP now files the

7   present request for reconsideration of this Order.

## 3. STANDARD OF REVIEW

9         Under Local Rule 7-18, a motion for reconsideration of the ruling on a motion may be

10  made where there is "a manifest showing of a failure to consider material facts presented to

11  the Court before such decision." L.R. 7-18. As set forth below, TSP respectfully submits

12  that this Court erred in its failure to consider the undisputed fact that TSP reported the

13  "event" that criminal proceedings had concluded against plaintiff on May 2, 2004, well

14  within the seven year reporting period of the FCRA, and which constitutes the "adverse item

15  of information" or "reportable event" under the law.

## 4. ARGUMENT

>    **A. THE "REPORTABLE EVENT" MADE BY DEFENDANT TSP UNDER**
>    **SECTION 1681C(A)(5) IS THE DATE CRIMINAL CHARGES WERE**
>    **DISMISSED, NOT THE DATE THEY WERE FILED; THUS THE REPORT**
>    **WAS PROPER UNDER 15 U.S.C. SECTION 1681c(a)(5).**

20        Plaintiff claimed in relevant part in the FAC that TSP violated 15 U.S.C. section

21  1681c(a)(5) because the Subject Report contained information that preceded the date of the

22  report by more than 7 years. FAC, ¶ 57.

23        15 U.S.C. section 1681c(a) states in relevant part:

24  (a) Information excluded from consumer reports. Except as authorized under
    subsection (b), no consumer reporting agency may make any consumer report

25  containing any of the following items of information:

26        …
          (5) Any other adverse item of information, <u>other than records of</u>

27  <u>convictions of crimes</u> which antedates the report by more than seven years.

28

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California, 90024
Tel. 310.446.9900 • Fax 310.446.9909

15 U.S.C. § 1681c(a) (emphasis added). The term "adverse item of information" is not further defined in the statute. *Id.*

The Subject Report, submitted in February 2010, references Case No. 188935, which indicates that a criminal case against plaintiff was filed on May 16, 2000 but was not disposed of by way of dismissal until March 2, 2004. Therefore, the Subject Report was made 6 years from the disposition of the case (i.e., within the 7 year time period).

In its ruling, this Court relied upon FTC interpretations from 2011 which provide that the seven year period for criminal record information other than convictions runs from "the date of the reported event." See Federal Trade Commission, <u>40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary Interpretations</u> (July 2011), available at http://www.ftc.gov/os/2011/07/110720fcrareport.pdf, pg. 57. The Court then determined that the "date of the reported event" meant the date criminal charges were initiated rather than the date they were dismissed. (Order Granting In Part and Denying In Part Defendant's Motion to Dismiss ("Order"), pg. 9, ln. 24 to pg. 10, ln. 2, on file with the Court herein).

However, with respect, the Court went astray in assuming that the "adverse item of information" (under the words of the statute) or "reported event" (under FTC interpretation) can only be the date criminal charges are filed. Rather, the plain meaning of these terms includes the date of dismissal of criminal charges against a defendant. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) ("the starting point for interpreting a statute is the language of the statute itself. Absent a <u>clearly expressed legislative intention to the contrary</u>, that language must ordinarily be regarded as conclusive.") In this regard, it is important to note that the existence of a case is not the "reportable event". Rather, it is what happens in the case (i.e. a dismissal, conviction, etc.) that is reportable, and is ultimately the information that is important to report. This is exactly what TSP did – reporting the "reportable event" of a dismissal of a criminal case within the 7 year reporting period.

In the course of so reporting, TSP disclosed, as it was required to do by law (see the "maximum possible accuracy" law – 15 U.S.C. section 1681e(b)), the course of proceedings,

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

including the filing of charges against plaintiff dating back to 2000. The fact that in the course of reporting a dismissal TSP made mention of the filing date should not convert a reportable event into a violation of the law. It would be illogical and misleading for TSP to simply list the dismissal date for criminal charges and omit the nature of the charges and the date they were filed simply because parts of the same proceeding occurred outside the reportable period.

This interpretation is supported by the FTC. The FTC has never stated that either "adverse item of information" (as described in the statute) or "date of reported event" (as interpreted by the FTC) means the date criminal charges were filed. In fact, the last previous FTC interpretation on this precise issue, in 1990, stated that the applicable date for criminal cases resulting in something other than dismissal was the date of disposition. 16 C.F.R. Pt. 600, App. 605(a)(5)(2010) ("if charges are dismissed at or before trial, or the consumer is acquitted, the date of dismissal or acquittal is the date of disposition.") Since then, there has been no subsequent determination by the FTC that the date of dismissal is no longer the applicable date triggering the seven year period under the FCRA. In fact, as this Court correctly pointed out, Congress stated no clear legislative intent, or any intent at all, to outlaw dismissals from being reportable events from which the seven-year limitation begins to run. See *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980).

The facts show a history of treating the date of disposition as the operative date. Under these facts, this Court should not assume, in a case of first impression, that the legislature or FTC intended to so drastically overhaul the FCRA. This is especially so given the significant consequences of a change in the law: reporting that has previously been lawful could suddenly subject agencies to huge liability from individuals when agencies report on the disposition of criminal and civil proceedings.

Moreover, under this Court's interpretation, a recent late payment on a credit card would no longer be a "reportable event" simply because the credit card was opened more than seven years prior. Yet that is exactly the consequences of this Court's interpretation with regard to a reported event. And here, the problem is the same as with the example of not

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

1  being able to report the existence of the credit card and the prior satisfactory payment history

2  in order to report the true meaning of the recent "reportable event." Such information would

3  be confusing and misleading to the recipient of this information, as it is impractical to

4  separate out such intertwined data.  Such information could also be extremely prejudicial; to

5  the person being reported on, if the omission made it appear the conduct was worse than it

6  actually was and caused a rejection of housing requests or other services; to the recipient of

7  this requested information, if the omission caused them to believe the conduct was less

8  serious than it actually was based on omitted information about the course and type of

9  proceedings.  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("a

10  credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is

11  patently incorrect, or because it is misleading in such a way and to such an extent that it can

12  be expected to adversely affect credit decisions.'") (citations omitted); *Kates v. Crocker Nat'l

13  Bank*, 776 F.2d 1396, 1397 (9th Cir. 1985) ("The purpose of the Fair Credit Reporting Act,

14  15 U.S.C. § 1681 et seq., is to protect consumers from the transmission of inaccurate

15  information about them.")  It is hard to believe Congress intended such a result.  Defendant

16  TSP respectfully submits that this scenario points out the "unworkability" of the FCRA under

17  this Court's interpretation.[1]

18       TSP respectfully submits that the Court appears to have erred based on its belief that

19  section 1681c(a)(5) prohibits disclosure of criminal record information more than seven years

20  after "the reported criminal event" of charges only being filed (Order, pg. 9, ln. 24 to pg. 10,

21  ln. 2).  The word "criminal" does not appear in the FTC interpretation upon which the Court

22  relies. See Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting

23  Act: An FTC Staff Report with Summary Interpretations (July 2011), pg. 57.  The insertion of

24  the word "criminal" may have led the Court to conclude that the "reported" event must be the

25  _____

26  [1] To hold that both the date of filing and the date of disposition are both the "reportable
    event" would also put TSP in an untenable legal bind.  It would require TSP to list the date of

27  disposition while withholding any "intertwined" information from the proceeding more than
    7 years old, thus violating the "maximum possible accuracy" rule of 15 U.S.C. § 1681e(b).

28

Case No.:  2:12-cv-05808-SVW-AGR
File No.:  5.371.001                     6

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310-446-9900 • Fax 310-446-9909

1   date criminal charges began (the criminal event) rather than the resolution of proceedings in

2   2004. The filing of criminal charges pales in significance and gravity to its ultimate resolution

3   to both the consumer and the recipient of the report.

4        Based on the above, TSP properly reported the criminal proceedings dismissed against

5   plaintiff in 2004.  Therefore, the contents of the Subject Report are timely under 15 USC §

6   1681c(a)(5).

7       **B.  THIS COURT CONFLATED THE TEXT AND FTC INTERPRETATIONS
   OF SECTION 1681C(A)(2) AND FORMER SECTION 1681(C)(A)(5) WITH**

8       **THE CURRENT VERSION OF SECTION 1681(C)(A)(5) , WHICH HAS
   NOT BEEN CHANGED IN ANY MATERIAL RESPECT.**

9

10       Previous FTC interpretations confirm that the date that matters for purposes of the

11   seven year period for reporting criminal proceedings is the date of the "reportable event" of

12   disposition of proceedings, not the date of filing.  As to the computation of the reporting of

13   such information, the FTC included this comment on the FCRA in 1990:

14       The seven year reporting period runs <u>from the date of disposition</u>, release or parole, as
   applicable. For example, <u>if charges are dismissed at or before trial, or the consumer is</u>

15       <u>acquitted, the date of such dismissal or acquittal is the date of disposition.</u>

16   16 C.F.R. Pt. 600, App. § 605 (emphasis added).

17

18       This Court in its Order correctly noted that since these 1990 FTC interpretations, the

19   FCRA has been amended.  *However, the amendments to FCRA did not amend the applicable*

20   *statutory language at issue in this case*.  In particular, the current version of section

21   1681c(a)(5) is based on former section 1681c(a)(6), which contained the exact same language

22   as current section 1681c(a)(5) as to non-conviction offenses.  See 15 U.S.C. § 1681c(a)(5)

23   (2010); 15 U.S.C. § 1681c(a)(6) (1997).  The current statutory language of section

24   1681c(a)(5), as interpreted by the most recent FCRA interpretations, is that the operative date

25   is the "date of the reported event" – the date the criminal charges were dismissed.  15 U.S.C.

26   § 1681c(a)(5).  The FTC has not issued any new interpretation stating that the revised FCRA

27   includes a new operative date as to non-conviction proceedings.  The lack of clarity from the

28   FTC as to what a "reported event" is does not provide grounds for assuming the standing
   operative date has been overhauled or that certain material events are no longer reportable on

1   **JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
    Michael J. Saltz, Esq.  SBN 189751
2   msaltz@jrsfllp.com
    Colby A. Petersen, Esq. SBN 274387
3   cpetersen@jrsfllp.com
    G. Austin Sperry, Esq.  SBN 278535
4   asperry@jrsfllp.com
    10866 Wilshire Boulevard, Suite 1550
5   Los Angeles, CA  90024
    Telephone:  (310) 446-9900  Facsimile: (310) 446-9909
6

7   Attorneys for Defendant THE SCREENING PROS, LLC

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10  GABRIEL FELIX MORAN,               Case No.: 2:12-cv-05808-SVW-AGR

11              Plaintiff,             **DEFENDANT THE SCREENING PROS,**
12                                     **LLC'S ANSWER TO PLAINTIFF'S**
                                       **FIRST AMENDED COMPLAINT;**
13          vs.                        **DEMAND FOR JURY TRIAL**

14
    THE   SCREENING   PROS,  LLC  a    Complaint filed:  February 2, 2012
15  California Corporation; and DOES 1-10   First Amended
16  inclusive,                         Complaint Filed:   June 7, 2012
                                       Removed:           July 5, 2012
17              Defendants.            Trial Date:        November 20, 2012

18

19

20

21  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

22          Defendant The Screening Pros, LLC, (hereinafter referred to as "Defendant"), through

23  its undersigned counsel, hereby answers the First Amended Complaint filed by Plaintiff

24  Gabriel Felix Moran ("Plaintiff").

25          1.      On information and belief, Defendant lacks sufficient knowledge to either

26  admit or deny each and every material allegation set forth in Paragraph 1 and on that basis

27  must deny.

28

2.      On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 2 and on that basis must deny.

3.      On information and belief, Defendant admits that the contents of 15 U.S.C. § 1681(a) as reproduced in Paragraph 3 to be a true and correct recital of that code section.

4.      On information and belief, Defendant admits that the contents of *California Civil Code* § 1786 as reproduced in Paragraph 4 to be a true and correct recital of that code section.   However said code section has been found to be unconstitutional and has no application to this case.

5.      Defendant admits that it provides screening services to landlords and that it is regulated under FCRA and CCRAA, but denies all other allegations set forth in Paragraph 5.

6.      Deny.  FCRA by its own terms only applies to certain background checks. See for example 15 USC § 1681(a)(2).

7.      On information and belief, Defendant admits that California has different provisions relating to the regulation of credit reports, but denies all other allegations set forth in Paragraph 7.

8.      Defendant admits that it issued reports relating to credit, unlawful detainer and criminal history, but denies all other allegations set forth in Paragraph 8.

9.      On information and belief, Defendant denies each and every material allegation set forth in Paragraph 9. Further, ICRAA has already been ruled to be unconstitutional, and therefore has no application to this case.

10.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 10 and on that basis must deny.

11.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 11 and on that basis must deny.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.:  2:12-cv-05808-SVW-AGR
File No.:  5.371.001                                    2

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

12.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 12.

13.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 13 and on that basis must deny.

14.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 14 and on that basis must deny. Not all disputes require a response, including disputes received from third-parties instead of directly from the consumer.

15.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 15.

16.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 16.

17.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 17.

18.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 18 and on that basis must deny.

19.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 19 and on that basis must deny.

20.     Admit.

21.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 21 and on that basis must deny.

22.     Admit.

23.     On information and belief, Defendant admits that the contents of 15 U.S.C. § 1681a(d) as reproduced in Paragraph 3 to be a true and correct recital of that code section.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California, 90024
Tel. 310.446.9900 • Fax 310.446.9909

24.     Deny.

25.     On information and belief, Defendant admits that the contents of *California Civil Code* § 1786.2(d) as reproduced in Paragraph 25 to be a true and correct recital of that code section.

26.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 26.

27.     Admit.

28.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 28 and on that basis must deny.

29.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 29.

30.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 30.

31.     On information and belief, Defendant denies that venue is proper under the California Code as set forth in Paragraph 31. On further information and belief, Defendant alleges that venue in this Federal District Court for the Central District of California is proper under 28 U.S.C. § 1441(a). Defendant admits that its principal place of business is in Los Angeles County, California.

32.     Defendant hereby reaffirms, realleges, and incorporates herein by this reference the admissions and denials as set forth in paragraphs 1-31 of this Answer.

33.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 33 and on that basis must deny.

34.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 34 and on that basis must deny.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

35.     Defendant admits issuing the report, however no Exhibit "1" was attached to the First Amended Complaint, and thus cannot admit or deny same.

36.     Defendant admits that the report contains information on Case No. 188935 relating to a May 16, 2000 arrest for "under the influence of a controlled substance" but Defendant lacks sufficient knowledge to admit or deny the remaining allegations and thereon must deny the remaining allegations as set forth in Paragraph 36.

37.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 37.

38.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 38.

39.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 39.

40.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 40 and on that basis must deny.

41.     On information and belief, Defendant admits that the contents of 15 U.S.C. § 1681e(b) and *Cal. Civ. Code* § 1786.20(b) as reproduced in Paragraph 41 to be true and correct recitals of those code sections.

42.     On information and belief, Defendant admits that the contents of *Cal. Civ. Code* § 1786.18(c) reproduced in Paragraph 41 to be a true and correct recital of that code section. On information and belief, Defendant denies all other allegations contained within Paragraph 42.

43.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 43 and on that basis must deny.

44.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 44.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.: 2:12-cv-05808-SVW-AGR
File No.: 5.371.001                                                    5

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

45.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 45 and on that basis must deny.

46.     Admit.

47.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 47.

48.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 48.

49.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 49 and on that basis must deny. Defendant has no record of receiving any written dispute from anyone regarding Plaintiff.

50.     On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 50 and on that basis must deny.

51.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 51.

52.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 52.

53.     Defendant admits that Plaintiff is seeking those statutory and/or actual damages from Defendant under 15 U.S.C. §§ 1681n and o, but denies each and every other allegation set forth in Paragraph 53.

54.     Defendant hereby reaffirms, realleges, and incorporates herein by reference the admissions and denials as set forth in paragraphs 1-53 of this Answer.

55.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 55.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

56. On information and belief, Defendant lacks sufficient knowledge to either admit or deny each and every material allegation set forth in Paragraph 56 and on that basis must deny.

57. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 57.

58. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 58.

59. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 59.

60. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 60.

61. Defendant hereby reaffirms, realleges, and incorporates herein by reference the admissions and denials as set forth in paragraphs 1-60 of this Answer.

62. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 62.

63. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 63.

64. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 64.

65. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 65.

66. Defendant hereby reaffirms, realleges, and incorporates herein by reference the admissions and denials as set forth in paragraphs 1-65 of this Answer.

67. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 67.

68. On information and belief, Defendant denies each and every material allegation set forth in Paragraph 68.

69.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 69.

70.     On information and belief, Defendant denies each and every material allegation set forth in Paragraph 70.

As to the remaining causes of action, Defendant alleges that on September 28, 2012, this Court ruled that Plaintiff's 4th, 5th, 6th, 7th, 8th, 9th, 10th, and 11th causes of action of the First Amended Complaint ("FAC") failed to state claims upon which relief could be granted and therefore Defendant The Screening Pros, LLC answers the FAC only as to those causes of action remaining, namely the 1st, 2nd, and 3rd.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time.

### THIRD DEFENSE

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because Defendant satisfied all obligations that it had, if any, under applicable law.

### FOURTH DEFENSE

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.:  2:12-cv-05808-SVW-AGR
File No.:  5.371.001                          8

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Defendant is informed and believes, and thereon alleges that Plaintiff's recovery is limited in whole or in part by Plaintiff's failure to mitigate his alleged damages and also by the doctrine of avoidable consequences and all similar and equivalent doctrines.

### FIFTH DEFENSE

To the extent, if any, that Plaintiff seeks to recover for any alleged harm that is outside of the applicable statute of limitations, such claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any act or omission of Defendant.

### SEVENTH DEFENSE

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because the alleged losses or harms sustained by Plaintiff, if any, resulted from the acts or omissions of Plaintiff or from causes other than any act or omission by Defendant.

### EIGHTH DEFENSE

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any alleged act or omission by Defendant or its agents or employees, including but not limited to acts or omissions by third parties.

### NINTH DEFENSE

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because Defendant's conduct was privileged.

Case No.: 2:12-cv-05808-SVW-AGR
File No.: 5.371.001                     9

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

**TENTH DEFENSE**

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because any alleged communication by Defendant was truthful and/or accurate when made.

**ELEVENTH DEFENSE**

Defendant is informed and believes, and thereon alleges that assuming, *arguendo,* any of the unlawful conduct alleged by Plaintiff occurred, such unlawful conduct was not perpetrated by a managing agent of Defendant, nor did any managing agent of Defendant ratify the alleged unlawful conduct.

**TWELFTH DEFENSE**

Defendant is informed and believes, and thereon alleges that, to the extent Plaintiff seeks civil or statutory penalties, or punitive or statutory damages, such claims violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8, of the California Constitution, including the prohibition against excessive fines.

**THIRTEENTH DEFENSE**

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint was filed to retaliate against Defendant for exercising its constitutional right to report public records of Plaintiff's criminal records.

**FOURTEENTH DEFENSE**

Defendant is informed and believes, and thereon alleges that 15 USC § 1681c is an unconstitutional restraint on free speech to the extent it seeks to limit consumer reporting agencies from truthfully reporting public record information open to the perusal of everyone.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant reserve the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional defenses and/or should a change in the law support the inclusion of new and/or additional defenses.

///

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.:  2:12-cv-05808-SVW-AGR
File No.:  5.371.001                                    10
DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

Defendant The Screening Pros, LLC hereby demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays judgment as follows:

1. That plaintiff take nothing by his complaint;

2. That defendant be awarded its costs herein incurred; and

3. For such other and further relief as the court may deem proper.

Dated: October 4, 2012          **Jacobson, Russell, Saltz & Fingerman LLP**

_____/S/_____
Michael J. Saltz, Esq.,
Attorneys for Defendant The Screening Pros, LLC

**JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.:  2:12-cv-05808-SVW-AGR
File No.:  5.371.001                    11
DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

ER 30

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              CENTRAL DISTRICT OF CALIFORNIA

10

11   GABRIEL FELIX MORAN, an          )        2:12-cv-05808-SVW-AGR
     individual,                      )
                                      )
12                    Plaintiff,      )        ORDER GRANTING IN PART AND
                                      )        DENYING IN PART DEFENDANT'S
13            v.                      )        MOTION TO DISMISS [11]
                                      )
14   THE SCREENING PROS, LLC, a       )
     California Corporation; and DOES )
15   1-10 inclusive;                  )
                                      )
16                    Defendant.      )
                                      )
17

     **I.    INTRODUCTION**

18
19            Plaintiff Gabriel Felix Moran ("Plaintiff") filed this lawsuit in

20   California Superior Court against Defendant The Screening Pros, LLC

21   ("Defendant"), a credit reporting agency.  Plaintiff's First Amended

22   Complaint ("FAC") primarily alleges that Defendant issued a background

23   check report about Plaintiff that contained certain criminal history

24   information in violation of the the Fair Credit Reporting Act, 15

25   U.S.C. §§ 1681 et seq. ("FCRA"), and California's Investigative

26   Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786 et seq.

27   ("ICRAA").  Defendant removed to this Court on the basis of federal

28   question jurisdiction, and has filed a Motion to Dismiss the FAC.  For

     the reasons below, the Court GRANTS the Motion in part, and DENIES in

1 | part.

2 | **II.   FACTUAL ALLEGATIONS[1]**

3 |     Defendant is a background check company that provides tenant

4 | screening services to landlords in connection with the leasing of

5 | residential properties.  (FAC ¶ 5).  On or about February 5, 2010,

6 | Plaintiff applied for housing with an affordable housing development

7 | project named Maple Square.  At Maple Square's request, Defendant

8 | furnished a background check report ("Report") on Plaintiff containing

9 | information about his criminal history, eviction history, and credit

10 | history.  (FAC ¶¶ 34-35).  This litigation centers on the allegedly

11 | unlawful disclosure of certain events in Plaintiff's criminal history.

12 | (Compl., Ex. 1).[2]

13 |     The Report discloses two discrete episodes in Plaintiff's criminal

14 | history.  First, the Report shows that on May 16, 2000, Plaintiff was

15 | charged with a misdemeanor for being "under the influence of a

16 | controlled substance."  (FAC ¶ 36).  Plaintiff was never convicted and

17 | the charge was dismissed on March 2, 2004.  (Compl., Ex. 1 at 1).

18 | Second, the Report notes that on June 4, 2006, Plaintiff was charged

19 | with one count of second-degree burglary, one count of forgery, and one

20 | count of embezzlement from an older or dependent adult.  (FAC ¶ 46);

21 | ──────────────

22 | [1]  At this stage, the Court must accept all well-pled allegations as
23 | true.  <u>Daniel v. Cnty. of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir.
    | 2002).

24 | [2]  Plaintiff attached a copy of the Report as Exhibit 1 to the
25 | original complaint, but failed to re-attach the Report to the FAC.
    | However, because the FAC refers extensively to the Report, and the
26 | Report forms the basis of the case, the Report is incorporated by
    | reference.  <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir.
27 | 2003) (explaining that a document "may be incorporated by reference
    | into a complaint if the plaintiff refers extensively to the document
28 | or the document forms the basis of the plaintiff's claim").

2

ER 32

(Compl., Ex 1 at 1-2).  Three days later, the first two counts were dismissed, but Plaintiff was convicted of embezzlement and sentenced to 60 days in jail, 3 years of probation, and a fine.  (Compl., Ex. 1 at 1-2).

Due to the unfavorable information in Defendant's report, Maple Square's owner denied Plaintiff's rental application.  (FAC ¶ 48).  Plaintiff disputed the background report in writing, but Defendant failed to investigate and respond to Plaintiff's concerns.  (FAC ¶¶ 49-51).  On June 7, 2012, Plaintiff then filed this action in Los Angeles County Superior Court.  Defendant removed, and Plaintiff filed an amended complaint.

The FAC contains eleven causes of action.  The first three arise under the FCRA, and the next six are based on California's ICRAA.  As explained below, several of the federal and state causes of action proscribe the same alleged misconduct.  Plaintiff alleges that Defendant committed the following violations: (1) disclosed the first charge from 2000, which predated the Report by more than 7 years, FCRA § 1681c; ICRAA § 1786.18; (2) disclosed two charges that did not result in conviction arising from the second incident from 2006, ICRAA § 1786.18; (3) failed to have reasonable procedures to avoid the foregoing violations, FCRA § 1681e(a), ICRAA § 1786.20(a); (4) failed to assure maximum possible accuracy of the information it was disclosing, FCRA § 1681e(b); ICRAA § 1786.20(b); (4) failed to reinvestigate in light of Plaintiff's written dispute, FCRA § 1681i(a); ICRAA § 1786.24; (5) failed to obtain proper certification from Maple Square before issuing Plaintiff's report, ICRAA § 1786.12(e); (6) failed to include in Plaintiff's report the source of its information

3

1    and mandatory notices, ICRAA §§ 1786.28, 1786.29.  Additionally,

2    Plaintiff alleges that Defendant has engaged in unfair and unlawful

3    business practices in violation of California Business & Practice Code

4    §§ 17200 et seq.  Plaintiff seeks damages, declaratory relief, costs,

5    and attorneys' fees.

6    **III. LEGAL STANDARD**

7        To survive a motion to dismiss, a complaint "must contain

8    sufficient factual matter, accepted as true, to 'state a claim to

9    relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

10   662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

11   570 (2007)). "A claim has facial plausibility when the plaintiff pleads

12   factual content that allows the court to draw the reasonable inference

13   that the defendant is liable for the misconduct alleged." Id. By

14   contrast, a complaint that offers mere "labels and conclusions" or "a

15   formulaic recitation of the elements of a cause of action will not do."

16   Id.  In reviewing a Rule 12(b)(6) motion, the court must accept all

17   allegations of material fact as true and construe the allegations in

18   the light most favorable to the nonmoving party.  Daniel v. Cnty. of

19   Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).

20   **IV.  DISCUSSION**

21       Defendant seeks to dismiss every cause of action except for the

22   Third Cause of Action.  The Court first addresses the federal claims

23   under the FCRA.

24       **A.   First Cause of Action Under FCRA § 1681c**

25       Plaintiff alleges that Defendant violated FCRA § 1681c(a) by

26   including outdated criminal history information in the Report.  To

27   decide whether Plaintiff states a claim, the Court begins with the

28

4

statute.

### 1.   Background of the FCRA

Congress enacted the FCRA in 1970 with the express purpose of ensuring that consumer reporting agencies perform their function "in a manner which is fair and equitable to the consumer."  15 U.S.C. § 1681(b).  To this end, "[t]he FCRA limits the length of time that a [consumer reporting agency] is permitted to report an adverse item of information."  F.T.C. v. Gill, 265 F.3d 944, 948 (9th Cir. 2001).  Older items that predate this seven-year retrospective window are referred to as 'obsolete.'"  Gill, 265 F.3d at 948.  Prior to 1998, section 1681c(a) read as follows:

> [N]o consumer reporting agency may make any consumer report
> containing any of the following items of information:
> ...
> (2) Suits and judgments which, from date of entry, antedate
> the report by more than seven years or until the governing
> statute of limitations has expired, whichever is the longer
> period.
> ...
> (5) Records of arrest, indictment, or conviction of crime
> which, from date of disposition, release, or parole, antedate
> the report by more than seven years.
> (6) Any other adverse item of information which antedates the
> report by more than seven years.

15 U.S.C. § 1681c(a) (West 1997).

In 1990, the Federal Trade Commission ("FTC"), the agency charged with administering the FCRA, issued commentary on how to construe provisions throughout the statute.  In the agency's comment to section 1681c(a)(5), the agency explained that "[t]he seven year reporting period runs from the date of disposition, release or parole, as applicable.  For example, if charges are dismissed at or before trial, or the consumer is acquitted, the date of such dismissal or acquittal is the date of disposition."  16 C.F.R. Pt. 600, App. 605(a)(5) (2010).

In 1998, Congress amended the FCRA through the Consumer Reporting Employment Clarification Act, Pub. L. No. 105-347, §5, 112 Stat. 3208. Three pertinent revisions were enacted.  First, section 1861c(a)(2) was expanded to include records of arrest, specifying that the seven-year period commences on the "date of entry" of the records of arrest. Second, Congress struck section 1861c(a)(5) in its entirety, thereby excising the "date of disposition" language.  Third, former section 1861c(a)(6) was redesignated as section 1861c(a)(5), and was rolled back to exclude criminal convictions, such that they may now be reported beyond seven years.  Accordingly, section 1861c(a) now provides:

> [N]o consumer reporting agency may make any consumer report
> containing any of the following items of information:
>
> . . .
>
> (2) Civil suits, civil judgments, and <u>records of arrest</u> that,
> from date of entry, antedate the report by more than seven
> years or until the governing statute of limitations has
> expired, whichever is the longer period.

6

ER 36

. . .

(5) Any other adverse item of information, other than records

of convictions of crimes which antedates the report by more

than seven years.

15 U.S.C. § 1681c(a) (West 2010) (emphasis added).[3]

On July 26, 2011, the FTC rescinded the agency's 1990 commentary and issued a new staff report interpreting the modern FCRA.  Statement of General Policy or Interpretation, 76 Fed. Reg. 44462, 44463 (July 26, 2011); Federal Trade Commission, <u>40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations</u> (July 2011) ("2011 Report"), available at: http://www.ftc.gov/os/2011/07/110720fcrareport.pdf.  In particular, the new comment to section 1681c(a)(5) clarifies that "[t]he seven year reporting period for criminal record information 'other than convictions of crimes' runs from the <u>date of the reported event</u>."  2011 Report at 57 (emphasis added).

###    2.    **Analysis**

Plaintiff alleges that Defendant violated §§ 1681c(a)(2) and (5) because the Report discloses a criminal charge filed on May 16, 2000, which is more than seven years before the Report was issued on February 5, 2010.  Defendant argues, however, that the event was not obsolete

---

[3]   The contemporaneous House and Senate floor debates praised the removal of convictions from statutory protection because it would enable employers in areas of child or elderly care, education, and household services to discover convictions in employee background checks.  144 Cong. Rec. S11638-04 (daily ed. Oct. 6, 1998) (statement of Sen. Nickles); 144 Cong. Rec. H10218-02 (daily ed. Oct. 8, 1998) (statement of Rep. Leach).  No attention was paid, however, to the fact that the seven-year period for arrest records, which once began at the date of disposition, now begins on the date of entry.

7

1   because the seven-year period commenced on the date the charge was

2   dismissed, March 2, 2004, which was less than seven years before the

3   Report was furnished.  The Court therefore must decide, as a matter of

4   first impression, what operative date in the criminal course of events

5   marks the beginning of the seven-year disclosure period.

6       Defendant contends that the seven-year window commences with the

7   "date of disposition" of the criminal charge, citing FTC commentary

8   issued in 1990.  16 C.F.R. Pt. 600, App. 605(a)(5) (explaining that

9   "the date of such dismissal or acquittal is the date of disposition").

10  However, the Court need not defer to an informal agency interpretation

11  where it lacks "the power to persuade."  United States v. Mead Corp.,

12  533 U.S. 218, 227 (2001).  Rather, "[t]he weight accorded to an

13  administrative judgment 'will depend upon the thoroughness evident in

14  its consideration, the validity of its reasoning, its consistency with

15  earlier and later pronouncements,'" id. at 219 (quoting Skidmore v.

16  Swift & Co., 323 U.S. 134, 140 (1944), as well as the degree of logic,

17  expertness, care, and formality exercised in reaching the decision,

18  Sacora v. Thomas, 628 F.3d 1059, 1067 (9th Cir. 2010).

19      Here, the 1990 commentary construed the pre-1998 version of the

20  FCRA.  The statute, however, looked markedly different then.  Section

21  1681c(a)(2) did not mention records of arrest.  Instead, section

22  1681c(a)(5) provided that reporting agencies could not disclose

23  "[r]ecords of arrest, indictment, or conviction of crime which, from

24  date of disposition, release, or parole, antedate the report by more

25  than seven years."  15 U.S.C. § 1681c(a)(5) (West 1997) (emphasis

26  added).  This explains why the FTC's 1990 commentary focused on the

27  date of disposition.

28

8

1    Following the 1998 amendment, however, the 1990 commentary to
2    section 1861c(a) lost its force.  Nowhere is this more evident than in
3    the stark inconsistency between the commentary and the plain text of
4    the modern FCRA:  whereas the commentary opines that the seven-year
5    period for records of arrest begins at the date of disposition, the
6    amended statute expressly provides that the seven-year period for
7    records of arrest begins at the date of entry.  In short, because the
8    1990 commentary was based on the pre-1998 version of the FCRA, it
9    offers little insight into the current meaning of §§ 1681c(a)(2),(5).
10   Accordingly, the Court declines to rely on the 1990 commentary.

11       This conclusion is strengthened by the new FTC commentary, which
12   rescinded the old commentary and clarifies that under section
13   1681c(a)(5), "[t]he seven year reporting period for criminal record
14   information 'other than convictions of crimes' runs from the date of
15   the reported event."  2011 Report at 57.  Although this comment is
16   neither binding nor retroactive, it nonetheless sheds light on the
17   FTC's view of the proper reading of the post-1998 statute.  Moreover,
18   unlike the 1990 commentary, the agency's current reading of section
19   1681c(a)(5) is consistent with the plain text requirement in section
20   1681(c)(a)(2) that the seven-year period for arrest records begin on
21   the "date of entry."  In other words, the agency's recent commentary
22   harmonizes the sections to the principle that the seven-year period
23   should commence at the start, not the end of the criminal process.

24       For the foregoing reasons, the Court concludes that section
25   1681c(a)(2) of the FCRA prohibits consumer reporting agencies from
26   disclosing records of arrest for more than seven years after the date
27   of entry, and section 1681c(a)(5) prohibits reporting agencies from
28

9

1  disclosing other criminal record information, except convictions, for
2  more than seven years after the date of the reported criminal event.

3      Having clarified the applicable law, the Court now turns to the
4  factual allegations of this case.  The Report does not mention
5  Plaintiff's arrest per se.  Rather, the Report allegedly discloses that
6  on May 16, 2000, Plaintiff was charged with one count of being under
7  the influence of a controlled substance.  This constitutes an "adverse
8  item of information" under section 1681c(a)(5), and thus the seven-year
9  window began on May 16, 2000.  Because Defendant delivered the Report
10 on February 5, 2010, the seven-year reporting period for this criminal
11 event had long expired.  Therefore, Plaintiff has stated a claim that
12 Defendant violated section 1681c(a)(5).  Accordingly, the Court DENIES
13 the motion to dismiss the First Cause of Action.

14     **B.   Second Cause of Action Under FCRA § 1681e**

15     Plaintiff next alleges that Defendant violated section 1681e in
16 two ways:  (1) Defendant failed to maintain reasonable procedures to
17 avoid violations of section 1681c, in violation of section 1681e(a);
18 and (2) Defendant failed to follow reasonable procedures to assure
19 maximum possible accuracy of the information concerning the individual
20 about whom the Report relates, in violation of section 1681e(b).  (FAC
21 ¶¶ 63-64).

22     With respect to the first assertion, the preceding discussion
23 establishes that Plaintiff has stated a claim that Defendant violated §
24 1681c.  The fact that such a violation occurred, taken as true, also
25 supports a plausible inference that Defendant failed to maintain
26 procedures to avoid violations of § 1681c.  Accordingly, the Court
27 DENIES the motion to dismiss the section 1681e(a) claim.

28

1    The FAC does not, however, adequately plead a violation of section
2    1681e(b).  "[T]o make out a prima facie violation under § 1681e(b), a
3    consumer must present evidence tending to show that a credit reporting
4    agency prepared a report containing inaccurate information." Guimond
5    v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995).
6    Although Plaintiff admits that the Report was not factually inaccurate,
7    he argues that it was inaccurate within the meaning of FCRA "because it
8    is misleading in such a way and to such an extent that it can be
9    expected to adversely affect credit decisions." Gorman v. Wolpoff &
10   Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009).  In particular,
11   Plaintiff contends that because the Report separately itemizes the
12   three criminal counts arising from a single incident on June 4, 2006,
13   it could mislead a reader to believe that Plaintiff committed more
14   criminal acts than was actually the case.

15   This argument is unavailing.  The Report clearly annotates that
16   the three counts were part of the same case number and occurred on the
17   same day.  In addition, the Report labels the three counts in seriatim
18   (count 1, count 2, count 3), which implies that they arise from the
19   same event.  Accordingly, the FAC fails to allege that the Report was
20   factually inaccurate.  The Court therefore GRANTS the motion to dismiss
21   as to the section 1681e(b) claim.

22       **C.   Fourth through Ninth Causes of Action Under ICRAA**

23   Defendant argues that the ICRAA claims must be dismissed because
24   the statute is unconstitutionally vague as it applies to tenant
25   screening reports containing criminal history information.
26   Specifically, Defendant posits that persons of reasonable intelligence
27   cannot discern whether criminal information is "character" information

28

11

1  governed by the ICRAA, or "creditworthiness" information governed by

2  the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§

3  1785 et seq.[4]  The Court agrees.

4  The Court's duty "is to ascertain and apply the existing

5  California law."  Munson v. Del Taco, Inc., 522 F.3d 997, 1002 (9th

6  Cir. 2008) (internal quotation marks omitted).  The Court is bound by

7  pronouncements of the California Supreme Court on applicable state law,

8  but in the absence of such pronouncements, we follow decisions of the

9  California appellate courts unless there is convincing evidence that

10 the California Supreme Court would decide otherwise.  Id.

11 In California, "[a] statute which either forbids or requires the

12 doing of an act in terms so vague that men of common intelligence must

13 necessarily guess at its meaning and differ as to its application,

14 violates the first essential of due process of law."  Ortiz v. Lyon

15 Mgmt. Group, Inc., 69 Cal. Rptr. 3d 66, 70 (Ct. App. 2007).

16 To determine whether a statute is unconstitutionally vague,

17 it must be applied in a specific context.  Thus, in judging

18 the constitutionality of a statute we must determine not

19 whether it is vague in the abstract but, rather, whether it

20 is vague as applied to this appellant's conduct in light of

21 the specific facts of this particular case.  Also, the

22 challenged statute need only be reasonably certain or

23 specific.  It cannot be held void for uncertainty if any

24 reasonable and practical construction can be given to its

25

26 _____

27 [4]  The difference is important in part because a plaintiff bringing
suit under the ICRAA may seek statutory damages of $10,000 in lieu of
proving actual damages, whereas a plaintiff under CCRAA cannot.

28 Compare Cal. Civ. Code § 1786.50(a)(1) with Cal. Civ. Code § 1785.31.

1    language.  Finally, all presumptions and intendments favor

2    the validity of a statute.

3  Id. (internal citations and quotation marks omitted).

4       To see why the ICRAA is vague, it is necessary first to understand

5  the underlying statutory framework.  When California enacted its own

6  version of the FCRA in 1975, it drew a line between consumer credit

7  reports and investigative consumer reports.  Cisneros v. U.S. Registry,

8  Inc., 46 Cal. Rptr. 2d 233, 241 (Ct. App. 1995).  On one side, the

9  CCRAA governs "consumer credit reports," which means "any written, oral

10 or other communication of any information by a consumer credit

11 reporting agency bearing on a consumer's credit worthiness, credit

12 standing, or credit capacity," when that information is collected or

13 used to establish the consumer's eligibility for personal credit,

14 employment, rental housing, or other specified purposes."  Cal. Civ.

15 Code § 1785.3(c).  On the other side, the ICRAA governs "investigative

16 consumer reports," which are reports "in which information on a

17 consumer's character, general reputation, personal characteristics, or

18 mode of living is obtained through any means."  Cal. Civ. Code §

19 1786.2(c).  In general, the ICRAA imposes stricter duties and more

20 severe penalties than the CCRAA, and consumers have different rights

21 under each statute.  Ortiz, 69 Cal. Rptr. 3d at 71.

22      As California courts have recognized, this statutory framework

23 reveals two threads of legislative intent.  First, the statutory scheme

24 "indicates a legislative intent to distinguish between creditworthiness

25 information and character information."  Id.

26      Nothing in the statutes suggests any one item of information

27      may constitute both creditworthiness and character

28

13

ER 43

1      information such that it alone subjects a tenant screening

2      report to both statutes.  Rather, any one item of information

3      may be classified as either creditworthiness or character

4      information, but not both.  Construing the two statutes to

5      govern discrete items of information harmonizes the statutes,

6      rather than collapsing them into one.

7  Id.

8      Second, the statutes themselves reflect the Legislature's

9  awareness of "the inherent overlap between creditworthiness information

10  and character information."  Ortiz, 69 Cal. Rptr. 3d at 72.  As the

11  Ortiz court observed, the CCRAA expressly excludes any report

12  containing "information solely on a consumer's character . . . which is

13  obtained through personal interviews," Cal. Civ. Code § 1785.3(3),

14  while the ICRAA expressly excludes any report "that is limited to

15  specific factual information relating to the consumer's credit record

16  or manner of obtaining credit obtained directly from a creditor of the

17  consumer," Cal. Civ. Code § 1786.2(c).  These exclusions imply that the

18  CCRAA's scope over creditworthiness information could otherwise include

19  character information, and the ICRAA's scope over character information

20  would otherwise embrace creditworthiness information.  Ortiz, 69 Cal.

21  Rptr. 3d at 72.  In sum, "the [California] Legislature recognized the

22  inherent overlap between creditworthiness information and character

23  information.  Yet it simultaneously demanded that the two types of

24  information be distinguished when classifying tenant screening reports

25  as subject either to the CCRAA or the ICRAA."  Id.

26      This incongruity became problematic in Ortiz, where the plaintiff

27  sued a credit reporting agency under the ICRAA for producing a report

28

1  containing unlawful detainer information.  The court observed that the

2  unlawful detainer information related to both the plaintiff's

3  creditworthiness and character.  On one hand, unlawful detainer could

4  reflect an inability to timely pay obligations, which is probative of

5  creditworthiness.  Id. at 74.  On the other hand, unlawful detainer

6  could also stem from "holding over after the lease expires, a breach of

7  a lease covenant, the commission of waste, or the maintenance of a

8  nuisance," which speak to the consumer's "obstinacy, carelessness,

9  untrustworthiness, or selfishness."  Id.  Consequently, the court could

10  find "no rational basis" to decide which statute should govern the

11  reporting of such information.  As such, the information impermissibly

12  subjected the report to both the ICRAA and the CCRAA.  The court

13  therefore concluded that the ICRAA "fails to provide adequate notice to

14  persons who compile or request tenant screening reports that may

15  contain unlawful detainer information."  Id.

16      The reasoning in Ortiz applies with equal force to the present

17  facts.  As a preliminary matter, the parties agree that criminal

18  information clearly pertains to a person's character and therefore

19  subjects the Report to the ICRAA.  Plaintiff disputes, however, that

20  criminal information has any bearing on a consumer's creditworthiness.

21  This argument is meritless.  First, the text of the CCRAA implies that

22  criminal information may be relevant to creditworthiness.  Section

23  1785.13(a)(6) of the California Civil Code prohibits credit reporting

24  agencies from reporting "[r]ecords of arrest, indictment, information,

25  misdemeanor complaint, or conviction of a crime that, from the date of

26  disposition, release, or parole, antedate the report by more than seven

27  years."  This limitation implies that criminal information that occurs

28

15

ER 45

1 within seven years of the report may be included in a consumer credit
2 report, revealing the lawmakers' contemplation that such information
3 could be relevant to creditworthiness.

4     Further, common sense dictates that a consumer's criminal record
5 can provide insight into their creditworthiness and credit capacity.
6 For example, records of incarceration may reasonably be expected to
7 negatively impact one's ability to obtain long-term employment, which
8 in turn affects one's capacity to pay debts or bills.  Similarly,
9 records of repeat offenses could suggest that a consumer is likely to
10 return to jail and thus would be an unreliable debtor or tenant.
11 Records of stolen property crimes, such as the embezzlement conviction
12 in this case, reasonably undermine a creditor or landlord's confidence
13 that the consumer has a stable source of income, and that even if he
14 did, he would be inclined to pay his debts or rent.  Accordingly, the
15 Court concludes that the criminal information in the instant Report
16 clearly subjects it to the CCRAA as well as the ICRAA.  As in Ortiz,
17 the Court perceives no rational basis to decide that the Report should
18 be governed by one statute versus the other.  Thus, as applied here,
19 the ICRAA is unconstitutionally vague because it failed to provide
20 adequate notice to Defendant as to whether the statute covered its
21 Report containing criminal information.  Therefore, the Fourth through
22 Ninth Causes of Action fail to state a claim upon which relief may be
23 granted.

24     **D.   Tenth and Eleventh Causes of Action Under the UCL**

25     The UCL prohibits unfair competition by means of any "unlawful,
26 unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code
27 § 17200.  "Each prong of the UCL is a separate and distinct theory of
28

16

1  liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir.

2  2009). "While the scope of conduct covered by the UCL is broad, the

3  remedies are limited." Theme Promotions, Inc. v. News Am. Marketing

4  FSI, 546 F.3d 991, 1008 (9th Cir. 2008). "Prevailing plaintiffs are

5  generally limited to injunctive relief and restitution," and "may not

6  receive damages . . . or attorney fees." Cel–Tech Commc'ns, Inc. v.

7  Los Angeles Cellular Tel. Co., 973 P.2d 527, 539 (1999).

8       As an initial matter, Plaintiff's claims for injunctive relief are

9  preempted by the FTC. (FAC ¶¶ 103, 109). "Preemption may be implied

10 when state law actually conflicts with federal law." Bank of Am. v.

11 City and Cnty. of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002). A

12 conflict arises "when state law stands as an obstacle to the

13 accomplishment and execution of the full purposes and objectives of

14 Congress." Id. Here, Congress has made clear its intent to vest in

15 the FTC the exclusive power to seek injunctive relief against FCRA

16 violations. The Fifth Circuit reasoned that

17      the affirmative grant of power to the FTC to pursue

18      injunctive relief, coupled with the absence of a similar

19      grant to private litigants when they are expressly granted

20      the right to obtain damages and other relief, persuasively

21      demonstrates that Congress vested the power to obtain

22      injunctive relief solely with the FTC.

23 Washington v. CSC Credit Servs., 199 F.3d 263, 268 (5th Cir. 2000). At

24 least one court in this Circuit has applied this ruling and held that

25 the FCRA preempts a UCL claim for injunctive relief predicated on FCRA

26 § 1681e. Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, No.

27 11-5548, 2012 WL 3155559, at *2-3 (N.D. Cal. Aug. 2, 2012). The Court

28

17

1  finds these authorities persuasive.  Allowing private litigants to

2  enforce provisions of the FCRA by injunction through a state law

3  vehicle would constitute an end-run around Congress's clear intent that

4  the power to enforce the FCRA must rest with the FTC alone.

5  Accordingly, the UCL claims for injunctive relief are preempted.

6      Plaintiff also seeks restitution under the UCL on the ground that

7  Defendant was unjustly enriched as a result of its misconduct.

8  However, the California Supreme Court has explained that disgorgement

9  of profits obtained by means of an unfair business practice is not "an

10 authorized remedy under the UCL where these profits are neither money

11 taken from a plaintiff nor funds in which the plaintiff has an

12 ownership interest."  Korea Supply Co. v. Lockheed Martin Corp., 63

13 P.3d 937, 941 (Cal. 2003).  Here, the FAC alleges only that Plaintiff

14 spent money in an effort to "clean up" Defendant's misbegotten Report;

15 it does not allege that Plaintiff gave Defendant any money or property.

16 Thus, "[a]ny award that plaintiff would recover from defendant[] would

17 not be restitutionary as it would not replace any money or property

18 that defendant[] took directly from plaintiff."  Id.  Accordingly, a

19 claim for restitution under the UCL cannot lie.

20     Because injunctive and restitutionary relief are foreclosed to

21 Plaintiff, the Court GRANTS the Motion to Dismiss the UCL claims.

22 **V.   CONCLUSION**

23     For the reasons above, the Court DISMISSES WITHOUT PREJUDICE the

24 Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes

25 of Action.  The Court also DISMISSES WITHOUT PREJUDICE the portion of

26 the Second Cause of Action alleging the failure to follow reasonable

27 procedures to assure maximum accuracy in violation of FCRA § 1681e(b).

28

1   The Court DENIES the Motion to Dismiss as to the First Cause of Action

2   and the portion of the Second Cause of Action alleging a violation of

3   FCRA § 1681e(a).

4

5          IT IS SO ORDERED.

6

7

8   DATED:  September 28, 2012                    _____

9                                                     STEPHEN V. WILSON

10                                                UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim, Esq. (SBN #257260)
P.O. Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
GABRIEL FELIX MORAN

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 0 7 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
   Shaunya Wesley

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| GABRIEL FELIX MORAN, | CASE NO. BC478220 |
| Plaintiff, | HON. STEVEN J. KLEIFIELD |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| THE SCREENING PROS, LLC, a California corporation; and DOES 1-10 inclusive, | |
| Defendants. | |

1. 15 U.S.C. §1681c
2. 15 U.S.C. §1681e
3. 15 U.S.C. §1681i(a)
4. Cal. Civ. Code §1786.18
5. Cal. Civ. Code §1786.20
6. Cal. Civ. Code §1786.24
7. Cal. Civ. Code §1786.12(e)
8. Cal. Civ. Code §1786.28(a)
9. Cal. Civ. Code §1786.29(a) and (b)
10. Unlawful Business Practices Pursuant to Bus. & Prof. Code §17200 *et seq.*
11. Unfair Business Practice Pursuant to Bus. & Prof. Code §17200 *et seq.*

**JURY TRIAL DEMANDED**

FIRST AMENDED COMPLAINT FOR DAMAGES – 1

Plaintiff GABRIEL FELIX MORAN (hereafter as "Plaintiff") complains against Defendants THE SCREENING PROS, LLC. (hereafter as Defendant "TSP"); and DOES 1-10 inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. People with conviction history face substantial barriers to reentry, including denial of housing, which impedes their rehabilitative efforts.[1] "A reciprocal relationship exists between incarceration and homelessness."[2] And "the ability to access safe and secure housing within the community is crucial to their successful reentry."[3] However, some studies show that a prior incarceration rate among the homeless population is almost 50%.[4]

2. This wide discrimination against people with conviction history, antithetical to the important public interest in their successful reentry, is due in part to routine background checks run by private housing providers and a giant commercial industry that has emerged to fulfill this demand for housing background checks.

3. As Congress stated under 15 U.S.C. §1681(a):

***

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

---

[1] A letter from the Secretary of the U.S. Dep't of Housing and Urban Development, *available at* http://www.nationalreentryresourcecenter.org/documents/0000/1344/3.30.12_MFamily_properties_Reentry_memo_6__2_.pdf (last visited on June 6, 2012).

[2] *Reentry in Brief*, Federal Interagency Reentry Council (May 2011), *at* p.11, *available at* http://www.nationalreentryresourcecenter.org/documents/0000/1059/Reentry_Brief.pdf (last visited on June 6, 2012),

[3] *Reentry Housing Options: The Policy Makers' Guide*, Council of State Governments Justice Center (2010), *at* p.vii, *available at* http://reentrypolicy.org/jc_publications/reentry-housing-options/Reentry_Housing_Options.pdf (last visited on June 6, 2012).

[4] *See Metraux & Culhane, Homeless Shelter Use and Reincarceration Following Prison Release: Assessing the Risk*, 3 Criminology & Public Policy 139 (2004).

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

8. Here, Defendant TSP issued reports relating to credit, unlawful detainer, and criminal history. The central issues in this litigation are the various statutory violations relating to the criminal history report on Plaintiff, issued by Defendant TSP.

9. Criminal history reports are regulated under the ICRAA because they are reports that bear on a consumer's character, general reputation, personal characteristics, or mode of living that are not limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer within the meaning of Cal. Civ. C. §1786.2(c). .

10. Both the FCRA and the ICRAA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is relevant, accurate, complete, and up to date.

11. Obsolete or irrelevant criminal records information is prohibited from disclosure. This is to alleviate the stigmatization and the negative collateral consequences of old and dated criminal convictions and to promote successful reentry and rehabilitation of people with criminal records.

12. Under the FCRA, a background check company is prohibited from reporting arrests that did not result in conviction that antedate the report by more than 7 years. (15 U.S.C. §1681c(a)). ICRAA extends this prohibition to all arrests that did not result in conviction regardless of the age of the conviction. (Cal. Civ. C. §1786.18(a)). Moreover, under both statutes and with limited exceptions, any other adverse information that antedate the report by more than 7 years cannot be reported. (*See* 15 U.S.C. §1681c(a); Cal. Civ. C. §1786.18(a)).

13. In addition to the prohibition in reporting obsolete criminal history information, strict disclosure requirements are mandated under both statutes. The idea is to inform the consumer that he or she is entitled to a copy of the report, to allow the consumer an opportunity verify the accuracy of the information reported, and to dispute any information that is inaccurate, incomplete, and/or not up to date. (Cal Civ. C. §§1786.28(a); 1786.29).

14. Upon a written dispute, the background check company is required to reinvestigate and record the current status of the disputed information or delete the item from the file within 30-days following the receipt of the dispute. (Cal. Civ. C. §1786.24(a); 15 U.S.C. §1681i).

15. Defendant TSP failed to abide by the restrictions and requirements set forth therein and routinely provide screening reports and engage in practices that violate various provisions of these governing statutes, including reporting dismissed charges that never resulted in conviction,

1  failing to provide required notices, and failing to reinvestigate submitted disputes relating to the
2  accuracy and completeness of the information reported.

3      16. Defendant TSP's violations, on information and belief, occur because Defendant TSP has
4  failed to properly apprise itself of statutory mandates before issuing background check reports,
5  failed to implement reasonable procedures to avoid the release of prohibited information, failed
6  to implement reasonable procedures to assure maximum possible accuracy of the information
7  contained in its reports; and failed to institute proper procedures to investigate disputed
8  information.

9      17. As a result of Defendant TSP's wrongful acts and omissions, Plaintiff has been injured,
10 including, without limitation, by virtue of having lost housing opportunities and by having been
11 forced to spend time, money, and energy to clean up after Defendant's errors.

12     18. Plaintiff seeks actual and/or compensatory damages, punitive damages, and equitable
13 relief, including costs and expenses of litigation, including attorney's fees, and appropriate
14 injunctive relief requiring Defendant to comply with its legal obligations, as well as additional
15 and further relief as may be appropriate. Plaintiffs reserve the right to amend this Complaint to
16 add additional relief as permitted under applicable law.

17
18                                       **THE PARTIES**
19
20     19. Plaintiff is, and at all times relevant herein was, a resident of Alameda County,
21 California.

22     20. Defendant TSP, is and at all times herein mentioned was, a California corporation with a
23 principal place of business in Los Angeles County, California.

24     21. Defendant TSP is an entity regulated under both the FCRA and the ICRAA.

25     22. For purposes of the FCRA, Defendant TSP is a "consumer reporting agency" as defined
26 under 15 U.S.C. §1681a(f) because it is a "person which, for monetary fees, dues…regularly
27 engages in whole or in part in the practice of assembling or evaluating consumer credit
28 information or other information on consumers for the purpose of furnishing consumer reports to
29 third parties, and which uses any means or facility of interstate commerce for the purpose of
30 preparing or furnishing consumer reports."

31     23. A "consumer report" is "any written, oral, or other communication of any information by
32 a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit

1  capacity, character, general reputation, personal characteristics, or mode of living which is used

2  or expected to be used or collected in whole or in part for the purpose of serving as a factor in

3  establishing the consumer's eligibility for…credit or…household purposes…or any other

4  purpose authorized under section 1681b of this title." (15 U.S.C. §1681a(d)).

5      24. For purposes of the ICRAA, Defendant TSP is an "investigative consumer reporting

6  agency" as defined under Cal. Civ. C. §1786.2(d) because it is a "person who, for monetary fees

7  or dues, engages in whole or in part in the practice of collecting, assembling, evaluating,

8  compiling, reporting, transmitting, transferring, or communicating information concerning

9  consumers for the purposes of furnishing investigative consumer reports to third parties…"

10     25. An investigative consumer report is "a consumer report in which information on a

11  consumer's character, general reputation, personal characteristics, or mode of living is obtained

12  through any means [except] a consumer report or other compilation of information that is limited

13  to specific factual information relating to a consumer's credit record or manner of obtaining

14  credit obtained directly from a creditor of the consumer or from a consumer reporting agency

15  when that information was obtained directly from a potential or existing creditor of the consumer

16  or from the consumer…" (Cal. Civ. C. §1786.2(d)).

17     26. Defendant TSP's reports, including the background check report at issue in the present

18  case, contain background information on consumer regarding their general reputation, character,

19  mode of living or other personal characteristics. Among other things, Defendant TSP's reports

20  typically include information regarding criminal histories.

21     27. Defendant TSP sells background check reports to, among others, prospective landlords.

22     28. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore

23  sues those Defendants by such capacities when such information is ascertained.

24     29. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is

25  responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

26  herein alleged were proximately caused by such occurrences.

27     30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,

28  Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the

29  things alleged in this complaint, were acting in the scope of such agency and with the permission

30  and consent of Defendants.

31

32                              **VENUE**

FIRST AMENDED COMPLAINT FOR DAMAGES - 6

31. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. Defendant's principal place of business is in Los Angeles County, California.

## GENERAL ALLEGATIONS

32. Plaintiff hereby incorporates by reference the allegation of paragraphs 1-30, inclusive.

33. On or about February 5, 2010, Plaintiff applied for housing with the subject affordable housing development project named MAPLE SQUARE owned and operated by AFFIRMED HOUSING GROUP (hereafter collectively as "MAPLE SQUARE").

34. Plaintiff is informed and believes that MAPLE SQUARE, as part of the application assessment process, requested that Defendant TSP furnish a consumer report within the meaning of 15 U.S.C. §1681a(d) and/or an investigative consumer report as defined in Civ. Code §1786.2(c) on Plaintiff (collectively as "background check report").

35. On or about February 5, 2010,  Defendant TSP furnished a background check report on Plaintiff to MAPLE SQUARE (hereafter as "the subject report"). The subject report is attached as Exhibit "1" to this Complaint.

36. Defendant's report contains information on Case No. 188935 relating to a May 16, 2000 arrest for "under the influence of a controlled substance." Plaintiff was never convicted of this crime.

37. Both the FCRA and the ICRAA prohibit the reporting of this case because it is outdated, obsolete, and irrelevant.

38. Under the FCRA, 15 U.S.C. §1681c(a)(2), and (5), any adverse item of information including records of arrest that are older than seven years cannot be reported. Under the ICRAA, Cal. Civ. C. §1786.18(a)(7) and (8) any records of arrest that did not result cannot be reported regardless of its age.

39. Defendant clearly disclosed the arrest date as May 16, 2000 which is more than 7 years from the date of the report violating the FCRA. Moreover, because the arrest also did not result in conviction, the disclosure of which also violates the ICRAA.

40. Moreover, due to tis age, Alameda County Superior Court – Fremont Hall of Justice had long purged and destroyed the court records relating to this case. Plaintiff is informed and

1   believes that the records were purged and/or destroyed prior to the date of the issuance of the

2   subject report.

3       41. Under both the FCRA (15 U.S.C. §1681e(b)) and the ICRAA (Cal. Civ. C. §1786.20(b)),

4   a background check company "shall follow *reasonable procedures to assure maximum possible*

5   *accuracy of the information* concerning the individual about whom the report relates." (The

6   statutory language is identical under both the FCRA, and the ICRAA).

7       42. Further under the ICRAA, Cal. Civ. C. §1786.18(c), a background check company such

8   as Defendant TSP must verify the accuracy of the information during the 30-day period ending

9   on the date on which the report is furnished. Under Cal. Civ. C. §1786.24(e), if the accuracy of

10  the information cannot be verified, the background company must "*promptly delete that*

11  *information...*"

12      43. The FCRA also has a similar requirement under 15 U.S.C. §1681i(a)(3)(A) where

13  unverifiable information cannot be reported and must be promptly deleted when disputed.

14      44. In clear violation of the above-described statutes, Defendant TSP did not and does not

15  use reasonable procedures to assure the maximum possible accuracy of the information reported.

16  Defendant TSP reported and routinely reports criminal history information without verification

17  of the accuracy of the reported information *prior* to its disclosure. In fact, Defendant TSP did not

18  obtain and currently does not possess any court records from the Alameda County Superior

19  Court.

20      45. Alameda County Superior Court – Fremont Hall of Justice is the original source of the

21  proceedings related to the subject case. Since the court has purged and/or destroyed the

22  underlying records related to this case, the parties, this Court, as well as the recipient of the

23  subject background check report cannot verify the accuracy of the information reported and the

24  reporting of the same violates Plaintiff's rights under the FCRA and the ICRAA.

25      46. Defendant's report also contains information on Case No. 217842 where it discloses the

26  following charges that did not result in a conviction: "CT1: Burglary 2nd Degree" and "CT2:

27  Forgery."

28      47. Defendant flooded the report with dismissed criminal charges when in fact, the only

29  reportable conviction was count 3 of Case No. 217842 for petty theft of a dependent adult.

30      48. Due to the prohibited information disclosed in the subject report, MAPLE SQUARE

31  denied Plaintiff's rental application, and Plaintiff is entitled to damages pursuant to Cal. Civ.

32  Code § 1786.50(a), (b).

FIRST AMENDED COMPLAINT FOR DAMAGES - 8

49. Subsequent to the denial of his rental application, Plaintiff sought assistance from the East Bay Community Law Center ("EBCLC"). On or about November 9, 2011, EBCLC submitted a written dispute to Defendant TSP disputing the inclusion of Case No. 188935 and the two dismissed counts in Case No. 217842 in the subject report.

50. Under both the FCRA (15 U.S.C. §1681i(a)(1)(A)), and the ICRAA (Cal. Civ. C. §1786.24(a)), a background check company is required to, among other obligations, conduct a full and complete investigation within 30-days of receipt of the dispute.

51. Defendant was well-aware of this requirement but wholly failed to abide by it. Defendant wholly failed to respond to the November 9, 2011 written dispute from EBCLC and failed to investigate the claim. To date, Plaintiff has failed to receive any response concerning the investigation relating to Plaintiff's dispute. Plaintiff is left without recourse except to initiate this civil action.

52. The availability of affordable housing such as those offered by MAPLE SQUARE is limited. Defendant TSP's report which contains unverifiable information; it is not maximally accurate; it is flooded with dismissed charges and it is therefore misleading negatively and substantially affected Plaintiff's ability to obtain affordable housing. Defendant TSP continues to jeopardize Plaintiff's future ability to obtain affordable housing by its failure and continue to failure to resolve Plaintiff's dispute and update its system and issue a new report to MAPLE SQUARE omitting the unverifiable, inaccurate, and misleading information as described above.

53. Plaintiff seeks statutory and/or actual damages from Defendant as provided under 15 U.S.C. §§1681n and o and Cal. Civ. C. §1786.50.

**FIRST CAUSE OF ACTION**

**(Violation of the Fair Credit Reporting Act, 15 U.S.C §1681c(a))**

54. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

55. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

56. Upon information and believe, Defendant furnished to a third party consumer reports pertaining to Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES – 9

1      57. Defendant's report about Plaintiff contains records of arrest and other adverse

2   information that antedate the date of the report by more than 7 years in violation of 15 U.S.C.

3   §§1681c(a)(2) and (5).

4      58. At the time the report was made, Defendant was aware of the FCRA's prohibition against

5   disclosure of the prohibited information and also aware that its report to MAPLE SQUARE

6   included such prohibited information.  Statutory references to the subject prohibition were made

7   on its own website informing its customers that certain criminal records may not be reportable.

8   Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's

9   investigative consumer report to MAPLE SQUARE.

10      59. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and

11   foreseeable result of Defendant's violations.

12      60. Defendant's violations were willful and/or grossly negligent because Defendant was

13   aware of its obligations under the FCRA but nonetheless consciously elected to disregard its

14   obligations.

15

16                          **SECOND CAUSE OF ACTION**

17            **(Violation of the Fair Credit Reporting Act, 15 U.S.C §1681e)**

18

19      61. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

20      62. Defendant is, and at all times herein mentioned was, a consumer reporting agency

21   engaged in the practice of assembling and evaluating information on consumers for the purpose

22   of furnishing investigative consumer reports to third parties for monetary fees.

23      63. Upon information and belief, Defendant also has not, and currently does not maintain

24   reasonable procedures designed to avoid violations of 15 U.S.C. §1681c of the FCRA and it is

25   accordingly in violation of 15 U.S.C. §1681e.

26      64.  Upon information and belief, Defendant also does not follow reasonable procedures to

27   assure maximum possible accuracy of the information concerning the individual about whom the

28   report relates.

29      65. Defendant's violations were willful and/or grossly negligent because Defendant was

30   aware of its obligations under the FCRA but nonetheless consciously elected to disregard its

31   obligations.

32

FIRST AMENDED COMPLAINT FOR DAMAGES - 10

## THIRD CAUSE OF ACTION

### (Violation of the Fair Credit Reporting Act 15 U.S.C §1681i)

66. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

67. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

68. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures to resolve consumer disputes as required under 15 U.S.C. §1681i.

69. Specifically, Defendant failed to conduct any reinvestigation as mandated under 15 U.S.C. §§1681i(a)(1)(A) and (B); failed to promptly notify any person who provided any item of information in dispute as mandated under 15 U.S.C. §§1681i(a)(2)(A) and (B); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under 15 U.S.C. §§1681(a)(3) and (6); failed to promptly delete or modify inaccurate or unverifiable information as mandated by 15 U.S.C. §1681i(a)(5); failed to maintain an automated system through which furnishers of information to Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information; failed to provide a description of reinvestigation procedure as mandated under 15 U.S.C. §1681i(a)(7) ; failed to notify the fact of the dispute pursuant to 15 U.S.C. §1681i(c), and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to 15 U.S.C. §1681i(d).

70. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA but nonetheless consciously elected to disregard its obligations.

## FOURTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. C. §1786.18)

71. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

72. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

FIRST AMENDED COMPLAINT FOR DAMAGES - 11

73. Upon information and believe, Defendant furnished to a third party consumer reports pertaining to Plaintiff.

74. Defendant's report about Plaintiff contains records of arrest that did not result in conviction and other adverse information that antedate the date of the report by more than 7 years in violation of Cal. Civ. C. §1786.18(a)(7) and (8).

75. At the time the report was made, Defendant was aware of the ICRAA's prohibition against disclosure of the prohibited information and also aware that its report to MAPLE SQUARE included such prohibited information. Statutory references to the subject prohibition were made on its own website informing its customers that certain criminal records may not be reportable. Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's investigative consumer report to MAPLE SQUARE.

76. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

77. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

### FIFTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.20)**

78. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

79. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

80. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures designed to avoid violations of Cal. Civ. C. §1786.18 of the ICRAA and it is accordingly in violation of Cal. Civ. C. §1786.20(a).

81. Upon information and belief, Defendant also not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates and it is in violation of Cal. Civ. C. §1786.20(b).

FIRST AMENDED COMPLAINT FOR DAMAGES - 12

1   82. Defendant's violations were willful and/or grossly negligent because Defendant was

2   aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its

3   obligations.

4

5                           **SIXTH CAUSE OF ACTION**

6   **(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ.**

7                                   **C. §1786.24)**

8

9   83. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

10   84. Defendant is, and at all times herein mentioned was, an investigative consumer reporting

11   agency engaged in the practice of assembling and evaluating information on consumers for the

12   purpose of furnishing investigative consumer reports to third parties for monetary fees.

13   85. Upon information and belief, Defendant also has not, and currently does not maintain

14   reasonable procedures to resolve consumer disputes as required under Cal. Civ. C. §1786.24.

15   86. Specifically, Defendant failed to conduct any reinvestigation as mandated under Cal. Civ.

16   C. §1786.24(a); failed to promptly notify any person who provided any item of information in

17   dispute as mandated under Cal. Civ. C. §1786.24(b); failed to provide Plaintiff with a notice of

18   determination and/or reinvestigation as mandated under Cal. Civ. C. §§1786.24(d) and (g); failed

19   to promptly delete or modify inaccurate or unverifiable information as mandated  by Cal. Civ. C.

20   §1786.24(e); failed to maintain an automated system through which furnishers of information to

21   Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or

22   unverifiable information as mandated by Cal. Civ. C. §1786.24(n); failed to provide a description

23   of reinvestigation procedure as mandated under Cal. Civ. C. §1786.24(g) ; failed to notify the

24   fact of the dispute pursuant to Cal. Civ. C. §1786.24(j) , and failed to notify the recipient of the

25   subject report relating to the deletion of disputed information pursuant to Cal. Civ. C.

26   §1786.24(k).

27   87. Defendant's violations were willful and/or grossly negligent because Defendant was

28   aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its

29   obligations.

30   //

31   //

32   //

## SEVENTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.12(e))**

88. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-50, inclusive.

89. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

90. Upon information and belief, Defendant also has not, and currently does not obtain the proper certification under Cal. Civ. C. §1786.12(e) prior to issuing an investigative consumer report.

91. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## EIGHTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.28)**

92. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

93. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

94. Upon information and belief, Defendant also has not, and currently does not disclose the source from which the consumer information was obtained including the *particular court* and the date that the information was initially reported or publicized.

95. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

//

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES - 14

## NINTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.29)

96. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-50, inclusive.

97. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

98. Upon information and belief, Defendant also has not, and currently does not provide the following notices on the first page of an investigative consumer report including the subject report:

    a.  A notice in at least 12-point boldface type setting forth that the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity may be inaccurately associated with the consumer who is the subject of the report.

    b.  An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

99. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## TENTH CAUSE OF ACTION

### (Violation of California B&P §17200 et seq.)

100.    Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 53, inclusive.

101.    Defendant is, and all times herein mentioned was, an investigative consumer reporting agency engaged in the business and practice of assembling and evaluating information

FIRST AMENDED COMPLAINT FOR DAMAGES - 15

1  on consumers for the purpose of furnishing investigative consumer reports to third parties for

2  monetary fees.

3       102.       California Business and Professions Code §17200 *et seq.* prohibits acts of unfair

4  competition, which mean and include any "unlawful...business act or practice."

5       103.       As more fully described above, the acts and practices alleged herein are unlawful

6  as they violate numerous statutory provisions, as previously alleged.

7       104.       The acts and practices engaged in by Defendant and alleged herein harmed

8  Plaintiffs and, on information and belief, have harmed other California consumers. On

9  information and belief, Defendant's conduct is ongoing and continues to this date.

10      105.       Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and

11  continues to give Defendant an unfair competitive advantage.

12      106.       As a direct and proximate result of Defendant's aforementioned acts, Defendant

13  has prospered and benefitted from the sales of its non-compliant screening reports, and has been

14  unjustly enriched by providing non-compliant reports on Plaintiffs and on other consumers and

15  should be required to disgorge its illicit profits and/or be enjoined from continuing such practices

16  under California Business & Professions Code §17200 and related sections.

17

18                          **ELEVENTH CAUSE OF ACTION**

19               **(Violation of California B&P Code §17200 *et seq.*)**

20

21      107.       Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 53,

22  inclusive.

23      108.       California Business and Professions Code §17200, *et seq.* prohibits acts of unfair

24  competition, which mean and include any "unfair...business act or practice."

25      109.       As more fully described above, Defendant's acts and practices constitute unfair

26  business acts or practices within the meaning of Business and Professions Code §17200, *et seq.*

27  in that the justification for Defendant's conduct, if any, is outweighed by the harm to the general

28  public. Such conduct is also contrary to public policy, immoral, unethical, oppressive,

29  unscrupulous and/or substantially injurious to consumers. On information and belief,

30  Defendant's unfair conduct is ongoing and continues to this date.

31

32

FIRST AMENDED COMPLAINT FOR DAMAGES - 16

110.     The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

111.     Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

112.     As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefited from the sales of its non-compliant reports, and has been unjustly enriched by providing of non-compliant screening reports on Plaintiffs and on other consumers and should be required to disgorge illicit and/or enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1.  For  a declaration that Defendant's practices violate the FCRA, and the ICRAA;

2.  For compensatory, special, general and punitive damages according to proof against all Defendants;

3.  For interest upon such damages as permitted by law;

4.  For an award of reasonable attorney's fees provided by law under all applicable statutes;

5.  For the costs of suit;

6.  For such other orders of the Court and further relief as the Court deems just and proper.

DATED: June 6, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK


By: _____
     Devin H. Fok
     Attorneys for Plaintiff GABRIEL F. MORAN

FIRST AMENDED COMPLAINT FOR DAMAGES - 17

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: June 6, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok
Attorneys for Plaintiff GABRIEL F. MORAN

FIRST AMENDED COMPLAINT FOR DAMAGES - 18

**Thank You For Using The Screening Pros**

On-line reports available 24/7

**-- ATTENTION --**

The following criminal data is a summary only.
Contact member services if you need the original criminal report.

Consumer Report For: MAPLE SQUARE                                    Date - Time: 02/05/10 15:31:52
Transaction Number:   465164 - 1
Comment:

**-- APPLICANT INFORMATION PROVIDED BY MEMBER --**

Applicant Name: MORAN, GABRIEL F          S.S#: ▉▉▉▉▉        State ID#: ▉▉▉▉▉▉        DOB: ▉▉▉▉
Current Address: ▉▉▉▉▉▉▉▉▉▉▉▉▉
Previous Address:

**-- CRIMINAL REPORT --**

**-- COUNTY CRIMINAL SUMMARY --**

County / Jurisdiction: Alameda CA                                    **Case Number: 188935**
Filing Date: 05/16/00                                                **Offense Type:** Misdemeanor
Charge / Offense: CT1: Under the influence of a controlled substance
Disposition Date: 03/02/04
Disposition: Dismissed

County / Jurisdiction: Alameda CA                                    **Case Number: 217842**
Filing Date: 06/04/06                                                **Offense Type:** Misdemeanor
Charge / Offense: CT1: Burglary 2nd degree
Disposition Date: 06/07/06
Disposition: Dismissed

County / Jurisdiction: Alameda CA                                    **Case Number: 217842**
Filing Date: 06/04/06                                                **Offense Type:** Misdemeanor
Charge / Offense: CT2: Forgery
Disposition Date: 06/07/06
Disposition: Dismissed

County / Jurisdiction: Alameda CA

Case Number: 217842

Filing Date: 06/04/06

Offense Type: Misdemeanor

Charge / Offense: CT3: Embezzlement; Theft by non caretaker from older or dependent adult

Disposition Date: 06/07/06

Disposition: Guilty-60 Days Jail; 3 Years court probation; $500 Fine

> **NOTE:** The dissemination of public records such as criminal records is based on an exact match of an individual's full name and full date of birth. Other identifiers such as address and social security numbers may be used in matching criminal records if available. It is the sole responsibility of the end-user to verify that the requested criminal reports are submitted accurately to ensure an accurate search.
>
> **NOTE:** There are several states that prevent a consumer reporting agency from reporting records for various reasons. In accordance with specific state law(s), certain criminal records may not be reportable. To identify what these specific provisions are by state, click here for civil code text.

──────── **END CRIMINAL REPORT** ────────

(AGRx),APPEAL,CLOSED,DISCOVERY

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:12–cv–05808–SVW–AGR

Gabriel Felix Moran v. The Screening Pros, LLC et al
Assigned to: Judge Stephen V. Wilson
Referred to: Magistrate Judge Alicia G. Rosenberg
Case in other court:  9th CCA, 12–57246
                        Superior Court of CA, Los Angeles County, BC478220
Cause: 28:1441 Notice of Removal – Fair Credit Reporting Act

Date Filed: 07/05/2012
Date Terminated: 11/20/2012
Jury Demand: Both
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Gabriel Felix Moran**                           represented by    **Devin H Fok**
Law Offices of Devin H Fok
PO Box 7165
Alhambra, CA 98102–7165
310–430–9933
Fax: 323–563–3445
Email: devin@devinfoklaw.com
*ATTORNEY TO BE NOTICED*

                                                      **Joshua Eunsuk Kim**
A New Way of Life Reentry Project
P.O.Box 875288
Los Angeles, CA 90087
323–563–3575
Fax: 323–563–3445
Email: joshua@anewwayoflife.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Screening Pros, LLC**                    represented by    **Colby Petersen**
*a California Corporation*                                 Jacobson Russell Saltz &Fingerman LLP
10866 Wilshire Boulevard Suite 1550
Los Angeles, CA 90024
310–446–9900
Fax: 310–446–9909
Email: cpetersen@jrsfllp.com
*ATTORNEY TO BE NOTICED*

                                                      **Michael J Saltz**
Jacobson Russell Saltz &Fingerman LLP
10866 Wilshire Blvd Ste 1550
Los Angeles, CA 90024
310–446–9900
Fax: 310–446–9909
Email: msaltz@jrsfllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1–10, inclusive*

**Intervenor**

**United States of America**                    represented by

**Gerald C Kell**
US Department of Justice
Office of Consumer Litigation
PO Box 386
Washington, DC 20044
202–514–1586
Fax: 202–514–8742
Email: gerald.kell@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2012 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, Los Angeles County, case number BC478220 with CONFORMED copies of summons and complaint. Case assigned to Judge Stephen V. Wilson, discovery to Magistrate Judge Alicia G. Rosenberg; (Filing fee $ 350 PAID ); filed by defendant The Screening Pros, LLC.(esa) (mg). (Entered: 07/10/2012) |
| 07/05/2012 |  | CONFORMED COPY OF FIRST AMENDED COMPLAINT against defendants Does 1–10, The Screening Pros, LLC amending Complaint,1 ; Jury Demanded; filed by plaintiff Gabriel Felix Moran (esa) (Entered: 07/10/2012) |
| 07/05/2012 | 2 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES filed by defendant The Screening Pros, LLC. (esa) (mg). (Entered: 07/10/2012) |
| 07/05/2012 | 3 | PROOF OF SERVICE of Notice to Adverse Party of Removal to Federal Court filed by Defendant The Screening Pros, LLC, served on 7/5/2012. (et) (esa). (Entered: 07/10/2012) |
| 07/10/2012 | 4 | EX PARTE APPLICATION to Exceed Page Limitation Motion to Dismiss filed by Defendant The Screening Pros, LLC. (Attachments: # 1 Certificate in Support of, # 2 Proposed Order)(Petersen, Colby) (Entered: 07/10/2012) |
| 07/11/2012 | 5 | NEW CASE ORDER by Judge Stephen V. Wilson, (pj) (Entered: 07/11/2012) |
| 07/11/2012 | 6 | ORDER by Judge Stephen V. Wilson, ( Status Conference set for 8/20/2012 03:00 PM before Judge Stephen V. Wilson.) (pj) (Entered: 07/11/2012) |
| 07/11/2012 | 7 | MINUTES (IN CHAMBERS) by Judge Stephen V. Wilson: denying 4 Defendant's Ex Parte Application to Exceed Page Limits. (lom) (Entered: 07/12/2012) |
| 07/12/2012 | 8 | NOTICE OF MOTION AND MOTION to Dismiss Causes of Action 1,2,4, 5, 6, 7, 8, 9, 10, and 11 filed by Defendant The Screening Pros, LLC. Motion set for hearing on 9/3/2012 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Exhibit)(Petersen, Colby) STRICKEN PURSUANT TO DOCUMENT NUMBER 10 Modified on 7/16/2012 (pj). (Entered: 07/12/2012) |
| 07/16/2012 | 9 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MOTION to Dismiss Causes of Action 1,2,4, 5, 6, 7, 8, 9, 10, and 11 8 . The following error(s) was found: Hearing information is missing, incorrect, or not timely. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 07/16/2012) |
| 07/16/2012 | 10 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS: by Paul M. Cruz Deputy Clerk for Judge Stephen V Wilson. The motion is stricken. RE: MOTION to Dismiss Causes of Action 1,2,4, 5, 6, 7, 8, 9, 10, and 11 8 (pj) (Entered: 07/16/2012) |
| 07/16/2012 | 11 | NOTICE OF MOTION AND MOTION to Dismiss Cause of Action 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11 filed by Defendant The Screening Pros, LLC. Motion set for hearing on 9/10/2012 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Exhibit)(Petersen, Colby) (Entered: 07/16/2012) |
| 07/20/2012 | 12 | TEXT ONLY ENTRY – IN CHAMBERS by Judge Stephen V. Wilson. On the Courts own motion, the Status Conference 6 is continued from August 20, 2012 to |

| | | |
|---|---|---|
| | | September 10, 2012 at 1:30 P.M.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 07/20/2012) |
| 08/20/2012 | 13 | Plaintiff's Opposition and Memorandum of Points and Authorities in Support Thereof re: MOTION to Dismiss Cause of Action 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11 11 filed by Plaintiff Gabriel Felix Moran. (Attachments: # 1 Exhibit Original Complaint Filed in State Court with Exhibits)(Fok, Devin) (Entered: 08/20/2012) |
| 08/27/2012 | 14 | REPLY In Support Of MOTION to Dismiss Cause of Action 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11 11 filed by Defendant The Screening Pros, LLC. (Petersen, Colby) (Entered: 08/27/2012) |
| 09/10/2012 | 15 | MINUTES OF NEW CASE STATUS CONFERENCE 11 MOTION to Dismiss Cause of Action 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11filed by Defendant The Screening Pros, LLC. held before Judge Stephen V. Wilson: Hearing and conference held. The motion is submitted. The Court sets the following dates ; Pretrial Conference...... November 19, 2012 at 3:00 p.m. Jury Trial.. November 20, 2012 at 9:00 a.m. Court Reporter: Deborah Gackle. (pj) (Entered: 09/14/2012) |
| 09/13/2012 | 16 | CIVIL TRIAL PREPARATION ORDER by Judge Stephen V. Wilson,, Set deadlines and hearings( Jury Trial set for 11/20/2012 09:00 AM before Judge Stephen V. Wilson., Pretrial Conference set for 11/16/2012 03:00 PM before Judge Stephen V. Wilson.) (pj) (Entered: 09/14/2012) |
| 09/25/2012 | 17 | TRANSCRIPT ORDER for date of proceedings 9/10/2012 to 9/10/2012 as to Defendant The Screening Pros, LLC Court Reporter Deborah Gackle. Court will contact Colby Petersen at cpetersen@jrsfllp.com with any questions regarding this order. Transcript portion requested: Other: Hearing re: Motion to Dismiss. Category: Expedited. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Petersen, Colby) (Entered: 09/25/2012) |
| 09/28/2012 | 18 | ORDER re Motion to Dismiss 11 by Judge Stephen V. Wilson. The Court DISMISSES WITHOUT PREJUDICE the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action. The Court also DISMISSES WITHOUT PREJUDICE the portion of the Second Cause of Action alleging the failure to follow reasonable procedures to assure maximum accuracy in violation of FCRA § 1681e(b). The Court DENIES the Motion to Dismiss as to the First Cause of Action and the portion of the Second Cause of Action alleging a violation of FCRA § 1681e(a). IT IS SO ORDERED. (See Order for details.) (kti) (Entered: 09/28/2012) |
| 10/04/2012 | 19 | ANSWER to Amended Complaint JURY DEMAND. filed by Defendant The Screening Pros, LLC.(Saltz, Michael) (Entered: 10/04/2012) |
| 10/08/2012 | 20 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss,, 18 filed by Defendant The Screening Pros, LLC. Motion set for hearing on 11/5/2012 at 01:30 PM before Judge Stephen V. Wilson. (Saltz, Michael) (Entered: 10/08/2012) |
| 10/09/2012 | 21 | NOTICE OF MOTION AND MOTION to Set Trial Date *at least 60 days from November 20, 2012* Gabriel Felix Moran. (Attachments: # 1 Proposed Order)(Fok, Devin) (Entered: 10/09/2012) |
| 10/12/2012 | 22 | OPPOSITION to MOTION to Set Trial Date *at least 60 days from November 20, 2012* 21 filed by Defendant The Screening Pros, LLC. (Saltz, Michael) (Entered: 10/12/2012) |
| 10/12/2012 | 23 | NOTICE filed by Defendant The Screening Pros, LLC. (Saltz, Michael) (Entered: 10/12/2012) |
| 10/12/2012 | 24 | NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Plaintiff's First Amended Complaint filed by Defendant The Screening Pros, LLC. Motion set for hearing on 11/19/2012 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Exhibit)(Saltz, Michael) (Entered: 10/12/2012) |
| 10/15/2012 | 25 | OPPOSITION re: MOTION for Reconsideration re Order on Motion to Dismiss,, 18 20 filed by Plaintiff Gabriel Felix Moran. (Kim, Joshua) (Entered: 10/15/2012) |

| 10/16/2012 | 26 | NOTICE Constitutional Question filed by Defendant The Screening Pros, LLC. (Saltz, Michael) (Entered: 10/16/2012) |
|---|---|---|
| 10/18/2012 | 27 | TEXT ONLY ENTRY–IN CHAMBERS re: MOTION for Reconsideration re Order on Motion to Dismiss 20 : The hearing previously scheduled for 11/05/2012 at 1:30 PM has been rescheduled to 11/19/2012 at 1:30 PM before Judge Stephen V. Wilson. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(pc) TEXT ONLY ENTRY (Entered: 10/18/2012) |
| 10/19/2012 | 28 | REPLY in support of MOTION for Reconsideration re Order on Motion to Dismiss, 18 20 filed by Defendant The Screening Pros, LLC. (Saltz, Michael) (Entered: 10/19/2012) |
| 10/22/2012 | 29 | NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's First Amended Complaint filed by Defendant The Screening Pros, LLC. Motion set for hearing on 11/19/2012 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Separate Statement, # 2 Declaration of Michael Saltz, # 3 Declaration of Mark Rodriguez, # 4 Declaration of Gary Glucroft, # 5 Declaration of Anne Fortney, # 6 Proposed Order, # 7 Proposed Judgment on Order)(Saltz, Michael) (Entered: 10/22/2012) |
| 10/23/2012 | 30 | EXHIBIT #'s 1–7 to MOTION for Summary Judgment as to Plaintiff's First Amended Complaint 29 filed by Defendant The Screening Pros, LLC. (Saltz, Michael) (Entered: 10/23/2012) |
| 10/25/2012 | 31 | ORDER GRANTING PLAINTIFF'S EX PARTE MOTION 21 TO CONTINUE THE TRIAL DATE by Judge Stephen V. Wilson. The trial is continued to 12/18/2012 at 9:00 AM and pretrial conference to 12/17/2012 at 3:00 PM. (vdr) (Entered: 10/25/2012) |
| 10/29/2012 | 32 | OPPOSITION re: MOTION for Judgment on the Pleadings as to Plaintiff's First Amended Complaint 24 filed by Plaintiff Gabriel Felix Moran. (Kim, Joshua) (Entered: 10/29/2012) |
| 10/29/2012 | 33 | Plaintiff's Opposition re: MOTION for Summary Judgment as to Plaintiff's First Amended Complaint 29 filed by Plaintiff Gabriel Felix Moran. (Attachments: # 1 Plaintiff's Separate Statement of Undisputed Material Facts, # 2 Declaration of Plaintiff Gabriel F. Moran)(Fok, Devin) (Entered: 10/30/2012) |
| 10/30/2012 | 34 | SUPPLEMENT *Declaration of Devin H. Fok in Support of Plaintiff's Opposition to Defendant's Motion For Summary Judgment* filed by Plaintiff Gabriel Felix Moran. (Fok, Devin) (Entered: 10/30/2012) |
| 11/05/2012 | 35 | REPLY in support of MOTION for Judgment on the Pleadings as to Plaintiff's First Amended Complaint 24 filed by Defendant The Screening Pros, LLC. (Saltz, Michael) (Entered: 11/05/2012) |
| 11/05/2012 | 36 | REPLY in support of MOTION for Summary Judgment as to Plaintiff's First Amended Complaint 29 filed by Defendant The Screening Pros, LLC. (Attachments: # 1 Evidentiary Objections)(Saltz, Michael) (Entered: 11/05/2012) |
| 11/08/2012 | 37 | PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION re MOTION for Judgment on the Pleadings as to Plaintiff's First Amended Complaint 24 filed by Plaintiff Gabriel Felix Moran. (Attachments: # 1 Exhibit Defendant GIS' motion for judgement on the pleadings in King v. GIS, # 2 Exhibit Hon. J. Tucker's ruling denying GIS' motion)(Fok, Devin) (Entered: 11/08/2012) |
| 11/16/2012 | 38 | EX PARTE APPLICATION to Continue Trial from December 18, 2012 to February 19, 2013 filed by Defendant The Screening Pros, LLC. (Attachments: # 1 Declaration, # 2 Proposed Order)(Saltz, Michael) (Entered: 11/16/2012) |
| 11/19/2012 | 39 | MINUTES: Proceedings: 20 Motion for Reconsideration re Order on Motion to Dismiss filed by Defendant The Screening Pros, LLC. 24 MOTION for Judgment on the Pleadings as to Plaintiff's First Amended Complaint filed by Defendant The Screening Pros, LLC. 29 MOTION for Summary Judgment as to Plaintiff's First Amended Complaint filed by Defendant The Screening Pros, LLC before Judge Stephen V. Wilson: Hearing held. Both the motion for reconsideration 20 and the |

ER 72

| | | |
|---|---|---|
| | | motion for summary judgment 29 are granted. The motion for judgment on the pleadings 24 is denied. Order to issue. Court Reporter: Deborah Gackle. (jp) (Entered: 11/21/2012) |
| 11/20/2012 | 40 | MINUTES (IN CHAMBERS) ORDER re Motion for Reconsideration 20 ; Motion forSummary Judgment 29 ; Motion for Judgment on the Pleadings 24 by Judge Stephen V. Wilson: Defendant's Motion for Reconsideration is GRANTED, and Plaintiffs First and Second Causes of Action are DISMISSED. Defendant's Motion for Summary Judgment is GRANTED with respect to the Third Cause of Action; that claim is also DISMISSED. Defendants Motion for Judgment on the Pleadings is DENIED as moot. (MD JS–6. Case Terminated.) (jp) (Entered: 11/21/2012) |
| 12/05/2012 | 41 | NOTICE OF MOTION AND MOTION for Attorney Fees filed by Defendant The Screening Pros, LLC. Motion set for hearing on 1/28/2013 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Declaration of Michael Saltz, # 2 Exhibits 1–3 to Declaration, # 3 Exhibits 4–7 to Declaration, # 4 Exhibits 8–14 to Declaration, # 5 Request for Judicial Notice, # 6 Exhibit to Request for Judicial Notice)(Saltz, Michael) (Entered: 12/05/2012) |
| 12/06/2012 | 42 | APPLICATION to the Clerk to Tax Costs against Plaintiff Gabriel Felix Moran filed by Defendant The Screening Pros, LLC. Application set for hearing on 12/20/2012 at 11:00 AM before Clerk of Court. (Attachments: # 1 Proposed Bill of Costs)(Petersen, Colby) (Entered: 12/06/2012) |
| 12/11/2012 | 43 | NOTICE OF APPEAL to the 9th CCA filed by plaintiff Gabriel Felix Moran. Appeal MINUTES (IN CHAMBERS) ORDER re Motion for Reconsideration 40 . Filed On: 11/20/2012; Entered On: 11/21/2012; Filing fee $455, receipt number LA059589. (Attachments: # 1 Appeal fee paid in the amount of $455.00.) (dmap) (Entered: 12/12/2012) |
| 12/12/2012 | 44 | NOTIFICATION by Circuit Court of Appellate Docket Number 12–57246, 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals, 43 as to plaintiff Gabriel Felix Moran. (car) (Entered: 12/12/2012) |
| 12/13/2012 | 45 | PROTECTIVE MOTION FOR LEAVE TO INTERVENE; Memorandum in Support Thereof, filed by Intervenor, United States of America. Lodged Proposed Order. (kbr) (Entered: 12/17/2012) |
| 01/07/2013 | 46 | Plaintiff's Opposition to Defendant's Motion for Attorney's Fees re: MOTION for Attorney Fees 41 filed by Plaintiff Gabriel Felix Moran. (Attachments: # 1 Declaration Declaration of Joshua E. Kim in support of Plaintiff's Opposition to Defendant's motion for attorney's fees, # 2 Declaration Declaration of Devin H. Fok in support of Plaintiff's opposition to Defendant's motion for attorney's fees (Part 1 of 2), # 3 Declaration Declaration of Devin H. Fok in support of Plaintiff's opposition to Defendant's motion for attorney's fees (Part 2 of 2))(Fok, Devin) (Entered: 01/07/2013) |
| 01/10/2013 | 47 | DESIGNATION of Record on Appeal Gabriel Felix Moran re 43 (Fok, Devin) (Entered: 01/10/2013) |
| 01/14/2013 | 48 | REPLY In Support Of MOTION for Attorney Fees 41 filed by Defendant The Screening Pros, LLC. (Saltz, Michael) (Entered: 01/14/2013) |
| 01/24/2013 | 49 | TEXT ONLY ENTRY–IN CHAMBERS ORDER by Judge Stephen V. Wilson re: 41 MOTION for Attorney Fees filed by Defendant The Screening Pros, LLC: Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7–15. The hearing scheduled for Monday, January 28, 2012, is VACATED. Order to issue THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(pc) TEXT ONLY ENTRY (Entered: 01/24/2013) |
| 01/25/2013 | 50 | BILL OF COSTS. Costs Taxed in amount of $ 2453.80 in favor of The Screening Pros, LLC and against Plaintiff Gabriel Moran. RE: 42 (mb) (Entered: 01/29/2013) |
| 01/30/2013 | 51 | ORDER GRANTING protective motion for leave to intervene by Judge Stephen V. Wilson: that the United States is allowed to intervene in this action. 45 (pj) (Entered: 01/30/2013) |

| 02/05/2013 | 52 | TRANSCRIPT for proceedings held on 9/10/2012 2:40 p.m.. Court Reporter: Deborah K. Gackle, phone number (213) 620–1149. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through deborahgackle.com or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 2/26/2013. Redacted Transcript Deadline set for 3/8/2013. Release of Transcript Restriction set for 5/6/2013. (Gackle, Deborah) (Entered: 02/05/2013) |
|---|---|---|
| 02/05/2013 | 53 | TRANSCRIPT for proceedings held on 11/19/2012 2:18 PM. Court Reporter: Deborah K. Gackle, phone number (213) 620–1149. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHGACKLE.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 2/26/2013. Redacted Transcript Deadline set for 3/8/2013. Release of Transcript Restriction set for 5/6/2013. (Gackle, Deborah) (Entered: 02/05/2013) |
| 02/05/2013 | 54 | NOTICE OF FILING TRANSCRIPT filed for proceedings 9/10/2012 2:40 PM and 11/19/2012 2:18 PM re Transcript 53 , 52 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Gackle, Deborah) TEXT ONLY ENTRY (Entered: 02/05/2013) |
| 05/21/2013 | 55 | MINUTE ORDER IN CHAMBERS by Judge Stephen V. Wilson: re: MOTION for Attorney Fees 41 . Defendant's Motion for Attorneys' Fees is DENIED. (SEE ATTACHED FOR DETAILS) (esa) (Entered: 05/22/2013) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I filed the forgoing Excerpts of Record with the Clerk of the Court of the U.S. Court of Appeals for the Ninth Circuit using the Court's CM/ECF system. I further certify that all parties required to be served have been served.

Dated: September 27, 2013

*/s/ Deepak Gupta*

_____

Deepak Gupta