# CASE NO. 12-57246

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————

## GABRIEL FELIX MORAN

*Plaintiff-Appellant,*

v.

## THE SCREENING PROS, LLC

*Defendant-Appellee.*

————————

**APPELLEE THE SCREENING PROS, LLC'S SUPPLEMENTAL
EXCERPTS OF RECORD VOLUME 2 OF 2**

————————

On Appeal From The United States District Court
For The Central District of California
District Court Case 2:12-cv-05808-SVW-AGR

————————

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE,
LLP
MICHAEL J. SALTZ, STATE BAR NO. 189751
COLBY A. PETERSEN, STATE BAR NO. 274387
BLAIR SCHLECTER, STATE BAR NO. 233684 (OF COUNSEL)
10866 WILSHIRE BOULEVARD, SUITE 1550
LOS ANGELES, CALIFORNIA 90023
TELEPHONE: (310) 446-9900
FACSIMILE: (310) 446-9909
*Attorneys for Defendant-Appellee The Screening Pros, LLC*

**TABLE OF CONTENTS AND INDEX**

**FOR APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD**

**Page Numbers**

13.    Exhibits 1-7 in Support of Motion for Summary Judgment,

       or Alternatively, Summary Adjudication on Behalf of

       Defendant The Screening Pros, LLC

       October 22, 2012…………………………………….. SER268-SER357

       (Number 30 on District Court Docket)

14.    Plaintiff's Opposition to Defendant's Motion for Summary

       Judgment

       October 29, 2012…………………………………...SER358-SER370

       (Number 33 on District Court Docket)

15.    Plaintiff's Separate Statement of Undisputed Material Facts

       In Support of Plaintiff's Opposition to Defendant's

       Motion for Summary Judgment

       October 29, 2012 …………………………………… ….SER371-SER373

       (Number 33-1 on District Court Docket)

16.    Declaration of Plaintiff Gabriel Moran in Support of His

       Opposition to Defendant's Motion for Summary Judgment

       October 29, 2012 …………………………………….. SER374-SER376

       (Number 33-2 on District Court Docket)

17.  Declaration of Devin H. Fok in Support of Plaintiff's

Opposition to Defendant's Motion for Summary Judgment

(with attached exhibits)

October 30, 2012 …………………………………………..SER377-SER399

(Number 34 on District Court Docket)

18.  Defendant The Screening Pros, LLC's Reply in Support

Of Its Motion for Summary Judgment, or Alternatively,

Summary Adjudication; Memorandum of Points and

Authorities in Support Thereof

November 5, 2012 …………………………………………SER400-SER413

(Number 36 on District Court Docket)

19.  Defendant The Screening Pros, LLC's Evidentiary Objections to Plaintiff's

Evidence and Plaintiff's Separate Statement of Facts in Opposition to

Motion for Summary Judgment

November 5, 2012 …………………………………………SER414-SER420

(Number 36-1 on District Court Docket)

1 | JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
2 | Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsfllp.com
3 | Colby A. Petersen, Esq. SBN 274387
cpetersen@jrsfllp.com
4 | G. Austin Sperry, Esq.  SBN 278535
asperry@jrsfllp.com
5 | 10866 Wilshire Boulevard, Suite 1550
Los Angeles, CA  90024
6 | Telephone:  (310) 446-9900  Facsimile: (310) 446-9909

7 | Attorneys for Defendant THE SCREENING PROS, LLC

8 |

9 | **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 | GABRIEL FELIX MORAN,

12 |         Plaintiff,

13 |     vs.

14 |

15 | THE   SCREENING   PROS,   LLC   a
California Corporation; and DOES 1-10
16 | inclusive,

17 |

18 |        Defendants.

Case No.: 2:12-cv-05808-SVW-AGR

**EXHIBITS 1-7 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION ON BEHALF OF DEFENDANT THE SCREENING PROS, LLC.**

Complaint filed:  February 2, 2012
First Amended
Complaint Filed:  June 7, 2012
Removed:  July 5, 2012
Trial Date:  November 20, 2012

Hearing Date:  November 19, 2012
Time:  1:30 p.m.
Courtroom.:  6 – 2nd Floor
Judge:  Hon. Stephen V. Wilson

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

    Attached hereto are Exhibits 1-7 ("Exhibits") in support of Motion For Summary

Judgment, Or In The Alternative, Summary Adjudication On Behalf Of Defendant The

(left margin, vertical)
JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

1   Screening Pros, LLC. The Exhibits were filed with their respective Declarations but are

2   attached hereto in consecutive order for this Court's convenience.

3

4   Dated: October 22, 2012                    **Jacobson, Russell, Saltz & Fingerman LLP**

5

6

7   _____/S/_____
    Michael J. Saltz, Esq.

8   Attorneys for Defendant The Screening Pros, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.:  2:12-cv-05808-SVW-AGR
File No.:  5.371.001                          2

EXHIBITS 1-7 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

# EXHIBIT "1"

91362
A6060

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim, Esq. (SBN #257260)
P.O. Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
GABRIEL FELIX MORAN

**FILED**
Superior Court of California
County of Los Angeles

FEB 02 2012

John A. Clarke, Executive Officer/ Clerk

By _M. Soto_ , Deputy
MOSES SOTO

D-53   STEVEN J.
KLEIFIELD

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

CASE NO.   BC478220

GABRIEL FELIX MORAN,

            Plaintiff,

    vs.

THE SCREENING PROS, LLC, a California
corporation; and DOES 1-10 inclusive,

            Defendants.

**COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF:**

1. Civ. Code §1786.18(a)(7)
2. Civ. Code §1786.20
3. Unlawful Business Practices Pursuant
   to Bus. & Prof. Code §17200 *et seq.*
4. Unfair Business Practice Pursuant to
   Bus. & Prof. Code §17200 *et seq.*

**JURY TRIAL DEMANDED**

CITY/CASE: BC478220 LEA/DEFH\
RECEIPT #: CCH52498002B\
DATE PAID: 02/02/12  01:51:40 PM\
PAYMENT: $395.00\
RECEIVED:

CHECK:        400.00\
CASH:\
CHANGE:          5.00\
CARD:

0310

COMPLAINT FOR DAMAGES - 1

SER271

Plaintiff GABRIEL FELIX MORAN (hereafter as "Plaintiff") complains against Defendants THE SCREENING PROS, LLC. (hereafter as Defendant "TSP"); and DOES 1-10 inclusive, and alleges as follows:

## NATURE OF THE ACTION

1.  Defendant TSP  is in the business of issuing background screening reports on California consumers. It is an entity regulated under the California Investigative Consumer Reporting Agencies Act (hereafter as "ICRAA" §1786 *et seq*).

2.  Defendant TSP fails to abide by the restrictions and requirements set forth therein and routinely provides screening reports that contain prohibited information, including dismissed charges that never resulted in conviction.

3.  Defendant TSP's violations, on information and belief, occur because Defendant TSP has failed to implement reasonable procedures to avoid the release of prohibited information, and/or because Defendant has failed to implement reasonable procedures to assure maximum possible accuracy of the information contained in its reports.

4.  As a result of Defendant TSP's wrongful acts and omissions, Plaintiff has been injured, including, without limitation, by virtue of having lost housing opportunities and by having been forced to spend time, money, and energy to clean up after Defendant's errors.

5.  Plaintiff seeks actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation, including attorney's fees, and appropriate injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief as may be appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as permitted under applicable law.

## THE PARTIES

6.  Plaintiff GABRIEL FELIX MORAN  is, and at all times relevant herein was, a resident of Alameda County, California.

7.  Defendant THE SCREENING PROS, LLC., is and at all times herein mentioned was, a California corporation with a principal place of business in  Los Angeles County, California.

COMPLAINT FOR DAMAGES – 2

8. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sue those Defendants by such capacities when such information is ascertained.

9. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

10. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## VENUE

11. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. Defendant's principal place of business in Los Angeles County, California.

## GENERAL ALLEGATIONS

12. The California Investigative Consumer Reporting Agency Act ("ICRAA") governs investigative consumer reporting agencies that compile, sell, and furnish investigative consumer reports. *See* Cal. Civ. §1786 *et seq.*

13. ICRAA was enacted in 1975 for the purpose of ensuring "fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ. Code §1786(b).

14. An investigative consumer report may only be made to a third intending to use the report for a permissible purpose as prescribed under Cal. Civ. §1786.12; §1786.16(a)(2)(A). A permissible purpose includes eligibility for the hiring of a dwelling house.

15. Under ICRAA, such users of investigative consumer reports are liable to the same extent as investigative consumer reporting agencies for any violations of the Act. Cal. Civ. §§1786.50, 1786.52.

16. Cal. Civ. C. §1786.18(a)(7) prohibits the disclosures of records of arrests, indictment, information, or misdemeanor complaint where a conviction did not result.

17. Because criminal records information that did not result in a conviction can severely prejudice the consumer's ability to seek housing, ICRAA prohibits the information from being

COMPLAINT FOR DAMAGES – 3

1  reported in investigative consumer reports furnished to third party users by investigative
2  consumer reporting agencies. *See* Cal. Civ. Code §§1786.18(a).
3     18. In addition, ICRAA imposes a duty on the reporting agency to verify the accuracy of
4  certain information that is a matter of public record, including criminal records of arrest,
5  conviction and parole, to implement reasonable procedures to avoid reporting prohibited
6  information, and to assure maximum possible accuracy of information that is reported. Cal. Civ.
7  Code. §§1786.18(c), §1786.20(a),(b).
8     19. An agency that fails to comply with any requirement of ICRAA is liable for the greater of
9  actual damages sustained by the consumer or $10,000 as well as reasonable attorney's fees and
10 costs of the action of a prevailing plaintiff and punitive damages for grossly negligent or willful
11 violations. Civ. Code §1786.50(a),(b).

### DEFENDANT THE SCREENING PRO, LLC.

15    20.  Defendant TSP is an investigative consumer reporting agency. It is in the business, for
16 money or dues, of gathering, compiling, and selling to third parties screening reports containing
17 information regarding individual consumers who are looking for, among other things, housing
18 opportunities.
19    21. Defendant TSP sells its investigate consumer reports to, among others, prospective
20 landlords.  Defendant's reports contain background information on consumer regarding their
21 general reputation, character, mode of living or other personal characteristics. Among other
22 things, Defendant's reports typically include information regarding criminal histories.

### PLAINTIFF GABRIEL FELIX MORAN

26    22.  Plaintiff hereby incorporates by reference the allegation of paragraphs 1-26, inclusive.
27    23. On or about February 5, 2010, Plaintiff applied for housing with the subject housing
28 development project named MAPLE SQUARE owned and operated by AFFIRMED HOUSING
29 GROUP (hereafter collectively as "MAPLE SQUARE").
30    24. Plaintiff is informed and believes that MAPLE SQUARE, as part of the application
31 assessment process, requested that Defendant TSP furnish an investigative consumer report as
32 defined in Civ. Code §1786.2(c) on Plaintiff.

25. On or about February 5, 2010, Defendant furnished an investigative consumer report on Plaintiff to MAPLE SQUARE (hereafter as "subject ICR" or "the subject report"). The subject report is attached as Exhibit "1" to this Complaint.

26. Defendant's report contains information on Case No. 188935 where it disclosed records of arrests, indictment, information, or misdemeanor complaint where a conviction did not result.

27. Specifically, Defendant's report disclosed that Plaintiff was charged with "CT1: Under the influence of a controlled substance" but never resulted in a conviction.

28. Defendant's report also contains information on Case No. 217842 where it discloses the following charges that did not result in a conviction: "CT1: Burglary 2nd Degree" and "CT2: Forgery"

29. Due to the prohibited information disclosed in the subject report, MAPLE SQUARE denied Plaintiff's rental application, and Plaintiff is entitled to damages pursuant to Cal. Civ. Code § 1786.50(a), (b).

### FIRST CAUSE OF ACTION
### (Violation of California Civil Code §1786.18(a)(7))

30. Plaintiff hereby incorporates by reference the allegations of paragraph 1-29, inclusive.

31. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

32. Upon information and believe, Defendant furnished to a third party investigative consumer reports pertaining to Plaintiff.

33. Defendant's report about Plaintiff contained records of arrest, information, misdemeanor or complaint, that did not result in a conviction.

34. At the time the report was made, Defendant was aware of ICRAA's prohibition against disclosure of the prohibited information and also aware that its report to MAPLE SQUARE included such prohibited information. Statutory references to the subject prohibition were made on its own website informing its customers that certain criminal records may not be reportable. Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's investigative consumer report to MAPLE SQUARE.

COMPLAINT FOR DAMAGES - 5

35. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

36. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## SECOND CAUSE OF ACTION

### (Violation of California Civil Code §1786.20)

37. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-29, inclusive.

38. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

39. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures designed to avoid violations of Section 1786.18 and/or does not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

40. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## THIRD CAUSE OF ACTION

### (Violation of California B&P §17200 *et seq.*)

41. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 29, inclusive.

42. Defendant is, and all times herein mentioned was, an investigative consumer reporting agency engaged in the business and practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

43. California Business and Professions Code §17200 *et seq.* prohibits acts of unfair competition, which mean and include any "unlawful...business act or practice."

SER276

44. As more fully described above, the acts and practices alleged herein are unlawful as they violate numerous statutory provisions, including California Civil Codes §1786.18(a)(7), and §1786.20.

45. The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

46. Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

47. As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefitted from the sales of its non-compliant screening reports, and has been unjustly enriched by providing non-compliant reports on Plaintiffs and on other consumers and should be required to disgorge its illicit profits and/or be enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## FOURTH CAUSE OF ACTION
### (Violation of California B&P Code §17200 *et seq.*)

48. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 30, inclusive.

49. California Business and Professions Code §17200, *et seq.* prohibits acts of unfair competition, which mean and include any "unfair...business act or practice."

50. As more fully described above, Defendant's acts and practices constitute unfair business acts or practices within the meaning of Business and Professions Code §17200, *et seq.* in that the justification for Defendant's conduct, if any, is outweighed by the harm to the general public. Such conduct is also contrary to public policy, immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. On information and belief, Defendant's unfair conduct is ongoing and continues to this date.

51. The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

52. Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

COMPLAINT FOR DAMAGES - 7

53. As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefited from the sales of its non-compliant reports, and has been unjustly enriched by providing of non-compliant screening reports on Plaintiffs and on other consumers and should be required to disgorge illicit and/or enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For a declaration that Defendant's practices violate California Civil Code §1786 et seq.;

2. For compensatory, special, general and punitive damages according to proof against all Defendants;

3. For interest upon such damages as permitted by law;

4. For an award of reasonable attorney's fees provided by law under all applicable statutes;

5. For the costs of suit;

6. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: February 2, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By:
Devin H. Fok
Attorneys for Plaintiff GABRIEL F. MORAN

DATED: February 2, 2012

JOSHUA E. KIM ESQ.
A NEW WAY OF LIFE REENTRY PROJECT

By:
Joshua E. Kim
Attorneys for Plaintiff GABRIEL F. MORAN

COMPLAINT FOR DAMAGES - 8

1

---

### Thank You For Using The Screening Pros
On-line reports available 24/7

---

### -- ATTENTION --
The following criminal data is a summary only.
Contact member services if you need the original criminal report.

---

Consumer Report For: MAPLE SQUARE                                    Date - Time: 02/05/10 15:31:52

Transaction Number:  465164 - 1

Comment:

---

### -- APPLICANT INFORMATION PROVIDED BY MEMBER --

Applicant Name: MORAN, GABRIEL F        S.S#: XXX-XX-9010       State ID#: N6104647 - CA        DOB: 01/22/57

Current Address: 35555 ORLEANS DR , NEWARK, CA 94560

Previous Address:

---

### -- CRIMINAL REPORT --

---

### -- COUNTY CRIMINAL SUMMARY --

County / Jurisdiction: Alameda CA                                           Case Number: 188935

Filing Date: 05/16/00                                                    Offense Type: Misdemeanor

Charge / Offense: CT1: Under the Influence of a controlled substance

Disposition Date: 03/02/04

Disposition: Dismissed

...............................................................................................................

County / Jurisdiction: Alameda CA                                          Case Number: 217842

Filing Date: 06/04/06                                                    Offense Type: Misdemeanor

Charge / Offense: CT1: Burglary 2nd degree

Disposition Date: 06/07/06

Disposition: Dismissed

...............................................................................................................

County / Jurisdiction: Alameda CA                                          Case Number: 217842

Filing Date: 06/04/06                                                    Offense Type: Misdemeanor

Charge / Offense: CT2: Forgery

Disposition Date: 06/07/06

Disposition: Dismissed

...............................................................................................................

SER280

Criminal Summary

County / Jurisdiction: Alameda CA

Case Number: 217842

Offense Type: Misdemeanor

Filing Date: 06/04/06

Charge / Offense: CT3: Embezzlement; Theft by non caretaker from older or dependent adult

Disposition Date: 06/07/06

Disposition:  Guilty-60 Days Jail; 3 Years court probation; $500 Fine

**NOTE:** The dissemination of public records such as criminal records is based on an exact match of an individual's full name and full date of birth. Other identifiers such as address and social security numbers may be used in matching criminal records if available. It is the sole responsibility of the end-user to verify that the requested criminal reports are submitted accurately to ensure an accurate search.

**NOTE:** There are several states that prevent a consumer reporting agency from reporting records for various reasons. In accordance with specific state law(s), certain criminal records may not be reportable. To identify what these specific provisions are by state, click here for civil code text.

## END CRIMINAL REPORT

SER281

New Consumer Reports                                                         Page 1 of 7

┌─────────────────────────────────────────────────────────────────────────┐
│                   **Thank You For Using The Screening Pros**              │
│                        On-line reports available 24/7                     │
└─────────────────────────────────────────────────────────────────────────┘

┌─────────────────────────────────────────────────────────────────────────┐
│                              **-- WARNING --**                            │
│          The following reports are confidential and use and possession of these │
│        confidential consumer reports are protected and governed by state and federal law. │
└─────────────────────────────────────────────────────────────────────────┘

Consumer Report For: MAPLE SQUARE                          Date - Time: 02/05/10 15:31:52
Transaction Number:  465164 - 1
Comment:

┌─────────────────────────────────────────────────────────────────────────┐
│                **-- APPLICANT INFORMATION PROVIDED BY MEMBER --**         │
└─────────────────────────────────────────────────────────────────────────┘

Applicant's Name: MORAN, GABRIEL F        SS#: XXX-XX-9010      State ID#: N6104647-CA        DOB: 01/22/57
Current Address: 35555 ORLEANS DR, NEWARK, CA 94560
Previous Address:

Lead Source:                        Prev Rent:           New Rent:              Monthly Income:

┌─────────────────────────────────────────────────────────────────────────┐
│                  **-- EVICTION - RENTAL HISTORY REPORT --**               │
└─────────────────────────────────────────────────────────────────────────┘

                          No records matching your applicant

─────────────── **END OF EVICTION - RENTAL HISTORY REPORT** ───────────────

New Consumer Reports  Page 3 of 7

---

## -- REFORMATTED TRANSUNION CREDIT REPORT --

The following credit report has been re-formatted for your convenience.
The applicant's full and complete credit report is attached.

"Red Flag" federal identify theft rule imposes new duties on landlords. Full compliance goes into effect June 1st, 2010.
Click here for Red Flag Information sheet

---

## -- CONSUMER'S PERSONAL INFORMATION --

Name:   MORAN, GABRIEL F          SS#: XXX-XX-9010          DOB: 01/22/57

Address:   855 TORO LN, LATHROP, CA 95330                 As Of: 06/01/00
           5254 RIVERSIDE AV, SAN PABLO, CA 94806         As Of:
           5264 RIVERSIDE AV, SAN PABLO, CA 94806         As Of:

Employer: GABRIELS GARDENING                              As Of:
          NEW HAVEN UNITED SCH                            As Of:

---

## -- FACTA ALERTS --

No alerts on record.

---

## -- FRAUD ALERT / CONSUMER MESSAGES --

Address alert. Mismatch - Input does not match file

---

## -- CREDIT SUMMARY --

Total Debt: $0.00                Total Amt Past Due: $0.00          FICO Score: N / A
Total Monthly Payments: $0.00    Total Lines of Credit: 2
Number of Collection Accounts: 4 Positive Lines of Credit: 2
Number of Public Records: 0      Negative Lines of Credit: 0

---

## -- PUBLIC RECORDS --

No Public Records Returned

---

## -- COLLECTIONS --

Original Creditor: MEDICAL                Charge Off Date: 05/08/08         Original Amount: $2800.00
Collection Company: MEDICREDIT            Date Last Verified: 01/19/10      Current Balance: $3345.00
Comments: Account Information disputed by consumer
.......................................................................................

Original Creditor: AT T WEST              Charge Off Date: 09/11/09         Original Amount: $66.00
Collection Company: BAY AREA C S          Date Last Verified: 10/21/09      Current Balance: $66.00
Comments: Placed for collection
.......................................................................................

Original Creditor: MEL RAMSTEAD METZGER MGT   Charge Off Date: 06/21/07     Original Amount: $275.00
Collection Company: CB STOCKTON            Date Last Verified: 03/11/08      Current Balance: $298.00
Comments: Account Information disputed by consumer
.......................................................................................

New Consumer Reports                                                          Page 4 of 7

Original Creditor: 08 BANK OF THE WEST          Charge Off Date: 09/29/06          Original Amount: $302.00
Collection Company: BEST SERV CO                Date Last Verified: 06/12/09        Current Balance: $0.00
Comments: Paid collection

| -- ACCOUNT DETAILS -- | | | Legend |
|---|---|---|---|

| Creditor | Opened Date | Currently Past Due | Remarks |
|---|---|---|---|
| Account Type | Closed Date | Current Balance | 12 Month Payment History |
| | Verified Date | Monthly Payment | |

TOYOTA MTR          08/11/03         -- -- --
Installment account  -- -- --        -- -- --
                                                    Nov Oct Sep Aug Jul Jun May Apr Mar Feb Jan Dec
                    12/31/04        $240.00 Monthly  C  C  C  C  C  C  C  C  C  C  C  C
                                                    '04 '04 '04 '04 '04 '04 '04 '04 '04 '04 '04 '03

TOYOTA MTR          07/01/00         -- -- --       Closed
Installment account  07/01/02        -- -- --        Jun May Apr Mar Feb Jan Dec Nov Oct Sep Aug Jul
                    07/01/02        $295.00 Monthly  C  C  C  C  C  C  C  C  C  C  C  C
                                                    '02 '02 '02 '02 '02 '01 '01 '01 '01 '01 '01 '01

| -- CREDIT INQUIRIES -- | | |
|---|---|---|

| Date | Inquirer | Reason |
|---|---|---|
| 02/05/10 | SCREENING PR | Miscellaneous |

| If you decline your applicant based on Information within this TU report, direct them to: |
|---|
| TransUnion Attn:Consumer Disclosure Department |
| P.O. Box 1000, Chester, PA 19022   1 (800) 888-4213 |

## ━━ END OF REFORMATTED TRANSUNION CREDIT REPORT ━━

SER284

```
00000465164001              TRANSUNION CREDIT REPORT


<FOR>        <SUB NAME>         <MKT SUB>  <INFILE>   <DATE>     <TIME>
(I) Z LA2824851 SCREENING PR     12 SK    11/83     02/05/10   17:34CT


<SUBJECT>                                    <SSN>        <BIRTH DATE>
MORAN, GABRIEL  F.                         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     1/57
<CURRENT ADDRESS>                                        <DATE RPTD>
855 TORO LN., LATHROP CA. 95330                            6/00
<FORMER ADDRESS>
5254 RIVERSIDE AV., SAN PABLO CA. 94806
5264 RIVERSIDE AV., SAN PABLO CA. 94806
<CURRENT EMPLOYER AND ADDRESS>
GABRIELS GARDENING

<FORMER EMPLOYER AND ADDRESS>
NEW HAVEN UNITED SCH


---------------------------------------------------------------------
S P E C I A L   M E S S A G E S
***ADDRESS ALERT: CURRENT INPUT ADDRESS DOES NOT MATCH FILE ADDRESS(ES)***
****HIGH RISK FRAUD ALERT:CLEAR FOR ALL SEARCHES PERFORMED***
---------------------------------------------------------------------
C R E D I T   S U M M A R Y    * * *   T O T A L   F I L E   H I S T O R Y
PR=0  COL=4  NEG=0  HSTNEG=0      TRD=2  RVL=0  INST=2  MTG=0  OPN=0  INQ=1
          HIGH CRED  CRED LIM  BALANCE  PAST DUE  MNTHLY PAY AVAILABLE
INSTALLMENT: $10.1K     $         $        $0
TOTALS:      $10.1K     $         $        $0      $
---------------------------------------------------------------------
C O L L E C T I O N S
SUBNAME        SUBCODE   ECOA OPENED   CLOSED  $PLACED  CREDITOR        MOP
ACCOUNT#                      VERIFIED         BALANCE  REMARKS
MEDICREDIT     Y 184P007 I    5/08           $2800     MEDICAL         O9B
15137598                      1/10A          $3345     ACCT INFO DSP BY CSM

BAY AREA C S   Y 4445001 I    9/09            $66      AT T WEST       O9B
82369824                      10/09A         $66       PLACED FOR COLLECTIO

CB STOCKTON    Y 1XYF001 I    6/07           -$275     MEL RAMSTEAD METZG O9B
5010760000358662              3/08A          $298      ACCT INFO DSP BY.CSM

BEST SERV CO   Y 200N001 I    9/06   5/09F  $302       08 BANK OF THE WES O9P
6296                          6/09A         .$0        PAID COLLECTION
---------------------------------------------------------------------
T R A D E S
SUBNAME        SUBCODE   OPENED  HIGHCRED  TERMS    MAXDELQ  PAYPAT  1-12 MOP
ACCOUNT#                 VERFIED CREDLIM   PASTDUE  AMT-MOP  PAYPAT 13-24
ECOA COLLATRL/LOANTYPE   CLSD/PD BALANCE   REMARKS                  MO 30/60/90
TOYOTA MTR   Q 4176123   8/03    $10.1K    60M240            111111111111 I01
70400362961510001        12/04A           $0                11111
I    AUTOMOBILE                                             17   0/ 0/ 0

TOYOTA MTR   Q 4176123   7/00    $6195     24M295            111111111111 I01
70400361920870001        7/02A            $0                1111111111
```

SER285

New Consumer Reports                                                    Page 6 of 7

```
   I     AUTOMOBILE          7/02C  $0        CLOSED              24   0/ 0/ 0.
   ------------------------------------------------------------------------
   I N Q U I R I E S
   DATE     SUBCODE          SUBNAME          TYPE     AMOUNT
    2/05/10 ZLA2824851(CAL)  SCREENING PR
   ------------------------------------------------------------------------
   C R E D I T   R E P O R T   S E R V I C E D   B Y :
   TRANSUNION                                          800 888-4213
   2 BALDWIN PLACE, P. O. BOX 1000,CHESTER, PA. 19022
   Consumer disclosures can be obtained online through TransUnion at:
          http://www.transunion.com
```

                       END OF TRANSUNION REPORT

```
  +---------------------------------------------------------------------+
  |    If you decline your applicant based on information within this TU report, direct them to:  |
  |              TransUnion Attn:Consumer Disclosure Department          |
  |              P.O. Box 1000, Chester, PA 19022   1 (800) 888-4213     |
  +---------------------------------------------------------------------+
```

———————————— **END OF ORIGINAL TRANSUNION CREDIT REPORT** ————————————

New Consumer Reports

Page 7 of 7

```
-- CRIMINAL REPORT ORDER --
```

Your order for the following criminal reports has been received and is currently being processed.
Your report(s) will be available on-line when completed.

County Criminal (1 County)

END OF CRIMINAL REPORT ORDER

SER287

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Devin H. Fok (256599); Joshua E. Kim (257260)<br>P.O. Box 875288<br>Los Angeles, CA 90087<br>TELEPHONE NO.: 310-430-9933   FAX NO.: 323-563-3445<br>ATTORNEY FOR *(Name):* Gabriel Felix Moran | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 0 2 2012<br><br>John A. Clarke, Executive Officer/ Clerk<br>By _____, Deputy<br>MOSES SOTO |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central - Stanley Mosk

| CASE NAME:<br>Moran v. The Screening Pros, LLC | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>BC478220 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☒ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties.
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action *(specify):*  Violations of ICRAA Civ. C. Section 1786 et seq.

5. This case ☐ is  ☑ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/1/2012

Devin H. Fok
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: Moran v. The Screening Pros, LLC | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 3  ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

SER289

| SHORT TITLE: Moran v. The Screening Pros, LLC | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2., |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☒ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Moran v. The Screening Pros, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 | Election Contest | 2. |
| | | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 | Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SER291

| SHORT TITLE: Moran v. The Screening Pros, LLC | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>4195 E. Thousand Oaks Blvd., #235<br>Thousand Oaks, CA 91362 |
|---|---|
| **CITY:** Thousand Oaks | **STATE:** CA | **ZIP CODE:** 91362 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 2/1/2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

SER292

# EXHIBIT "2"

1  THE LAW OFFICES OF DEVIN H. FOK
2  Devin H. Fok, Esq. (SBN #256599)
   P.O. Box 7165
3  Alhambra, CA 91802-7165
   Ph: (310) 430-9933
4  Fax: (323) 563-3445
5  devin@devinfoklaw.com

6  A NEW WAY OF LIFE REENTRY PROJECT
7  Joshua E. Kim, Esq. (SBN #257260)
   P.O. Box 875288
8  Los Angeles, California 90087
9  Ph: (323) 563-3575
   Fax: (323) 563-3445
10 joshua@anewwayoflife.org
11
12 Attorneys for Plaintiff
   GABRIEL FELIX MORAN
13

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUN 0 7 2012**

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy

14
15            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
16                      **COUNTY OF LOS ANGELES**
17                                    Case No. BC478220
18                                    Hon. Steven J. Kleifield
19
20 GABRIEL FELIX MORAN,             **FIRST AMENDED COMPLAINT FOR**
                                    **DAMAGES FOR VIOLATIONS OF:**
21        Plaintiff,
22                                        1.  15 U.S.C. §1681c
                                          2.  15 U.S.C. §1681e
23    vs.                                 3.  15 U.S.C. §1681i(a)
                                          4.  Cal. Civ. Code §1786.18
24                                        5.  Cal. Civ. Code §1786.20
25 THE SCREENING PROS, LLC, a California  6.  Cal. Civ. Code §1786.24
   corporation; and DOES 1-10 inclusive, 7.  Cal. Civ. Code §1786.12(e)
26                                        8.  Cal. Civ. Code §1786.28(a)
        Defendants.                       9.  Cal. Civ. Code §1786.29(a) and (b)
27                                       10.  Unlawful Business Practices Pursuant
28                                            to Bus. & Prof. Code §17200 *et seq.*
                                         11.  Unfair Business Practice Pursuant to
29                                            Bus. & Prof. Code §17200 *et seq.*
30
31                                    **JURY TRIAL DEMANDED**
32

                       FIRST AMENDED COMPLAINT FOR DAMAGES – 1

Plaintiff GABRIEL FELIX MORAN (hereafter as "Plaintiff") complains against Defendants THE SCREENING PROS, LLC. (hereafter as Defendant "TSP"); and DOES 1-10 inclusive, and alleges as follows:

## NATURE OF THE ACTION

1.  People with conviction history face substantial barriers to reentry, including denial of housing, which impedes their rehabilitative efforts.[1] "A reciprocal relationship exists between incarceration and homelessness."[2] And "the ability to access safe and secure housing within the community is crucial to their successful reentry."[3] However, some studies show that a prior incarceration rate among the homeless population is almost 50%.[4]

2.  This wide discrimination against people with conviction history, antithetical to the important public interest in their successful reentry, is due in part to routine background checks run by private housing providers and a giant commercial industry that has emerged to fulfill this demand for housing background checks.

3.  As Congress stated under 15 U.S.C. §1681(a):

***

> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

---

[1] A letter from the Secretary of the U.S. Dep't of Housing and Urban Development, *available at* http://www.nationalreentryresourcecenter.org/documents/0000/1344/3.30.12_MFamily_properties_Reentry_memo_6__2_.pdf (last visited on June 6, 2012).

[2] *Reentry in Brief*, Federal Interagency Reentry Council (May 2011), *at* p.11, *available at* http://www.nationalreentryresourcecenter.org/documents/0000/1059/Reentry_Brief.pdf (last visited on June 6, 2012).

[3] *Reentry Housing Options: The Policy Makers' Guide*, Council of State Governments Justice Center (2010), *at* p.vii, *available at* http://reentrypolicy.org/jc_publications/reentry-housing-options/Reentry_Housing_Options.pdf (last visisted on June 6, 2012).

[4] *See Metraux & Culhane, Homeless Shelter Use and Reincarceration Following Prison Release: Assessing the Risk*, 3 Criminology & Public Policy 139 (2004).

FIRST AMENDED COMPLAINT FOR DAMAGES – 2

(4) There is a need to insure that consumer reporting agencies exercise their *grave responsibilities* with fairness, impartiality, and a respect for the consumer's right to privacy."

4.  Similarly, the California legislature stated under Cal. Civ. C.§1786:

   (a) Investigative consumer reporting agencies have assumed a vital role in collecting, assembling evaluating, compiling, reporting, transmitting, transferring, or communicating information on consumers for....purposes relating to the *hiring of dwelling units*..." (Emphasis added).

   (b) There is a need to insure-that investigative consumer reporting agencies exercise their *grave responsibilities* with fairness, impartiality, and a respect for the consumer's right to privacy."

                                ***

   (f) It is the purpose of this title to require that investigative consumer reporting agencies adopt reasonable procedures for meeting the needs for...information relating to the *hiring dwelling* unit in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, *relevancy*, and proper utilization of the information in accordance with the requirements of this title. (Emphasis added).

5.  Defendant TSP is a background check company that routinely provides screening services to landlords in connection with the leasing of residential properties. It is an entity regulated under the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* (hereafter as "FCRA"); the California Investigative Consumer Reporting Agencies Act (hereafter as "ICRAA" Cal. Civ. C. §1786 *et seq.*); and the California Consumer Credit Reporting Agencies Act (hereafter as "CCRAA" §1785 *et seq.*).

6.  All background check reports are regulated under FCRA. Under 15 U.S.C. §1681a(d), all reports bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living must comply with its provisions.

7.  California by contrast has different provisions relating to the regulation of credit reports (e.g., reports bearing on a consumer's credit worthiness, credit standing, and credit capacity); and criminal history reports (e.g., reports bearing on a consumer's character, general reputation, personal characteristics, or mode of living). Consumer credit reports are regulated under the CCRAA, and criminal history reports are regulated under the ICRAA.

8. Here, Defendant TSP issued reports relating to credit, unlawful detainer, and criminal history. The central issues in this litigation are the various statutory violations relating to the criminal history report on Plaintiff, issued by Defendant TSP.

9. Criminal history reports are regulated under the ICRAA because they are reports that bear on a consumer's character, general reputation, personal characteristics, or mode of living that are not limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer within the meaning of Cal. Civ. C. §1786.2(c). .

10. Both the FCRA and the ICRAA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is relevant, accurate, complete, and up to date.

11. Obsolete or irrelevant criminal records information is prohibited from disclosure. This is to alleviate the stigmatization and the negative collateral consequences of old and dated criminal convictions and to promote successful reentry and rehabilitation of people with criminal records.

12. Under the FCRA, a background check company is prohibited from reporting arrests that did not result in conviction that antedate the report by more than 7 years. (15 U.S.C. §1681c(a)). ICRAA extends this prohibition to all arrests that did not result in conviction regardless of the age of the conviction. (Cal. Civ. C. §1786.18(a)). Moreover, under both statutes and with limited exceptions, any other adverse information that antedate the report by more than 7 years cannot be reported. (*See* 15 U.S.C. §1681c(a); Cal. Civ. C. §1786.18(a)).

13. In addition to the prohibition in reporting obsolete criminal history information, strict disclosure requirements are mandated under both statutes. The idea is to inform the consumer that he or she is entitled to a copy of the report, to allow the consumer an opportunity verify the accuracy of the information reported, and to dispute any information that is inaccurate, incomplete, and/or not up to date. (Cal Civ. C. §§1786.28(a); 1786.29).

14. Upon a written dispute, the background check company is required to reinvestigate and record the current status of the disputed information or delete the item from the file within 30-days following the receipt of the dispute. (Cal. Civ. C. §1786.24(a); 15 U.S.C. §1681i).

15. Defendant TSP failed to abide by the restrictions and requirements set forth therein and routinely provide screening reports and engage in practices that violate various provisions of these governing statutes, including reporting dismissed charges that never resulted in conviction,

FIRST AMENDED COMPLAINT FOR DAMAGES - 4

1    failing to provide required notices, and failing to reinvestigate submitted disputes relating to the

2    accuracy and completeness of the information reported.

3        16. Defendant TSP's violations, on information and belief, occur because Defendant TSP has

4    failed to properly apprise itself of statutory mandates before issuing background check reports,

5    failed to implement reasonable procedures to avoid the release of prohibited information, failed

6    to implement reasonable procedures to assure maximum possible accuracy of the information

7    contained in its reports; and failed to institute proper procedures to investigate disputed

8    information.

9        17. As a result of Defendant TSP's wrongful acts and omissions, Plaintiff has been injured,

10   including, without limitation, by virtue of having lost housing opportunities and by having been

11   forced to spend time, money, and energy to clean up after Defendant's errors.

12       18. Plaintiff seeks actual and/or compensatory damages, punitive damages, and equitable

13   relief, including costs and expenses of litigation, including attorney's fees, and appropriate

14   injunctive relief requiring Defendant to comply with its legal obligations, as well as additional

15   and further relief as may be appropriate. Plaintiffs reserve the right to amend this Complaint to

16   add additional relief as permitted under applicable law.

17

18                              **THE PARTIES**

19

20       19. Plaintiff is, and at all times relevant herein was, a resident of Alameda County,

21   California.

22       20. Defendant TSP, is and at all times herein mentioned was, a California corporation with a

23   principal place of business in Los Angeles County, California.

24       21. Defendant TSP is an entity regulated under both the FCRA and the ICRAA.

25       22. For purposes of the FCRA, Defendant TSP is a "consumer reporting agency" as defined

26   under 15 U.S.C. §1681a(f) because it is a "person which, for monetary fees, dues…regularly

27   engages in whole or in part in the practice of assembling or evaluating consumer credit

28   information or other information on consumers for the purpose of furnishing consumer reports to

29   third parties, and which uses any means or facility of interstate commerce for the purpose of

30   preparing or furnishing consumer reports."

31       23. A "consumer report" is "any written, oral, or other communication of any information by

32   a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit

FIRST AMENDED COMPLAINT FOR DAMAGES - 5

1    capacity, character, general reputation, personal characteristics, or mode of living which is used

2    or expected to be used or collected in whole or in part for the purpose of serving as a factor in

3    establishing the consumer's eligibility for...credit or...household purposes...or any other

4    purpose authorized under section 1681b of this title." (15 U.S.C. §1681a(d)).

5        24. For purposes of the ICRAA, Defendant TSP is an "investigative consumer reporting

6    agency" as defined under Cal. Civ. C. §1786.2(d) because it is a "person who, for monetary fees

7    or dues, engages in whole or in part in the practice of collecting, assembling, evaluating,

8    compiling, reporting, transmitting, transferring, or communicating information concerning

9    consumers for the purposes of furnishing investigative consumer reports to third parties..."

10       25. An investigative consumer report is "a consumer report in which information on a

11   consumer's character, general reputation, personal characteristics, or mode of living is obtained

12   through any means [except] a consumer report or other compilation of information that is limited

13   to specific factual information relating to a consumer's credit record or manner of obtaining

14   credit obtained directly from a creditor of the consumer or from a consumer reporting agency

15   when that information was obtained directly from a potential or existing creditor of the consumer

16   or from the consumer..." (Cal. Civ. C. §1786.2(d)).

17       26. Defendant TSP's reports, including the background check report at issue in the present

18   case, contain background information on consumer regarding their general reputation, character,

19   mode of living or other personal characteristics. Among other things, Defendant TSP's reports

20   typically include information regarding criminal histories.

21       27. Defendant TSP sells background check reports to, among others, prospective landlords.

22       28. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore

23   sues those Defendants by such capacities when such information is ascertained.

24       29. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is

25   responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

26   herein alleged were proximately caused by such occurrences.

27       30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,

28   Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the

29   things alleged in this complaint, were acting in the scope of such agency and with the permission

30   and consent of Defendants.

31

32                                      **VENUE**


                       FIRST AMENDED COMPLAINT FOR DAMAGES - 6

31. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. Defendant's principal place of business is in Los Angeles County, California.

## GENERAL ALLEGATIONS

32. Plaintiff hereby incorporates by reference the allegation of paragraphs 1-30, inclusive.

33. On or about February 5, 2010, Plaintiff applied for housing with the subject affordable housing development project named MAPLE SQUARE owned and operated by AFFIRMED HOUSING GROUP (hereafter collectively as "MAPLE SQUARE").

34. Plaintiff is informed and believes that MAPLE SQUARE, as part of the application assessment process, requested that Defendant TSP furnish a consumer report within the meaning of 15 U.S.C. §1681a(d) and/or an investigative consumer report as defined in Civ. Code §1786.2(c) on Plaintiff (collectively as "background check report").

35. On or about February 5, 2010,   Defendant TSP furnished a background check report on Plaintiff to MAPLE SQUARE (hereafter as "the subject report"). The subject report is attached as Exhibit "1" to this Complaint.

36. Defendant's report contains information on Case No. 188935 relating to a May 16, 2000 arrest for "under the influence of a controlled substance." Plaintiff was never convicted of this crime.

37. Both the FCRA and the ICRAA prohibit the reporting of this case because it is outdated, obsolete, and irrelevant.

38. Under the FCRA, 15 U.S.C. §1681c(a)(2), and (5), any adverse item of information including records of arrest that are older than seven years cannot be reported. Under the ICRAA, Cal. Civ. C. §1786.18(a)(7) and (8) any records of arrest that did not result cannot be reported regardless of its age.

39. Defendant clearly disclosed the arrest date as May 16, 2000 which is more than 7 years from the date of the report violating the FCRA. Moreover, because the arrest also did not result in conviction, the disclosure of which also violates the ICRAA.

40. Moreover, due to tis age, Alameda County Superior Court – Fremont Hall of Justice had long purged and destroyed the court records relating to this case. Plaintiff is informed and

FIRST AMENDED COMPLAINT FOR DAMAGES - 7

1    believes that the records were purged and/or destroyed prior to the date of the issuance of the
2    subject report.

3        41. Under both the FCRA (15 U.S.C. §1681e(b)) and the ICRAA (Cal. Civ. C. §1786.20(b)),
4    a background check company "shall follow *reasonable procedures to assure maximum possible*
5    *accuracy of the information* concerning the individual about whom the report relates." (The
6    statutory language is identical under both the FCRA, and the ICRAA).

7        42. Further under the ICRAA, Cal. Civ. C. §1786.18(c), a background check company such
8    as Defendant TSP must verify the accuracy of the information during the 30-day period ending
9    on the date on which the report is furnished. Under Cal. Civ. C. §1786.24(e), if the accuracy of
10   the information cannot be verified, the background company must *"promptly delete that*
11   *information..."*

12       43. The FCRA also has a similar requirement under 15 U.S.C. §1681i(a)(3)(A) where
13   unverifiable information cannot be reported and must be promptly deleted when disputed.

14       44. In clear violation of the above-described statutes, Defendant TSP did not and does not
15   use reasonable procedures to assure the maximum possible accuracy of the information reported.
16   Defendant TSP reported and routinely reports criminal history information without verification
17   of the accuracy of the reported information *prior* to its disclosure. In fact, Defendant TSP did not
18   obtain and currently does not possess any court records from the Alameda County Superior
19   Court.

20       45. Alameda County Superior Court – Fremont Hall of Justice is the original source of the
21   proceedings related to the subject case. Since the court has purged and/or destroyed the
22   underlying records related to this case, the parties, this Court, as well as the recipient of the
23   subject background check report cannot verify the accuracy of the information reported and the
24   reporting of the same violates Plaintiff's rights under the FCRA and the ICRAA.

25       46. Defendant's report also contains information on Case No. 217842 where it discloses the
26   following charges that did not result in a conviction: "CT1: Burglary 2nd Degree" and "CT2:
27   Forgery."

28       47. Defendant flooded the report with dismissed criminal charges when in fact, the only
29   reportable conviction was count 3 of Case No. 217842 for petty theft of a dependent adult.

30       48. Due to the prohibited information disclosed in the subject report, MAPLE SQUARE
31   denied Plaintiff's rental application, and Plaintiff is entitled to damages pursuant to Cal. Civ.
32   Code § 1786.50(a), (b).

FIRST AMENDED COMPLAINT FOR DAMAGES – 8

49. Subsequent to the denial of his rental application, Plaintiff sought assistance from the East Bay Community Law Center ("EBCLC"). On or about November 9, 2011, EBCLC submitted a written dispute to Defendant TSP disputing the inclusion of Case No. 188935 and the two dismissed counts in Case No. 217842 in the subject report.

50. Under both the FCRA (15 U.S.C. §1681i(a)(1)(A)), and the ICRAA (Cal. Civ. C. §1786.24(a)), a background check company is required to, among other obligations, conduct a full and complete investigation within 30-days of receipt of the dispute.

51. Defendant was well-aware of this requirement but wholly failed to abide by it. Defendant wholly failed to respond to the November 9, 2011 written dispute from EBCLC and failed to investigate the claim. To date, Plaintiff has failed to receive any response concerning the investigation relating to Plaintiff's dispute. Plaintiff is left without recourse except to initiate this civil action.

52. The availability of affordable housing such as those offered by MAPLE SQUARE is limited. Defendant TSP's report which contains unverifiable information; it is not maximally accurate; it is flooded with dismissed charges and it is therefore misleading negatively and substantially affected Plaintiff's ability to obtain affordable housing. Defendant TSP continues to jeopardize Plaintiff's future ability to obtain affordable housing by its failure and continue to failure to resolve Plaintiff's dispute and update its system and issue a new report to MAPLE SQUARE omitting the unverifiable, inaccurate, and misleading information as described above.

53. Plaintiff seeks statutory and/or actual damages from Defendant as provided under 15 U.S.C. §§1681n and o and Cal. Civ. C. §1786.50.

## FIRST CAUSE OF ACTION

### (Violation of the Fair Credit Reporting Act, 15 U.S.C §1681c(a))

54. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

55. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

56. Upon information and believe, Defendant furnished to a third party consumer reports pertaining to Plaintiff.

SER302

57. Defendant's report about Plaintiff contains records of arrest and other adverse information that antedate the date of the report by more than 7 years in violation of 15 U.S.C. §§1681c(a)(2) and (5).

58. At the time the report was made, Defendant was aware of the FCRA's prohibition against disclosure of the prohibited information and also aware that its report to MAPLE SQUARE included such prohibited information.  Statutory references to the subject prohibition were made on its own website informing its customers that certain criminal records may not be reportable. Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's investigative consumer report to MAPLE SQUARE.

59. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

60. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA but nonetheless consciously elected to disregard its obligations.

## SECOND CAUSE OF ACTION

### (Violation of the Fair Credit Reporting Act, 15 U.S.C §1681e)

61. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

62. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

63. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures designed to avoid violations of 15 U.S.C. §1681c of the FCRA and it is accordingly in violation of 15 U.S.C. §1681e.

64. Upon information and belief, Defendant also does not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

65. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA but nonetheless consciously elected to disregard its obligations.

FIRST AMENDED COMPLAINT FOR DAMAGES - 10

### THIRD CAUSE OF ACTION

#### (Violation of the Fair Credit Reporting Act 15 U.S.C §1681i)

66. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

67. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

68. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures to resolve consumer disputes as required under 15 U.S.C. §1681i.

69. Specifically, Defendant failed to conduct any reinvestigation as mandated under 15 U.S.C. §§1681i(a)(1)(A) and (B); failed to promptly notify any person who provided any item of information in dispute as mandated under 15 U.S.C. §§1681i(a)(2)(A) and (B); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under 15 U.S.C. §§1681(a)(3) and (6); failed to promptly delete or modify inaccurate or unverifiable information as mandated by 15 U.S.C. §1681i(a)(5); failed to maintain an automated system through which furnishers of information to Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information; failed to provide a description of reinvestigation procedure as mandated under 15 U.S.C. §1681i(a)(7) ; failed to notify the fact of the dispute pursuant to 15 U.S.C. §1681i(c), and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to 15 U.S.C. §1681i(d).

70. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA but nonetheless consciously elected to disregard its obligations.

### FOURTH CAUSE OF ACTION

#### (Violation of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. C. §1786.18)

71. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

72. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

FIRST AMENDED COMPLAINT FOR DAMAGES - 11

73. Upon information and believe, Defendant furnished to a third party consumer reports pertaining to Plaintiff.

74. Defendant's report about Plaintiff contains records of arrest that did not result in conviction and other adverse information that antedate the date of the report by more than 7 years in violation of Cal. Civ. C. §1786.18(a)(7) and (8).

75. At the time the report was made, Defendant was aware of the ICRAA's prohibition against disclosure of the prohibited information and also aware that its report to MAPLE SQUARE included such prohibited information. Statutory references to the subject prohibition were made on its own website informing its customers that certain criminal records may not be reportable. Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's investigative consumer report to MAPLE SQUARE.

76. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

77. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## FIFTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.20)

78. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

79. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

80. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures designed to avoid violations of Cal. Civ. C. §1786.18 of the ICRAA and it is accordingly in violation of Cal. Civ. C. §1786.20(a).

81. Upon information and belief, Defendant also not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates and it is in violation of Cal. Civ. C. §1786.20(b).

FIRST AMENDED COMPLAINT FOR DAMAGES - 12

82. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## SIXTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.24)

83. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

84. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

85. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures to resolve consumer disputes as required under Cal. Civ. C. §1786.24.

86. Specifically, Defendant failed to conduct any reinvestigation as mandated under Cal. Civ. C. §1786.24(a); failed to promptly notify any person who provided any item of information in dispute as mandated under Cal. Civ. C. §1786.24(b); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under Cal. Civ. C. §§1786.24(d) and (g); failed to promptly delete or modify inaccurate or unverifiable information as mandated by Cal. Civ. C. §1786.24(e); failed to maintain an automated system through which furnishers of information to Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information as mandated by Cal. Civ. C. §1786.24(n); failed to provide a description of reinvestigation procedure as mandated under Cal. Civ. C. §1786.24(g) ; failed to notify the fact of the dispute pursuant to Cal. Civ. C. §1786.24(j) , and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to Cal. Civ. C. §1786.24(k).

87. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

//
//
//

FIRST AMENDED COMPLAINT FOR DAMAGES - 13

## SEVENTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.12(e))

88. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-50, inclusive.

89. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

90. Upon information and belief, Defendant also has not, and currently does not obtain the proper certification under Cal. Civ. C. §1786.12(e) prior to issuing an investigative consumer report.

91. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## EIGHTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.28)

92. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

93. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

94. Upon information and belief, Defendant also has not, and currently does not disclose the source from which the consumer information was obtained including the *particular court* and the date that the information was initially reported or publicized.

95. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

//
//
//

FIRST AMENDED COMPLAINT FOR DAMAGES - 14

## NINTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.29)

96. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-50, inclusive.

97. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

98. Upon information and belief, Defendant also has not, and currently does not provide the following notices on the first page of an investigative consumer report including the subject report:

    a. A notice in at least 12-point boldface type setting forth that the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity may be inaccurately associated with the consumer who is the subject of the report.

    b. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

99. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## TENTH CAUSE OF ACTION

### (Violation of California B&P §17200 *et seq.*)

100. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 53, inclusive.

101. Defendant is, and all times herein mentioned was, an investigative consumer reporting agency engaged in the business and practice of assembling and evaluating information

FIRST AMENDED COMPLAINT FOR DAMAGES - 15

1  on consumers for the purpose of furnishing investigative consumer reports to third parties for
2  monetary fees.

3  102.    California Business and Professions Code §17200 *et seq.* prohibits acts of unfair
4  competition, which mean and include any "unlawful...business act or practice."

5  103.    As more fully described above, the acts and practices alleged herein are unlawful
6  as they violate numerous statutory provisions, as previously alleged.

7  104.    The acts and practices engaged in by Defendant and alleged herein harmed
8  Plaintiffs and, on information and belief, have harmed other California consumers. On
9  information and belief, Defendant's conduct is ongoing and continues to this date.

10  105.    Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and
11  continues to give Defendant an unfair competitive advantage.

12  106.    As a direct and proximate result of Defendant's aforementioned acts, Defendant
13  has prospered and benefitted from the sales of its non-compliant screening reports, and has been
14  unjustly enriched by providing non-compliant reports on Plaintiffs and on other consumers and
15  should be required to disgorge its illicit profits and/or be enjoined from continuing such practices
16  under California Business & Professions Code §17200 and related sections.

17
18  ## ELEVENTH CAUSE OF ACTION
19  ### (Violation of California B&P Code §17200 *et seq.*)

20
21  107.    Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 53,
22  inclusive.

23  108.    California Business and Professions Code §17200, *et seq.* prohibits acts of unfair
24  competition, which mean and include any "unfair...business act or practice."

25  109.    As more fully described above, Defendant's acts and practices constitute unfair
26  business acts or practices within the meaning of Business and Professions Code §17200, *et seq.*
27  in that the justification for Defendant's conduct, if any, is outweighed by the harm to the general
28  public. Such conduct is also contrary to public policy, immoral, unethical, oppressive,
29  unscrupulous and/or substantially injurious to consumers. On information and belief,
30  Defendant's unfair conduct is ongoing and continues to this date.

31
32

FIRST AMENDED COMPLAINT FOR DAMAGES - 16

110.    The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

111.    Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

112.    As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefited from the sales of its non-compliant reports, and has been unjustly enriched by providing of non-compliant screening reports on Plaintiffs and on other consumers and should be required to disgorge illicit and/or enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1.  For  a declaration that Defendant's practices violate the FCRA, and the ICRAA;
2.  For compensatory, special, general and punitive damages according to proof against all Defendants;
3.  For interest upon such damages as permitted by law;
4.  For an award of reasonable attorney's fees provided by law under all applicable statutes;
5.  For the costs of suit;
6.  For such other orders of the Court and further relief as the Court deems just and proper.

DATED: June 6, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok
Attorneys for Plaintiff GABRIEL F. MORAN

FIRST AMENDED COMPLAINT FOR DAMAGES - 17

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: June 6, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
    Devin H. Fok
    Attorneys for Plaintiff GABRIEL F. MORAN

FIRST AMENDED COMPLAINT FOR DAMAGES ~ 18

## PROOF OF SERVICE

1

2   I, the undersigned, declare that I am a citizen of the United States and work in the City of Los
Angeles, County of Los Angeles, that I am over the age of eighteen (18) years and not a party to

3   the within cause; that my business address is 958 E. 108th St., Los Angeles, CA 90059, and that
on the date set out below I served a true copy of the attached:

4

5   • PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

6       On the following parties at the addresses set for the below:

7   Verifications, Inc. c/o Jacobson, Russell, Saltz & Fingerman LLP
ATTN: Michael J. Saltz, Esq.

8   10866 Wilshire Blvd., Ste. 1550
Los Angeles, CA 90024

9   Phone: (310) 446-9900; Fax: (310) 446-9909

10

11      By the following method:

12      _X_ (BY REGULAR MAIL)  I caused such envelopes to be delivered to the office(s)
thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California.

13

14      ____ (BY PERSONAL DELIVERY)  I caused such envelope(s) to be delivered by hand
to the office(s) of the addressee(s).

15

16      ____ (BY FACSIMILE) I caused such copies to be sent with same day service.

17

18  I declare under penalty of perjury that the above statements are true and correct. This statement
is executed in Los Angeles, California on June 6, 2012

19

20

21                                                                      Devin Fok

22

23

24

25

26

27

28

**PROOF OF SERVICE**

# EXHIBIT "3"



**APPLICATION**

RETURN THIS APPLICATION TO

NAME OF HOUSING DEVELOPMENT

PLEASE PRINT OR TYPE

571 15th Gabriel E. Moreh

3559 Orleans Dr. Newark CA 94560

| FIRST NAME | LAST NAME | M/F | RELATIONSHIP TO HEAD | SOCIAL SECURITY (NO.) |  |
|---|---|---|---|---|---|
| Gabriel | Moreh | M | self | | |
| | | | | | |
| | | | | | |
| | | | | | |

WHAT IS YOUR CURRENT MONTHLY RENT? $ 300

CURRENT LANDLORD
NAME _____ ADDRESS 3559 Orleans Dr. TELEPHONE (510) 579-6050

PREVIOUS ADDRESS (PAST 5 YEARS)
NAME Esther Moreh ADDRESS 855 To___ N. TELEPHONE (209) 207-5648

NAME _____ ADDRESS _____ TELEPHONE _____

Toyota Tacoma 2003

IN CASE OF EMERGENCY Teresa Reyez SISTER (510) 57-6656
3559 Orleans Drive Newark CA 94560

HOW DID YOU HEAR ABOUT UNITS TO RENT?

ADDITIONAL INFORMATION Kelly M. Harp MA...

## INTERVIEW CHECKLIST

Resident: In order to update our records for the United States Department of Housing & Urban Development, we ask that you complete both sides of this form and return it to the manager's office no later than: _____ , _____ ID _____

| NAME | | APT NO. | | PHONE | |
|---|---|---|---|---|---|

### FAMILY COMPOSITION

| FAMILY MEMBER NUMBER | NAME | RELATIONSHIP TO HEAD OF HOUSEHOLD | SOCIAL SECURITY NO. | BIRTHDATE | FULL-TIME STUDENT YES | NO |
|---|---|---|---|---|---|---|
| 1 | Gabriel Moran | | | | | ✓ |
| 2 | | | | / / | | |
| 3 | | | | / / | | |
| 4 | | | | / / | | |
| 5 | | | | / / | | |
| 6 | | | | / / | | |
| 7 | | | | / / | | |
| 8 | | | | / / | | |

### INCOME AND ASSETS - Check "Yes" or "no" and Family No.

| TYPE | YES | NO | FAMILY MEMBER NUMBER(S) | MAILED 1st | 2nd | COMMENTS | Rec'd |
|---|---|---|---|---|---|---|---|
| Wages | | ✓ | | / / | / / | | |
| Tips | | ✓ | | | | | |
| Bonuses | | ✓ | | | | | |
| Commissions | | ✓ | | | | | |
| Unemployment | | ✓ | | | | | |
| Social Security/SSI | ✓ | ✓ | | | | | |
| Pension | | ✓ | | | | | |
| Disability | | ✓ | | | | | |
| General Relief | | ✓ | | | | | |
| AFDC | | ✓ | | | | | |
| Alimony (Awarded) | | ✓ | | | | | |
| Child Support (Awarded) | | ✓ | | | | | |
| Savings Accounts | ✓ | | | | | | |
| Checking Accounts | ✓ | | | | | | |
| Stocks/Bonds | | ✓ | | | | | |
| Bills/CD's | | ✓ | | | | | |
| Trusts | | ✓ | | | | | |
| IRA/Keough | | ✓ | | | | | |
| Real Estate/Investments | | ✓ | | | | | |
| IRS Earned Income Credit | | ✓ | | | | | |
| Lump-Sum Payments | | ✓ | | | | | |
| Scholarships | | ✓ | | | | | |
| Grants | | ✓ | | | | | |
| Stipends | | ✓ | | | | | |
| Non-Cash Compensation | | ✓ | | | | | |
| Recurring Gifts | | ✓ | | | | | |
| Disposed of Assets (Last 2 yrs.) | | ✓ | | | | | |
| Other | | ✓ | | | | | |
| ALLOWANCES | | | | | | | |
| Seeing MD on Regular Basis | | ✓ | | | | | |
| Prescribed Medication | | ✓ | | | | | |
| Medical Insurance | | ✓ | | | | | |
| Dental Insurance | | ✓ | | | | | |
| Child Care | | ✓ | | | | | |
| Other | | ✓ | | | | | |

SER315

| | PENSION | | | ADDRESS (INCLUDE ZIP CODE) | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | EMPLOYER | | | ADDRESS (INCLUDE ZIP CODE) | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | CASE WORKER- SSI, GR, AFDC | | | ADDRESS | | CASE NUMBER |

| | BANK | ADDRESS | CHECKING or SAVINGS | ACCOUNT NO. |
|---|---|---|---|---|
| | Bay Cities Credit Union | 22777 Main St., Hayward, CA 94543 | Vms Savings | ▓▓▓▓▓ |
| | | | | |

| | DOCTOR | | | ADDRESS | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | PHARMACIST | | | ADDRESS | | |
| | CHILD CARE FACILITY | | | ADDRESS | | |

**ADDITIONAL INFORMATION**

STATEMENT: I CERTIFY THAT ALL THE INFORMATION ON THIS INTERVIEW CHECKLIST IS TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND IT IS A PROVISION OF THE LEASE THAT I REPORT AND ASSIST IN THE VERIFICATION OF ACTUAL AMOUNTS OF ALL INCOME RECEIVED BY MYSELF AND ALL MEMBERS OF MY FAMILY. ANY FALSE STATEMENTS OR INFORMATION ARE PUNISHABLE UNDER FEDERAL LAW.

Resident's Signature _____ Date 9-11-09

Resident's Signature _____ Date 9-11-09

SER316



## REQUEST FOR APPLICANT APPROVAL
### INCOME & ASSET CALCULATION WORKSHEET

Community Name: _Maple Square_

Name of Team Member Sending Fax: _Leyla_   Date & Time Faxed to Compliance: _7/9/10_

Name of Applicant _Gabriel Moran_ Anticipated: Unit #: _3-304_ Move-In Date: _7/15/10_

Unit Size: _1_   Household Size: _1_   Unit Set-Aside %: _30_   Rent $: _466.00_ Utility $: _36.00_

Maximum Income Limit: _18,750.00_   Household's Income: ▓▓▓▓▓▓▓▓

Prior to an applicant moving in, the forms listed below must be faxed to the Home Office for approval:

| Forms: | Faxed to H.O. | Received by H.O. |
|---|---|---|
| Interview Checklist (both sides) | ✓ | |
| Rental Application (both sides) | ✓ | |
| Tenant Income Questionnaire(s) | ✓ | |
| Child Support Affidavit(s) | ✓ | |
| Under $5000 Asset Certification(s) (if applicable) | ✓ | |
| Asset Verifications (if applicable) | n/a | |
| Income Verification(s) | ✓ | |
| Zero Income Affidavit(s) (if applicable) | n/a | |
| Non-Employment Affidavit(s) (if applicable) | ✓ | |
| Full time student forms (if applicable) | n/a | |

Member # & Source(s) of Income:

| Member # & Source | Detail your math calculations: | | Annual amount |
|---|---|---|---|
| MM# _1 SSI_ | $ _865.20 x 12_ | = | $ _10,382.40_ |
| MM# ___ | $ ___ | = | $ ___ |
| MM# ___ | $ ___ | = | $ ___ |
| MM# ___ | $ ___ | = | $ ___ |
| MM# ___ | $ ___ | = | $ ___ |

| Source(s) of asset: (if more than 3 accounts use separate page) | Acct. value | | Interest rate | | Actual income | Imputed income |
|---|---|---|---|---|---|---|
| _BCCU checking_ | $ ▓▓ | X | _0_ | = | $ _0_ | $ _0_ |
| _BCCU savings_ | $ ▓▓ | X | _0_ | = | $ _0_ | $ _0_ |
| | $ ___ | X | ___ | = | $ ___ | $ ___ |

*Imputed income is obtained by multiplying the account value by the current HUD Passbook rate*
GREATER AMOUNT OF ACTUAL INCOME vs IMPUTED INCOME:

### HOUSEHOLD'S TOTAL ANNUAL INCOME: $ ▓▓▓▓▓▓

Additional Information: _____

*******************************************************************************

To be completed by the Home Office:

Person reviewing package: _____   Date/time received: _____

Corrections and/or comments: _____

_____

_____

Approval given by: _____   Date: _____   Move-in must occur by: _____

Updated: 09/2008

RF-400


SOLARI
ENTERPRISES, INC.
Affordable Housing Specialists

## TENANT INCOME CERTIFICATION QUESTIONNAIRE

| Name: Gabriel Moran | TEL.: (510) 485-2432 |
|---|---|
| ☒ Initial Certification<br>☐ Recertification<br>☐ Other: _____ | BIN #: CA 2004-303-03<br>Unit #: 3-304 |

### PART I. INCOME INFORMATION

| Yes | No | | MONTHLY GROSS INCOME (use net income from business) |
|---|---|---|---|
| | ✓ | I am self employed. (List nature of self employment) _____ | $ |
| | | I have a job and receive wages, salary, overtime pay, commissions, fees, tips, bonuses, and/or other compensation. List the businesses and/or companies that pay you: | |
| | ✓ | 1) | $ |
| | | 2) | $ |
| | | Is job SEASONAL. List sources of other income during time off from regular employment (example: other employment, anticipated employment, or unemployment): | |
| | ✓ | 1) | $ |
| | | 2) | $ |
| | ✓ | I receive cash contributions of gifts including rent or utility payments, on an ongoing basis from persons not living with me. | $ |
| | ✓ | I receive unemployment benefits. | $ |
| | ✓ | I receive Veteran's Administration, GI Bill, or National Guard/Military benefits/income. | $ |
| ✓ | | I receive periodic Social Security payments (SSA). | $ 594,— |
| ✓ | | I receive Supplemental Security Income (SSI). | 271,— |
| | ✓ | The household receives unearned income from family members age 17 or under (example: Social Security, Trust Fund disbursements, etc.). | $ |
| | ✓ | I receive disability or death benefits other than Social Security. | $ |
| | ✓ | I receive Public Assistance Income (examples: TANF, AFDC, CAPI). | $ |
| | ✓ | I am entitled to receive child support payments. | $ |
| | ✓ | I am currently receiving child support payments. If yes, from how many persons do you receive support? | $ |
| | ✓ | I am currently making efforts to collect child support owed to me. List efforts being made to collect child support: _____ | |
| | ✓ | I receive alimony/spousal support payments. | $ |
| | ✓ | I receive periodic payments from trusts, annuities, inheritance, retirement funds or pensions, insurance policies, or lottery winnings. If yes, list sources: 1) | $ |
| | | 2) | $ |
| | ✓ | I receive income from real or personal property. | (use net earned income) $ |
| | ✓ | I receive Student Financial Aid (public or private, not including loans) Subtract cost of tuition from aid received | $ |

### PART II. ASSET INFORMATION

| Yes | No | | INTEREST RATE | CASH VALUE |
|---|---|---|---|---|
| ✓ | | I have a checking account(s). If yes, list bank(s):<br>1) Bay Cities Credit Union | 0 % | $ ▓▓▓ — |
| | | 2) | % | $ |
| ✓ | | I have a savings account(s). If yes, list bank(s):<br>1) Bay Cities Credit Union | 0 % | $ ▓▓▓ — |
| | | 2) | % | $ |

## PART II - ASSET INFORMATION (continued)

| Yes | No | | INTEREST RATE | CASH VALUE |
|-----|-----|---|---------------|------------|
| | ✓ | I have a revocable trust(s).  If yes, list bank(s):<br>1) | % | $ |
| | ✓ | I own real estate.<br>If yes, provide description: | | $ |
| | ✓ | I own stocks, bonds, or Treasury Bills.  If yes, list sources/bank names:<br>1)<br><br>2) | %<br><br>% | $<br><br>$ |
| | ✓ | I have Certificates of Deposit (CD) or Money Market Account(s).  If yes, list sources/bank names:<br>1)<br><br>2)<br><br>3) | %<br><br>%<br><br>% | $<br><br>$<br><br>$ |
| | ✓ | I have an IRA/Lump Sum Pension/Keogh Account/401K.  If yes, list bank(s):<br>1)<br><br>2) | %<br><br>% | $<br><br>$ |
| | ✓ | I have a whole life insurance policy.<br>If yes, how many policies _____ | | $ |
| | ✓ | I have cash on hand. | | $ |
| | ✓ | I have disposed of assets (i.e. gave away money/assets) for less than the fair market value in the past 2 years.   If yes, list items and date disposed:<br>1)<br><br>2) | | $<br><br>$ |
| | ✓ | I have income from assets or sources other than those listed above.  If yes, list type below:<br>1)<br><br>2) | %<br><br>% | $<br><br>$ |

## PART III - STUDENT STATUS

| Yes | No | |
|-----|-----|---|
| | ✓ | Does the household consist of persons who are ALL full-time students (Examples: College/University, trade school, etc.)? |
| | ✓ | Do ALL household member(s) anticipate becoming full-time student household in the next 12 months? |
| | | If you answered yes to either of the previous two questions are you: |
| | | • Receiving assistance under Title IV of the Social Security Act (AFDC/TANF) |
| | | • Enrolled in a job training program receiving assistance through the Job Training Participation Act (JTPA) or other similar program |
| | | • Married and filing a joint tax return |
| | | • Single parent with a dependant child or children.  If yes, complete Single Parent Full-Time Student Affidavit. |
| | | • Previously enrolled in the Foster Care Program |

Under penalties of perjury, I certify that the information presented on this form is true and accurate to the best of my/our knowledge.  The undersigned further understands that providing false representations herein constitutes an act of fraud.  False, misleading or incomplete information will result in the denial of application or termination of the lease agreement.

Gabriel Moran
Printed name of Applicant/Resident

Signature of Applicant/Resident

2-1-10
Date

Leslie Robinson
Printed name of Witness (Owner/Representative)

Witnessed by (Signature of Owner/Representative)

2/1/10
Date

Updated 01/2009

- 2 -

SER319



## Child Support and/or Spousal Support  Affidavit

Applicant/Resident Name        Gabriel Moran

Development Name               MAPLE SQUARE

Unit Number/Identification     3-301

*Child support and/or spousal support payments that are received shall be included as income whether or not there is yet a court order awarding payment.*

*Child/Spousal support amounts awarded by the courts but not received can be excluded only when the applicant/resident certifies that payments are not being made and further documents that all reasonable legal actions to collect amounts due, including filing with the appropriate courts or agencies responsible for enforcing payment, have been taken.*

*As part of the qualification process required by federal and/or state housing programs with jurisdiction over this development the following information is needed:*

A. Do you receive child support and/or spousal support?    Yes ☐   No ☑
                                                           Go to B   Go to C.1

B.  I receive:

   1.  Payment amount      $ _____

   2.  Frequency          _____

   3.  Name(s) of Recipient(s)   _____
                                 _____
                                 _____

   4.  Name of source          _____
       *Complete multiple affidavit forms if there are multiple sources.*

   5.  Go to C.1

C. 1.  Have you been awarded child or spousal support    Yes ☐   No ☑
       by court order?                                   Go to C.2   Sign Form

   2.  Provide copy of entire document, enter amount of award
       $ _____ , and frequency _____ , go to C.3

   3.  Is payment being received as awarded?             Yes ☐   No ☐
                                                         Go to 3.a   Go to 3.b

       a.  Indicate the manner by which payment is received and sign form.

           i.   _____ Enforcement agency    Name _____
                                            agency
                                            and provide agency print out

           ii.  _____ Court of Law          Name court _____

           iii. _____ Direct from responsible party   Name source _____
                      and provide affidavit or statement from the source.

           iv.  _____ Other  (Explain)  _____

       b.  If payment not received or if amount received is less than amount
           awarded provide details and documentation of collection efforts.

Under penalty of perjury, I certify that the information presented in this affidavit is true and accurate to the best of my knowledge.  The undersigned further understands that providing false representations herein constitutes an act of fraud.  False, misleading or incomplete information may result in the termination of a lease agreement.

Gabriel Moran                                    2-1-10
Applicant/Resident Signature                     Date

TC-444
05/07

SER320

# UNDER $5,000 ASSET CERTIFICATION

For households whose combined net assets do not exceed $5,000.
Complete one form for households with joint assets or one form per person with separate assets.

Household Name: **Gabriel Moran**                    Unit No. **3-304**

Development Name: **Maple Square**                    City: **Fremont**

Complete all that apply for 1 through 4:

1.  My/our assets include:

| | (A) Cash Value* | (B) Int. Rate | (A*B) Annual Income | Source | | (A) Cash Value* | (B) Int. Rate | (A*B) Annual Income | Source |
|---|---|---|---|---|---|---|---|---|---|
| GM | $ ▓▓ | 0 | $ ▓▓ | Savings Account | | $ | | $ ▓▓ | Checking Account |
| | $ ▓▓ | GM $ ▓▓ | | Cash on Hand | | $ | 0 | $ | Safety Deposit Box |
| | $ | 0 | $ | Certificates of Deposit | | $ | | $ | Money market funds |
| | $ | 0 | $ | Stocks | | $ | | $ | Bonds |
| | $ | 0 | $ | IRA Accounts | | $ | | $ | 401K Accounts |
| | $ | 0 | $ | Keogh Accounts | | $ | | $ | Trust Funds |
| | $ | 0 | $ | Equity in real estate | | $ | | $ | Land Contracts |
| | $ | 0 | $ | Lump Sum Receipts | | $ | | $ | Capital investments |
| | $ | 0 | $ | Life Insurance Policies (excluding Term) | | | | | |
| | $ | 0 | $ | Other Retirement/Pension Funds not named above: | | | | | |
| | $ | 0 | $ | Personal property held as an investment** : | | | | | |
| | $ | 0 | $ | Other (list): | | | | | |

PLEASE NOTE: Certain funds (e.g., Retirement, Pension, Trust) may or may not be (fully) accessible to you. Include only those amounts which are.

*Cash value is defined as market value minus the cost of converting the asset to cash, such as broker's fees, settlement costs, outstanding loans, early withdrawal penalties, etc.

**Personal property held as an investment may include, but is not limited to, gem or coin collections, art, antique cars, etc. Do not include necessary personal property such as, but not necessarily limited to, household furniture, daily-use autos, clothing, assets of an active business, or special equipment for use by the disabled.

2.  ☐   Within the past two (2) years, I/we have sold or given away assets (including cash, real estate, etc.) for more than $1,000 below their fair market value (FMV). Those amounts* are included above and are equal to a total of: $_____ (*the difference between FMV and the amount received, for each asset on which this occurred).

3.  ☒   I/we have **not** sold or given away assets (including cash, real estate, etc.) for less than fair market value during the past two (2) years.

4.  ☐   I/we do not have any assets at this time.

The net family assets (as defined in 24 CFR 813.102) above do not exceed $5,000 and the annual income from the net family assets is $ ▓▓ . This amount is included in total gross annual income.

Under penalty of perjury, I/we certify that the information presented in this certification is true and accurate to the best of my/our knowledge. The undersigned further understand(s) that providing false representations herein constitutes an act of fraud. False, misleading or incomplete information may result in the termination of a lease agreement.

_Gabriel Moran_ ___ **2-1-10** ___                    _____ _____
Applicant/Tenant    Date                         Applicant/Tenant    Date

Under $5,000 Asset Certification (January 2009)



# Non-Employment Affidavit

Resident/Applicant Name: __Gabriel Moran__

Date: __2/1/10__          Community Name: __Maple Square__

[X] Initial Certification          Date of Expected Move-In: __1/15/10__

[ ] Recertification (*Annual or Interim*)          Effective Date: _____

You have applied to live in (or are currently a resident of) an apartment that is governed by the IRS Section 42 - Tax Credit Housing Program. This Program requires Management to certify all of your income, asset and eligibility information as part of determining your household's eligibility. Program requirements state we must determine this prior to granting your eligibility and, if such eligibility is granted, each subsequent year you remain in the unit.

I, __Gabriel Moran__, certify under penalty of perjury that:

A. [ ]   I am not presently employed but anticipate becoming employed with within the next twelve months.

------OR------

B. [X] I am not presently employed in any capacity. I am not under any affirmative obligation to obtain employment and do not anticipate becoming employed within the next twelve months.

    [ ] I do not receive unemployment compensation or other benefits as a result of my non-employed status.

    [X] I do receive benefits from __Social Security / SSI__
(If other benefits are received (ie: Social Security, TANF), obtain verification of amounts and include with third-party verified income of other household members to ensure that the household is income qualified.)

I certify that the information given above is true and complete to the best of my knowledge. I understand that providing false or misleading information is a breach of my lease and may be subject to criminal penalties.

Print Name of Resident/Applicant: __Gabriel Moran__ Date: __2-1-10__

Signature of Resident/Applicant: __Gabriel Moran__ _____

Updated: 04/09

RF-468

# FRAUD

The various agencies funding your Community are seriously concerned about the fraud and abuse of affordable housing programs and have asked Solari Enterprises, Inc., to remind all residents benefiting from rental assistance programs about the following information.

Each *resident must* comply and follow simple rules in order to stay in a rental assistance program so that the program can be run fairly and honestly. Not following these rules could result in your removal from the program.

Periodically, as required by program regulations, we will ask you for information about income, assets and family size so we can make sure that you are paying the correct subsidized rent. When we ask for this information be sure to:

1.     Let us know about all sources of income received by all occupants of your apartment and the income expected for the next year. Many people forget to report income from second jobs, overtime, part-time jobs, income from bank accounts or investments, alimony and child support.

2.     Let us know the name of everyone presently in the household who is expected to  live  in your household during the twelve months.

By your signature below you are stating that you are not receiving any other income than what is on your Tenant Income Certification form. If you start receiving any other income, you agree that you will report it to the office immediately. Some examples would be: begin employment, receiving AFDC, child support, Social Security or SSI, etc.

You realize that if you fail to report any income, you will be subject to eviction proceedings and your file may be forwarded to the U.S. Justice Department for Prosecution.

It is very important that you report to the manager all changes in the number of people living in your apartment. We urge you to be sure that you are meeting these responsibilities so that you can continue to receive rental assistance and remain eligible to receive the benefits of the subsidized rent. The programs should serve as many deserving and eligible persons as possible. We should all cooperate to report any cases of suspected resident fraud. If you have questions on this matter, please contact the Community Manager or the Solari Enterprises, Inc. Home Office.

_____          2-1-10
Resident's Signature                 Date


_____          _____
Resident's Signature                 Date

_____          2/1/10
Manager's Signature                 Date


Updated:  05/04                                           RF-425

# FAIR HOUSING STATEMENT

This apartment community is fully committed to providing an Equal Housing Opportunity for all.

In this regard, applicant screening methods are utilized to determine the likelihood that an applicant will be able to meet the essential requirements of tenancy as expressed in the lease. These essential requirements are summarized in part as follows:

**The ability to:**
- Pay rent and other fair charges in a timely manner
- Care for and avoid damaging the unit and common areas
- Use facilities and equipment in a reasonable way
- Create no health, safety or sanitation hazards
- Report maintenance needs
- Avoid interfering with the rights and enjoyment of others
- Avoid damaging the property of others
- Avoid criminal activity that threatens the health, safety or rights of others
- Avoid drug-related activities
- Comply with necessary and reasonable rules and requirements of the regulating agency, the Community's Lease and House Rules and such other programs that are, or may, apply to the Community.

_____          _____
Applicant                                    Applicant

Date: 2 / 1 /10

Updated: 05/04                                              RF-426

SER324



## LANDLORD REFERENCE

_living w/ family_

Date _____

From: _____

_____

_____

(Development Information)

To the household member:
You do not have to sign this form if the name or address of either the site manager or the verification is left blank.

Release: I hereby authorize the release of the requested information. Information obtained under this consent is limited to information that is no older than 12 months.  There are circumstances which would require the owner to verify information that is up to 5 years old, which would be authorized by me on a separate consent attached to a copy of this consent.

Print name _____   Social Security Number _____   Unit No. _____

Signature _____   Date _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The household member named above is applying for housing at our community.  The household member has consented, as shown above, to the release of information pertaining to their rental history.  We would appreciate your prompt return of this form to the Authorized Agent for the Development named above.  Enclosed is a self addressed, stamped envelope for this purpose.  If you have any questions, I can be reached at _____.

Authorized Agent for the Development _____   Title _____   Date _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  How long did the above resident reside in your community?     _____ years   _____ months
2.  What was the monthly rental amount?                          $ _____
3.  How many people lived in the unit?                          _____ adults   _____ children
4.  Did the resident ever pay rent late?                        _____
5.  If yes, how many times did the resident pay late?           _____
6.  Did the resident owe any money at move-out?                 _____
7.  If yes, what was the total and description of charges? _____
8.  What was the resident's overall conduct while resident?
                                        Excellent _____, Good _____, Fair _____, Poor _____.
9.  Did you refund the residents security deposit in full?      _____
10. Was anyone residing in the unit that was not on the lease?  _____
11. If yes, what were their names? _____
12. If this resident reapplied for housing in the future, would you rent to him/her again? _____
13. Did the resident ever receive an eviction notice from you?  _____
14. If yes, why? _____

Remarks: _____

Signature _____   Title _____

Print name _____   Date _____

Telephone number _____   Company Stamp or Seal

WARNING:  Title 18, Section 1001 of the U.S. Code states that a person is guilty of a felony for knowingly and willingly making false or fraudulent statements to any department of the United States Government.  HUD, the PHA & any owner (or any employee of HUD, the PHA or the owner) may be subject to penalties for unauthorized disclosures or improper uses of information collected on the consent form.  Use of the information collected based on this verification form is restricted to the purposes cited above.  Any person who knowingly or willfully requests, obtains or discloses any information under false pretenses concerning an applicant or participant may be subject to a misdemeanor and fined not more than $5, 000.00.  Any applicant or participant affected by negligent disclosure of information may bring civil action for damages, and seek other relief, as may be appropriate, against the officer of employee of HUD, the PHA or the owner responsible for the unauthorized disclosure or improper use.  Penalty provisions for misusing the social security number are contained in the Social Security Act at 42 U.S.C. 208 f, g & h.  Violations of these provisions are cited as violations of 42 U.S.C, 408 f, g & h.

RF-413





SER326

# EXHIBIT "4"

# Maple Square Apartments
# Resident Selection Criteria

**General:**

Management believes that all of the residents are valued individuals. Services are rendered by the staff at all levels, with an appreciation of the dignity of each individual resident and with respect for the rights of the resident as a human being.

Everyone who wishes to apply for housing or to be placed on the waiting list must complete an application package. No application fee will be charged to an applicant applying under any subsidy program. Applicants must meet the selection criteria for this Community known as Maple Square Apartments.

**Eligibility for Admission:**

To be eligible for admission at Maple Square Apartments an applicant must be of legal age (18 years of age or older) and qualify under the Federal Low Income Housing Tax Credit and HOME Programs.

- Household income does not exceed the income limits established.

- Minimum gross income must be at least two (2) times the monthly rent.

- Credit history will be reviewed and found acceptable if there are two or less past due accounts and the total outstanding past due amounts do not exceed 10% of the gross annual income of the applicant.

- Who has for the past five years has not been convicted of any felony or misdemeanor involving sexual misconduct or a controlled substance, and that to the best of LESSEE"S knowledge neither LESSEE nor any occupant of the apartment is subject of a criminal investigation or arrest warrant.

- Must have no bad landlord references for the past three years or most recent rental history if less than three years.

- Must have no evictions in the past three years.

**Selection of Residents:**

Management will not, on account of RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS, NATIONAL ORIGIN, SEXUAL ORIENTATION OR HIV POSITIVE STATUS deny to a qualified applicant the opportunity to lease a dwelling unit suitable to their needs in any property owned, managed, or controlled by the company.

In selecting residents from among eligible applicants with the appropriate size and composition for the available unit, management will take into consideration:

- ✓ The needs of individual families for low/moderate rent housing as well as

- ✓ The statutory purpose in developing and operating a socially and financially sound housing development, which provides not only a decent home and suitable living environment, but fosters economic and social diversity in the resident body as a whole.

Selection will be in such a manner as:

- To preclude admission of applicants whose habits and practices reasonably may be expected to have a detrimental effect on the residents or the Community environment.

- To prevent under utilization or over-crowding in the unit, the occupancy guideline established dictates the following:

SER328

- Studio Units:          a minimum of one person and a maximum of two people.
- 1 bedroom units:    a minimum of one person and a maximum of three people.
- 2 bedroom units:    a minimum of two people and a maximum of five people.
- 3 bedroom units:    a minimum of four people and a maximum of seven people

## Reasonable Accommodation:
Reasonable accommodation allows the applicant to request modifications in order to meet essential requirements of tenancy. It **does not** require lowering or waiving essential requirements. Solari Enterprises, Inc., including its Property Managers, is committed to the policy that everyone, management, staff and resident, are responsible for working together to identify the specific accommodation that each accepts as reasonable.

Accommodations are not reasonable if they require fundamental alterations in the nature of a program or property or impose undue financial and administrative burdens on the property owner.

## Credit and Occupancy Standards:
Everyone is to be given an equal opportunity to lease our apartments in strict accordance with current Fair Housing Legislation. The following is the standards of which to measure all applications for acceptability. If negative information is found in any category below, the applicant maybe subject to denial.

## Income:
An applicant must demonstrate sufficient income to afford the apartment. Likewise, an income must not be above those income limits allowed by the Low Income Housing Tax Credit and HOME Programs.

## Credit History:
Except where arrangements have been made, an applicant's credit report for the past two years must be free of bad debt or past due accounts. Any bankruptcy proceedings must be finalized prior to signing a lease.

## Rental/Landlord History:
An applicant must be able to provide positive landlord references for the previous three years. The applicant should also be able to prove the ability to make monthly payments (rental payments preferred) on time and without demand.

## Criminal Record:
A criminal record verification may be made on all persons 18 years and older who will occupy the apartment. Cause for the application to be rejected includes, but may not be limited to, the conviction of:
- ✓ Illegal drug activity of any kind.
- ✓ Child abuse, child molestation or negligence involving a child.
- ✓ Assault and /or battery or any violent act(s) against another person.
- ✓ Vandalism

## Misrepresentation at Admission:
If it is learned that the applicant made representations which resulted in he/she being classified as eligible when in fact he/she were ineligible, the resident will be disqualified even though they may currently be eligible and legal action will be taken.

| _Gabriel Moran_ | _2-1-10_ |
|---|---|
| Signature | Date |
| | |
| Signature | Date |
| | |
| Signature | Date |
| | |
| Signature | Date |

Maple Square/Resident Selection Criteria
Updated: 03/17/08

2 of 2

SER329

EXHIBIT "5"

---

### Thank You For Using The Screening Pros
On-line reports available 24/7

---

### -- WARNING --
The following reports are confidential and use and possession of these
confidential consumer reports are protected and governed by state and federal law.

---

Consumer Report For: MAPLE SQUARE                          Date - Time: 02/05/10 15:31:52
Transaction Number: 465164 - 1
Comment:

---

### -- APPLICANT INFORMATION PROVIDED BY MEMBER --

Applicant's Name: MORAN, GABRIEL F    SS#: ▓▓▓▓    State ID#: ▓▓▓▓    DOB: ▓▓▓▓
Current Address: 35555 ORLEANS DR, NEWARK, CA 94560
Previous Address:

Lead Source:                    Prev Rent:        New Rent:              Monthly Income:

---

### -- EVICTION - RENTAL HISTORY REPORT --

No records matching your applicant

─────── **END OF EVICTION - RENTAL HISTORY REPORT** ───────

New Consumer Reports

**-- POSSIBLE LANDLORD DEBT REPORTED FROM CREDIT --**

No collections found that could be identified as possible landlord debts.

**END POSSIBLE LANDLORD DEBT REPORTED FROM CREDIT**

## -- REFORMATTED TRANSUNION CREDIT REPORT --

The following credit report has been re-formatted for your convenience.
The applicant's full and complete credit report is attached.

"Red Flag" federal identity theft rule imposes new duties on landlords. Full compliance goes into effect June 1st, 2010.
Click here for Red Flag Information sheet

## -- CONSUMER'S PERSONAL INFORMATION --

| | | | | |
|---|---|---|---|---|
| Name: | MORAN, GABRIEL F | SS#: | | DOB: |
| Address: | 855 TORO LN, LATHROP, CA 95330 | | | As Of: 06/01/00 |
| | 5254 RIVERSIDE AV, SAN PABLO, CA 94806 | | | As Of: |
| | 5264 RIVERSIDE AV, SAN PABLO, CA 94806 | | | As Of: |
| Employer: | GABRIELS GARDENING | | | As Of: |
| | NEW HAVEN UNITED SCH | | | As Of: |

## -- FACTA ALERTS --

No alerts on record.

## -- FRAUD ALERT / CONSUMER MESSAGES --

Address alert. Mismatch - input does not match file

## -- CREDIT SUMMARY --

| | | |
|---|---|---|
| Total Debt: $0.00 | Total Amt Past Due: $0.00 | FICO Score: N / A |
| Total Monthly Payments: $0.00 | Total Lines of Credit: 2 | |
| Number of Collection Accounts: 4 | Positive Lines of Credit: 2 | |
| Number of Public Records: 0 | Negative Lines of Credit: 0 | |

## -- PUBLIC RECORDS --

No Public Records Returned

## -- COLLECTIONS --

| | | |
|---|---|---|
| Original Creditor: MEDICAL | Charge Off Date: 05/08/08 | Original Amount: $2800.00 |
| Collection Company: MEDICREDIT | Date Last Verified: 01/19/10 | Current Balance: $3345.00 |
| Comments: Account information disputed by consumer | | |

| | | |
|---|---|---|
| Original Creditor: AT T WEST | Charge Off Date: 09/11/09 | Original Amount: $66.00 |
| Collection Company: BAY AREA C S | Date Last Verified: 10/21/09 | Current Balance: $66.00 |
| Comments: Placed for collection | | |

| | | |
|---|---|---|
| Original Creditor: MEL RAMSTEAD METZGER MGT | Charge Off Date: 05/21/07 | Original Amount: $275.00 |
| Collection Company: CB STOCKTON | Date Last Verified: 03/11/08 | Current Balance: $298.00 |
| Comments: Account information disputed by consumer | | |

Original Creditor: 08 BANK OF THE WEST     Charge Off Date: 09/29/06     Original Amount: $302.00
Collection Company: BEST SERV CO     Date Last Verified: 06/12/09     Current Balance: $0.00
Comments: Paid collection

| -- ACCOUNT DETAILS -- | | | Legend |
|---|---|---|---|
| Creditor | Opened Date | Currently Past Due | Remarks |
| Account Type | Closed Date | Current Balance | 12 Month Payment History |
| | Verified Date | Monthly Payment | |

| TOYOTA MTR | 08/11/03 | -- -- -- | |
| Installment account | -- -- -- | -- -- -- | |
| | 12/31/04 | $240.00 Monthly | Nov Oct Sep Aug Jul Jun May Apr Mar Feb Jan Dec |
| | | | C C C C C C C C C C C C |
| | | | '04 '04 '04 '04 '04 '04 '04 '04 '04 '04 '04 '03 |

| TOYOTA MTR | 07/01/00 | -- -- -- | Closed |
| Installment account | 07/01/02 | -- -- -- | Jun May Apr Mar Feb Jan Dec Nov Oct Sep Aug Jul |
| | 07/01/02 | $295.00 Monthly | C C C C C C C C C C C C |
| | | | '02 '02 '02 '02 '02 '02 '01 '01 '01 '01 '01 '01 |

| -- CREDIT INQUIRIES -- | | |
|---|---|---|
| Date | Inquirer | Reason |
| 02/05/10 | SCREENING PR | Miscellaneous |

If you decline your applicant based on information within this TU report, direct them to:
TransUnion Attn:Consumer Disclosure Department
P.O. Box 1000, Chester, PA 19022   1 (800) 888-4213

**END OF REFORMATTED TRANSUNION CREDIT REPORT**

```
+----------------------------------------------------------------------+
|                -- ORIGINAL TRANSUNION CREDIT REPORT --               |
+----------------------------------------------------------------------+
```

00000465164001            TRANSUNION CREDIT REPORT

<FOR>          <SUB NAME>        <MKT SUB>  <INFILE>   <DATE>      <TIME>
(I) Z LA2824851 SCREENING PR      12 SK     11/83     02/05/10    17:34CT

<SUBJECT>                                          <SSN>          <BIRTH DATE>
MORAN, GABRIEL F.
<CURRENT ADDRESS>                                                 <DATE RPTD>
855 TORO LN., LATHROP CA. 95330                                   6/00
<FORMER ADDRESS>
5254 RIVERSIDE AV., SAN PABLO CA. 94806
5264 RIVERSIDE AV., SAN PABLO CA. 94806
<CURRENT EMPLOYER AND ADDRESS>
GABRIELS GARDENING

<FORMER EMPLOYER AND ADDRESS>
NEW HAVEN UNITED SCH

------------------------------------------------------------------------
S P E C I A L   M E S S A G E S
***ADDRESS ALERT: CURRENT INPUT ADDRESS DOES NOT MATCH FILE ADDRESS(ES) ***
****HIGH RISK FRAUD ALERT:CLEAR FOR ALL SEARCHES PERFORMED***
------------------------------------------------------------------------
C R E D I T   S U M M A R Y   * * *   T O T A L   F I L E   H I S T O R Y
PR=0  COL=4  NEG=0  HSTNEG=0    TRD=2  RVL=0  INST=2  MTG=0  OPN=0  INQ=1
          HIGH CRED  CRED LIM  BALANCE  PAST DUE  MNTHLY PAY AVAILABLE
INSTALLMENT: $10.1K    $         $        $0
TOTALS:      $10.1K    $         $        $0       $
------------------------------------------------------------------------
C O L L E C T I O N S
SUBNAME       SUBCODE   ECOA  OPENED  CLOSED $PLACED  CREDITOR          MOP
ACCOUNT#                     VERIFIED       BALANCE  REMARKS
MEDICREDIT    Y 184P007 I     5/08          $2800    MEDICAL           09B
15137598                      1/10A         $3345    ACCT INFO DSP BY CSM

BAY AREA C S  Y 4445001 I     9/09          $66      AT T WEST         09B
82369824                      10/09A        $66      PLACED FOR COLLECTIO

CB STOCKTON   Y 1XYF001 I     6/07          $275     MEL RAMSTEAD METZG 09B
5010760000358662              3/08A         $298     ACCT INFO DSP BY CSM

BEST SERV CO  Y 200N001 I     9/06  5/09F $302       OB BANK OF THE WES 09P
6296                          6/09A         $0       PAID COLLECTION
------------------------------------------------------------------------
T R A D E S
SUBNAME       SUBCODE   OPENED  HIGHCRED TERMS    MAXDELQ  PAYPAT  1-12 MOP
ACCOUNT#               VERFIED  CREDLIM  PASTDUE  AMT-MOP  PAYPAT 13-24
ECOA COLLATRL/LOANTYPE CLSD/PD BALANCE  REMARKS                MO 30/60/90
TOYOTA MTR    Q 4176123 8/03  $10.1K    60M240            111111111111 I01
70400362961510001      12/04A          $0                 11111
J   AUTOMOBILE                                              17   0/ 0/ 0

TOYOTA MTR    Q 4176123 7/00  $6195     24M295            111111111111 I01
70400361920870001      7/02A           $0                 111111111111
------------------------------------------------------------------------
```

```
I    AUTOMOBILE        7/02C  $0      CLOSED                  24  0/ 0/ 0
-------------------------------------------------------------------------
I N Q U I R I E S
DATE     SUBCODE        SUBNAME       TYPE     AMOUNT
 2/05/10 ZLA2824851(CAL) SCREENING PR
-------------------------------------------------------------------------
C R E D I T   R E P O R T   S E R V I C E D   B Y :
TRANSUNION                                        800 888-4213
2 BALDWIN PLACE, P. O. BOX 1000,CHESTER, PA. 19022
Consumer disclosures can be obtained online through TransUnion at:
      http://www.transunion.com
                         END OF TRANSUNION REPORT
```

If you decline your applicant based on information within this TU report, direct them to:

TransUnion Attn:Consumer Disclosure Department

P.O. Box 1000, Chester, PA 19022   1 (800) 888-4213

**END OF ORIGINAL TRANSUNION CREDIT REPORT**

| **Thank You For Using The Screening Pros** |
| :---: |
| On-line reports available 24/7 |

| **— ATTENTION —** |
| :---: |
| The following criminal data is a summary only. |
| Contact member services if you need the original criminal report. |

Consumer Report For: MAPLE SQUARE

Transaction Number:   465164 - 1

Comment:

Date - Time: 02/05/10 15:31:52

| **— APPLICANT INFORMATION PROVIDED BY MEMBER —** |
| :---: |

Applicant Name: MORAN, GABRIEL F     SS#:▓▓▓▓     State ID#:▓▓▓▓     DOB:▓▓▓▓

Current Address: 35555 ORLEANS DR , NEWARK, CA 94560

Previous Address:

| **— CRIMINAL REPORT —** |
| :---: |

| **— COUNTY CRIMINAL SUMMARY —** |
| :---: |

County / Jurisdiction: Alameda CA

Filing Date: 05/16/00

Charge / Offense: CT1: Under the Influence of a controlled substance

Disposition Date: 03/02/04

Disposition: Dismissed

Case Number: 188935

Offense Type: Misdemeanor

.......................................................................................................................................

County / Jurisdiction: Alameda CA

Filing Date: 06/04/06

Charge / Offense: CT1: Burglary 2nd degree

Disposition Date: 06/07/06

Disposition: Dismissed

Case Number: 217842

Offense Type: Misdemeanor

.......................................................................................................................................

County / Jurisdiction: Alameda CA

Filing Date: 06/04/06

Charge / Offense: CT2: Forgery

Disposition Date: 06/07/06

Disposition: Dismissed

Case Number: 217842

Offense Type: Misdemeanor

.......................................................................................................................................

County / Jurisdiction: Alameda CA

Filing Date: 06/04/06

Charge / Offense: CT3: Embezzlement; Theft by non caretaker from older or dependent adult

Disposition Date: 06/07/06

Disposition: Guilty-60 Days jail; 3 Years court probation; $500 Fine

Case Number: 217842

Offense Type: Misdemeanor

**NOTE:** The dissemination of public records such as criminal records is based on an exact match of an individual's full name and full date of birth. Other identifiers such as address and social security numbers may be used in matching criminal records if available. It is the sole responsibility of the end-user to verify that the requested criminal reports are submitted accurately to ensure an accurate search.

**NOTE:** There are several states that prevent a consumer reporting agency from reporting records for various reasons. In accordance with specific state law(s), certain criminal records may not be reportable. To identify what these specific provisions are by state, click here for civil code text.

━━━━━━━━━━━━ END CRIMINAL REPORT ━━━━━━━━━━━━

# EXHIBIT "6"



# LETTER OF INELIGIBILITY

Date: 2/5/10

GABRIEL MORAN

35555 ORLEANS DR.

NEWARK, CA. 94560

Dear   APPLICANT

Following an in-depth screening per our Resident Selection Criteria and verification of all information provided, we have determined that you are not eligible for admission at _MAPLE SQUARE_ for the following reason (s):

**APPLICATION:**
☐ Incomplete application
☐ False information
☐ Insufficient references

**CREDIT HISTORY:**
☐ Delinquent debts
☐ Excessive financial obligations
☐ Bankruptcy

**RENTAL HISTORY:**
☐ Unable to verify references
☐ Unable to obtain landlord reference
☐ Garnishment, repossession, law suit, etc.
☐ Unable to verify residence
☐ Unsatisfactory previous occupancy

**INCOME:**
☐ Cannot verify employment
☐ Unable to verify income
☐ Income over the maximum income limit
☐ Insufficient income

**IN-HOME VISIT:**
☐ Poor house inspection

**CRIMINAL RECORD:**
☐ Conviction of crimes involving physical violence to persons or property or illegal drug activity of any kind.

**OTHER:** _CRIMINAL RECORD SHOWED OTHER MISDEMEANORS_

You have the right to make a written request within 14 days of receipt of this notice to request a meeting to discuss your ineligibility status. Send your request to:

c/o Solari Enterprises, Inc.
1572 N. Main Street
Orange, CA 92867

Please be informed that we conform to all Local, State and Federal laws prohibiting discrimination against applicants wishing to rent an apartment. A response does not preclude any applicant from exercising their right to pursue other avenues if the applicant feels he/she is being discriminated against on the basis of race, color, religion, sex, handicap, familial status, or national origin. Thank you for your interest in our apartments. You are welcome to re-apply when the above problem(s) have been corrected.

Authorized Agent

Routing: 1. To Applicant 2. Copy to Applicant File

RU-313

SER340

EXHIBIT "7"

# REPORT OF ANNE P. FORTNEY

At the request of counsel for defendant, The Screening Pros, Inc. ("TSP"), I have prepared this report for use in the case entitled *Moran v. The Screening Pros.*, pending under Case No. 2:12-cv-05808-SVW-AGR, in the United States District Court for the Central District of California.

## I. QUALIFICATIONS

I am a partner with the law firm of Hudson Cook, LLP. For more than 35 years, my work has involved the interpretation of federal and state consumer protection laws concerning the consumer financial services industry.

My first experience in consumer financial services was as in-house counsel at the JC Penney Company in the late 70's and early 80's – a time when Penney was one of the largest credit card issuers in the country. During that time, I worked closely with Penney's credit department and senior management. I also represented Penney in legislative and regulatory matters, in federal and state investigations, and in litigation. As a credit card issuer, Penney was required to comply with the Fair Credit Reporting Act (FCRA), and I worked with the Penney credit department to ensure that Penney complied with its obligations under the FCRA.

My knowledge and understanding of consumer financial services issues were enhanced by more than four years in the Bureau of Consumer Protection at the Federal Trade Commission (FTC), including my service as the Director of the Division of Credit Practices. I was responsible for the nationwide enforcement of federal consumer laws, including the FCRA. In that capacity, I oversaw the development of the FTC's formal interpretations of the FCRA, including the FTC's proposed Commentary on the FCRA. I was also personally involved in the FTC's initiatives to protect consumers from identity theft involving credit card fraud and misuse. These initiatives included developing consumer education materials and programs, and increasing consumer awareness of credit card identity theft through numerous newspaper and radio interviews and television appearances, including an appearance on Good Morning America.

I have been in private practice for more than 25 years since leaving the FTC. During that time, I have worked on many issues under the FCRA with clients in the consumer financial services industry. I have also defended clients in law enforcement investigations brought by the FTC and state attorneys general.

In 2006, I was counsel of record on the *amicus curiae* brief submitted to the United States Supreme Court on behalf of the Consumer Data Industry Association ("CDIA") in the consolidated cases of *Safeco Ins. Co. of America v. Burr* and *GEICO General Ins. Co. v. Edo.* I have written compliance materials on the FCRA, including the current and prior versions of the

CDIA Manual on *How to Comply with the Fair Credit Reporting Act*, and prepared CDIA's *Credit Reporting Agency Compliance Checklists*. My articles on fair credit reporting and fair lending have appeared in the *Consumer Finance Law Quarterly Report, The Business Lawyer, Credit World* and other publications.

I am a past Chair of the Privacy Subcommittee and of the Federal and State Activities Subcommittee of the American Bar Association's Consumer Financial Services Committee. I am a founding member of the American College of Consumer Financial Services Lawyers, a professional association of lawyers particularly skilled and experienced in handling consumer finance matters and dedicated to the improvement and enhancement of the skill and practice of consumer financial services law and the ethics of the profession. I am the immediate past Chairman of the Governing Committee of the Conference on Consumer Finance Law, the nation's oldest legal association for consumer finance lawyers. Membership in both the American College of Consumer Financial Services Lawyers and the Conference on Consumer Finance Law is only by invitation.

I have testified as an invited expert witness before Congressional Committees and Subcommittees regarding the operation of various consumer protection laws, including the FCRA. In June 2007, I was invited by Chairman Barney Frank to testify before the House Committee on Financial Services at the hearing on "Credit Reports: Consumers' Ability to Dispute and Change Inaccurate Information." I testified on behalf of furnishers based upon my personal and professional experiences. In May 2008, I was again invited by Chairman Frank to testify before the Committee on Financial Services on "Examining the Need for H.R. 2885, Credit Monitoring Clarification Act." Although the purpose of the hearing on H.R. 2885 was to explore the need for an amendment to the Credit Repair Organizations Act, there was significant discussion about the inaccuracies in credit reports caused by credit repair organizations' attempts to delete negative but accurate information from a consumers' credit reports.

For my work in this matter, I am being compensated at a rate of $665 per hour. My detailed qualifications in the form of a *curriculum vitae*, list of publications authored during the preceding 10 years, and list of the cases in which I have testified by deposition or at trial during the preceding 4 years are attached as Attachment A hereto.

## II. Information Considered

I have been asked to render an opinion concerning the reasonableness of TSP's interpretation of its obligations under FCRA section 605(a) [15 U.S.C. 1681c(a)] in reporting criminal record information on the plaintiff Gabriel Felix Moran.

In rendering this report, I have considered the following:

1. Plaintiff's First Amended Complaint ("Complaint")

Case: 12-57246, 01/27/2014, ID: 8954138, DktEntry: 37-3, Page 80 of 157
Case 2:12-cv-05808-SVW-AGR   Document 30   Filed 10/23/12   Page 77 of 90   Page ID #:686

3

2. Notice of Removal of Action under 28 U.S.C. § 1331 (Federal Question) and Exhibits Thereto.
3. Defendant's Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities in Support Thereof.
4. Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities in Support Thereof.
5. Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities in Support Thereof.
6. Order Granting in Part and Denying in Part Defendant's Motion to Dismiss.

## III. FACTUAL BACKGROUND

The following factual summary is based upon the material provided to me as of the date of this report. To the extent that additional discovery or other information is made available to me, I reserve the right to amend or modify the opinion stated herein.

TSP is a consumer reporting agency that provides tenant screening services to landlords in connection with the leasing of residential properties.[1] In February 2010, TSP provided a report to a housing project called Maple Square in connection with Moran's application for housing in the project.[2] In addition to an eviction-rental history and a TransUnion credit report, the TSP report contained the following criminal history:

County / Jurisdiction: Alameda CA      Case Number: 188935
Filing Date: 05/16/00         Offense Type: Misdemeanor
Charge / Offense:  CTI: Under the influence of a controlled substance
Disposition Date:  03/02/04
Disposition:  Dismissed
..............................................................................................................

County / Jurisdiction: Alameda CA      Case Number: 217842
Filing Date: 06/04/06        Offense Type:  Misdemeanor
Charge / Offense: CTI: Burglary 2$^{nd}$ degree
Disposition Date: 06/07/06
Disposition: Dismissed
..............................................................................................................

County / Jurisdiction:  Alameda CA     Case Number: 217842
Filing Date: 06/04/06        Offense Type:  Misdemeanor
Charge / Offense: CT2: Forgery
Disposition Date: 06/07/06
Disposition: Dismissed

---

[1] First Amended Complaint ("Complaint") ¶ 5.
[2] *Id.* ¶ 35; Exhibit 1 to Complaint.

HC# 4829-4844-6225

..................................................................................................

County / Jurisdiction:  Alameda CA                          Case Number 217842
Filing Date:  06/04/06                             Offense Type:  Misdemeanor
Charge/Offense:   CT3:   Embezzlement;  Theft  by  non  caretaker  from  older  or
dependent adult
Disposition Date:  06/07/06[3]
Disposition:  Guilty-60 Days jail; 3 Years court probation; $500 fine

Moran's housing application was denied because of his criminal record report.[4]  Moran filed
a lawsuit against TSP in California Superior Court, alleging that the TSP report included
criminal history information in violation of the FCRA and California's Investigative Consumer
Reporting Agencies Act.[5]  TSP removed the action to the United States District Court for the
Central District of California (the "Court").[6]

Moran does not dispute the accuracy of any of the information in the TSP report, including
his criminal history and conviction.  Moran alleges however that the information with respect to
the first criminal charge, "under the influence of a controlled substance," with a filing date of
5/16/00 and a disposition date of 03/02/04 violated 15 U.S.C. 1681c(a)(5).[7]

TPS filed a motion to dismiss the complaint.  In denying the motion with respect to the
counts relating to alleged violations of 15 U.S.C. 1681c(a)(5), the Court held:

> The [TSP] Report does not mention Plaintiff's arrest per se. Rather, the Report
> allegedly discloses that on May 16, 2000, Plaintiff was charged with one count of
> being under the influence of a controlled substance. This constitutes an "adverse item
> of information" under section 1681c(a)(5), and thus the seven-year window began on
> May 16, 2000. Because Defendant delivered the Report on February 5, 2010, the
> seven-year reporting period for this criminal event had long expired. Therefore,
> Plaintiff has stated a claim that Defendant violated section 1681c(a)(5).[8]

---

[3] Exhibit 1 to Complaint.
[4] Complaint ¶ 48.
[5] Complaint, ¶¶ 54-99 Moran first filed a lawsuit alleging only violations of the California Investigative
Consumer Reporting Agencies Act.  After TSP filed a demurrer to this complaint, Moran filed an
amended complaint that also alleged three violations of the FCRA. *See* Notice of Removal of Action
under 28 U.S.C. § 1331 (Federal Question) and Exhibits Thereto.
[6] Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order") at 1.
[7] Complaint ¶¶ 36-39.
[8] Order at 10.

HC# 4829-4844-6225

5

## IV. CRIMINAL BACKGROUND SCREENINGS AND THE
## FAIR CREDIT REPORTING ACT

In enacting the FCRA, the U.S. Congress recognized that the efficient functioning of the consumer reporting industry was vital to the U.S. economy. Congress specifically provided that:

> It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.[9]

The functioning of the U.S. economy is, in large measure, based on a consumer reporting system that is most often accurate enough to permit users of consumer reports to make informed decisions. Because the FCRA provides a means by which consumer report users may quickly and inexpensively obtain and evaluate any consumer's risk, U.S. consumers have greater and more rapid access to products and services, at a lower cost, than any other consumers in the world.[10]

Landlords are interested in renting their properties to those tenants who are financially qualified.  In addition, unlike creditors, landlords have other, less quantifiable concerns, such as selecting a tenant that who will not damage the rental property, traffic in illegal substances, use the property for illegal or immoral purposes, harm other tenants or fail to make rental payments when due. Tenant screening companies seek to provide relevant information to landlords at a cost-effective price that will allow them to address these concerns and mitigate their risks.

Landlords do not rely exclusively on tenant screening reports to assess the desirability of a particular applicant.  Rather, landlords evaluate the totality of the application information, and they typically conduct their own investigations in making this determination.  For example, in identifying a tenant who does not pay the rent on time or whose rental payment checks are frequently returned due to insufficient funds, a landlord may not rely entirely on credit reports, but may also inquire as to whether the tenant's prior landlord encountered any of these problems. Thus, information that is relevant to the landlord's determination will often be based upon multiple sources.

In enacting the FCRA, the U.S. Congress sought to balance the "needs of commerce" with the "fair and equitable" treatment of the consumer.  It did so in part, by limiting the information that consumer reporting agencies could report.  That is, Congress balanced the report user's need for the information against the privacy interests of the individual.  As a result of this balancing, the FCRA specifically limits what consumer reporting agencies can report with regard to certain information.

---

[9] FCRA § 602(b)(1) [15 U.S.C. § 1681(b)].
[10] *See* Walter F. Kitchenman, *U.S. Credit Reporting: Perceived Benefits Outweigh Privacy Concerns*, The Tower Group, at 5 (Jan. 1999) available at http://www.privacyalliance.org/resources/kitcenman.pdf>.

HC# 4829-4844-6225

6

When enacted, the FCRA limited the reporting of an individual's criminal history as follows:

> [N]o consumer reporting agency may make any consumer report containing any of the following items of information:
>
> ...
>
> (2) Suits and judgments which, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
>
> ...
>
> (5) Records of arrest, indictment, or conviction of crime which, from date of disposition, release, or parole, antedate the report by more than seven years.
>
> (6) Any other adverse item of information which antedates the report by more than seven years.[11]

In time, the FCRA's limitation on the reporting of criminal convictions conflicted with the requirements of other federal laws. For example, the Financial Reform Recovery and Enforcement Act (FIRREA) of 1989 prohibited a bank from hiring any individual who *at any time* had been convicted of certain crimes.[12] Banks could obtain the criminal conviction information directly from public records for an indefinite period of time, but consumer reporting agencies could report that information for only seven years from the date of disposition, release, or parole.[13]

In apparent recognition of the problems arising from the limitation on the reporting of criminal convictions, the Consumer Reporting Employment Clarification Act of 1998 (the "Act") amended the FCRA to allow information relating to criminal convictions to be reported indefinitely.[14] The primary focus of the Act was to enable trucking companies to comply with the FCRA's requirements for users of consumer reports in screening truck driver applicants who would often apply by telephone or fax. The legislation was introduced and enacted quickly in the month before the 1998 Congressional elections, without a hearing or debate. The amendment to section 1681c(a) provided:

> Section 605(a) of the Fair Credit Reporting Act is amended –
>
> (1) in paragraph (2), by striking "Suits and Judgments which" and inserting "Civil suits, civil judgments, and records of arrest that";

---

[11] 15 U.S.C. § 1681c(a) (West 1997).
[12] Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L No. 101-73, 103 Stat. 183 (1989).
[13] FTC staff opinion letter Hayes-Halpern, available at: http://www.ftc.gov/os/statutes/fcra/halpern.shtm.
[14] Public Law 105-347.

HC# 4829-4844-6225

Case: 12-57246, 01/27/2014, ID: 8954138, DktEntry: 37-3, Page 84 of 157
Case 2:12-cv-05808-SVW-AGR   Document 30   Filed 10/23/12   Page 81 of 90   Page ID #:690

7

(2) by striking paragraph (5);

(3) in paragraph (6), by inserting ", other than records of convictions of crimes'" after "of information"; and

(4) by redesignating paragraph (6) as paragraph (5).[15]

According to the legislation's sponsor's summary, the amendment:

> Prohibits a consumer reporting agency from reporting on civil suits, civil judgments, and arrest records (currently, reporting on suits and judgments) that are more than seven years before the report or until the governing statute of limitations has expired, whichever is longer. ***Removes provisions prohibiting the reporting of certain criminal matters more than seven years before the report.*** Exempts records of criminal convictions from the general prohibition of reporting matters over seven years old.[16]

Thus, the only legislative history to the 1998 amendment to section 1681c(a) makes clear that the intent was to remove prohibitions on the reporting of criminal matters other than records of arrest.

As amended, section 1681c(a) reads:

> [N]o consumer reporting agency may make any consumer report containing any of the following items of information:
>
> * * *
>
> (2) Civil suits, civil judgments, and records of arrest that from the date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
>
> * * *
>
> (5) Any other adverse item of information, other than records of convictions of crimes, which antedates the report by more than seven years.[17]

In 1990 the Federal Trade Commission issued its Commentary on the Fair Credit Reporting Act ("Commentary") after publishing the proposed commentary for public comment in the Federal Register. Although the Commentary did not have the force and effect of a rule, it was entitled to *Chevron* deference. The FTC Commentary included the Commission interpretations of section 1681c(a):

---

[15] Public Law 105-347, Section 5.
[16] S. 2561, 105th Congress (1997-1998), Bill Summary & Status (Sen. Don Nickles, R-OK) available at *http://thomas.loc.gov/cgi-bin/bdquery/z?d105:SN02561:@@@D&summ2=m&*.
[17] FCRA §§ 605(a)(2)&(5) [[15 U.S.C. §§ 1681c(a)(2)&(5)].

HC# 4829-4844-6225

8

*Computation of Time Period*

The seven year reporting period runs from the date of disposition, release or parole, as applicable. For example, if charges are dismissed at or before trial, or the consumer is acquitted, the date of such dismissal or acquittal is the date of disposition. If the consumer is convicted of a crime and sentenced to confinement, the date of release or placement on parole controls. (Confinement, whether continuing or resulting from revocation of parole, may be reported until seven years after the confinement is terminated.) The sentencing date controls for a convicted consumer whose sentence does not include confinement. The fact that information concerning the arrest, indictment, or conviction of crime is obtained by the reporting agency at a later date from a more recent source (such as a newspaper or interview) does not serve to extend this reporting period.[18]

When the Consumer Financial Protection Bureau ("CFPB") came into existence in July 2011, the FTC believed that only the new agency had the authority to issue guidance under the FCRA. For that reason, the day before the establishment of the CFPB the FTC rescinded its FCRA Commentary and published a *staff* summary of FCRA interpretations.[19] There is an important distinction between formal interpretations and other actions by the full Commission and mere staff interpretations which the Commission has not formally adopted. Moreover, unlike the Commentary, the staff summary was never published for notice and comment or any way publicly vetted. In addition, when the FTC rescinded the Commentary, it did so only because it believed it no longer had the authority to issue interpretations under the FCRA.[20] Except as specifically noted in certain areas that do not include section 1681c(a), the FTC did not repudiate the Commentary.[21] Moreover, the FTC staff summary continued to rely on the above-quoted paragraph of the Commentary in interpreting section 1681c(a).[22]

---

[18] 16 CFR Part 600 ¶ 605(a)-2.

[19] 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations, available at: http://ftc.gov/opa/2011/07/fcra.shtm. The FTC Staff Summary was issued in 2011. For that reason it is irrelevant to irrelevant to TSP's interpretation of section 1681c(a) when it provided the criminal record reports on Moran in February 2010.

[20] FTC Staff Summary at 7.

[21] *Id.* at 7-16.

[22] In issuing its Order, the Court relied in part on the FTC's staff statement "The seven year period for criminal record information 'other than convictions of crimes' runs from the date of the reported event." Order at 9. The Court failed to note, however, that the FTC staff cited as authority for that statement ¶ 605(a)-2 of the FTC Commentary quoted above. FTC staff summary at 57, n.194. This citation indicates that the FTC staff did not interpret the 1998 amendments to section 1681c(a) as modifying the "reported event" for purposes of calculating the seven-year period.

HC# 4829-4844-6225

Case: 12-57246, 01/27/2014, ID: 8954138, DktEntry: 37-3, Page 86 of 157
Case 2:12-cv-05808-SVW-AGR   Document 30   Filed 10/23/12   Page 83 of 90   Page ID #:692

9

The FCRA requires a consumer reporting agency to follow reasonable procedures to assure maximum possible accuracy of the consumer report information it reports.[23]  It would be reasonable for a consumer reporting agency to interpret that requirement to mean that a criminal record report should include all information relating to the criminal charge on the report. Because the FCRA permits the reporting of the disposition of a criminal charge, or release from prison or parole for a period of seven years, it would be reasonable for a consumer reporting agency to include all information relating to the criminal charge that resulted in the disposition, release or parole.

In this case, the Court ruled that Moran stated a claim that TSP violated section 1681c(a)(5) by disclosing that Moran was charged with being under the influence of a controlled substance on May 16, 2000 and the report was delivered on February 5, 2010.  However, under the Court's ruling, the disposition of this charge and information relating to the disposition could be reported because the date of disposition was within the seven year period under section 1681c(a).

The reasonableness of an interpretation that the TSP report could include all information relating to the disposition can be illustrated by contrasting the difference between (a) the report that TSP furnished involving the charge of under the influence of a controlled substance and (b) the report that TSP would have been permitted to provide under the Court's ruling:

**The TSP Record Report:**

County / Jurisdiction: Alameda CA                    Case Number: 188935
Filing Date: 05/16/00                                         Offense Type: Misdemeanor
Charge / Offense:  CTI: Under the influence of a controlled substance
Disposition Date:  03/02/04
Disposition:  Dismissed

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**The TSP Record Report as Permitted Under the Court's Interpretation:**

**Alternative A:**

County / Jurisdiction: Alameda CA                    Case Number: 188935
                                                                     Offense Type: Misdemeanor
Charge / Offense:  CTI: Under the influence of a controlled substance
Disposition Date:  03/02/04
Disposition:  Dismissed

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[23] FCRA § 607(b) [15 U.S.C. § 1681e(b)]. Moran does not dispute the accuracy of the TSP report with respect to the charge of being under the influence of a controlled substance. The Court dismissed Moran's complaint allegations with respect to the accuracy of the other criminal records for failure to state a claim upon which relief could be granted. Order at 11.

HC# 4829-4844-6225

Case: 12-57246, 01/27/2014, ID: 8954138, DktEntry: 37-3, Page 87 of 157
Case 2:12-cv-05808-SVW-AGR   Document 30   Filed 10/23/12   Page 84 of 90   Page ID #:693

10

Omitting the filing date in this Alternative A only conceals when the Charge/Offense was filed. That omission alone raises the question of whether a filing date alone could be an "adverse item of information." There is no date attached to the Charge/Offense or the Offense Type, but if those items were to be removed, the report would read:

**Alternative B:**

County / Jurisdiction: Alameda CA                    Case Number: 188935
Disposition Date: 03/02/04
Disposition: Dismissed
..................................

A report that contains only the disposition and the date of disposition does not convey enough information for a user to form an opinion as to the nature or seriousness of the charge. Such a redacted report would raise a serious question as to whether the report meets the FCRA's requirements for "maximum possible accuracy." An interpretation consistent with the FTC's FCRA Commentary which permits the reporting of the entire record for seven years from the date of disposition would be consistent with the requirement that the consumer reporting agency follow reasonable procedures to assure the maximum possible accuracy of the information reported.

## V. OPINION

At the time that TSP provided the consumer report on Moran to its client, no court had ruled on the date to be used in calculating the seven-year statutory period for criminal records when the records contained both a "filing date" of the criminal offense and the date of disposition. The only regulatory guidance available was the FTC's FCRA Commentary. TSP's method of calculating that period was consistent with the language and history of the FCRA; it was consistent with the only legislative history to amended section 1681c(a); it was consistent with FTC Commentary; and the method was consistent with the FCRA's requirement that a consumer reporting agency follow reasonable procedures to assure the maximum possible accuracy of the consumer report. For these reasons, based on my more than 35 years experience, I believe that TSP's interpretation of the FCRA in calculating the seven-year period in the report on Moran based on the disposition date was entirely reasonable.

_Anne P. Fortney_                    _October 22, 2012_
Anne P. Fortney                      Date

HC# 4829-4844-6225

*Anne P. Fortney*
*Curriculum Vitae*

**Attachment A**

**Hudson Cook, LLP**
1020 19th Street, NW
7th Floor
Washington, DC 20036
Phone: (202) 223-6930
Fax: (202) 223-6935

Email: afortney@hudco.com

**Employment**

- 2003-Present      Partner, Hudson Cook, LLP.
- 1997-2003      Managing Partner, Lovells, Washington, DC office; Of Counsel (1997-1998).
- 1987-1997      Partner, Carlsmith Ball, Honolulu, HI and Washington DC; Of Counsel (1987-1989).
- 1982-1986      Associate Director for Credit Practices, Bureau of Consumer Protection, Federal Trade Commission (FTC), Washington DC.
- 1976-1982      Attorney, JC Penney Company, Washington DC.
- 1973-1976      Attorney, Bureau of Consumer Protection, FTC, Washington DC.
- 1972-1973      Attorney Advisor, Commissioner Mary Gardiner Jones, FTC, Washington DC.
- 1969-1971      Associate, Cleary, Gottlieb, Steen and Hamilton, Washington DC.

**Education**

- 1985      Harvard University, John F. Kennedy School of Government, Senior Managers in Government Program.
- 1969      Georgetown University Law Center (Juris Doctor).
- 1966      Mary Washington College (Bachelor of Arts with Final Honors).
- 1965      Institute for American Universities, Aix-en-Provence, France.

**Bar Admissions**

- 1987   Hawaii State Bar Association.
- 1982   United States Supreme Court Bar.
- 1969   District of Columbia Bar.

*Anne P. Fortney*
*Curriculum Vitae*

**Recent Congressional Testimony**

U.S. House of Representatives Subcommittee on Financial Institutions and Consumer Credit House Committee on Financial Services, Use of Credit Information Beyond Lending: Issues and Reform Proposals, May 12, 2010.

U.S. House of Representatives Subcommittee On Financial Institutions And Consumer Credit, Keeping Score on Credit Scores: An Overview of Credit Scores, Credit Reports and Their Impact on Consumers, March 24, 2010.

U.S. House of Representatives Committee On Financial Services, Examining the Need for H.R. 2885, The Credit Monitoring Clarification Act, May 20, 2008.

U.S. House of Representatives Committee On Financial Services, Credit Reports: Consumers' Ability To Dispute And Change Inaccurate Information, June 19, 2007.

**Expert Witness in Litigation**

*Adams v. National Engineering Service Corp., et al.,* Case No: 3:07-CV-1035 (JCH), U.S. District Court for the District of Connecticut, 2008; 2009.**

*Ashby et al. v. Farmers Group, Inc., et al.,* Case No. CV01-1446-BR, U.S. District Court for the District of Oregon, 2004; 2006.**

*Beck v. Equifax Information Services, LLC, et al.,* Case No. 3:05CV091, U. S. District Court for the Eastern District of Virginia, Alexandria Division, 2005.

*Brownstein v. Equifax Information Services, LLC and American Express Company,* Case No. 05-1774, U. S. District Court for the Eastern District of Pennsylvania, 2006.

*Bruce v. Keybank National Association, doing business as Champion Mortgage,* Case No. 2:05-CV-330, U.S. District Court for the Northern District of Indiana, 2006.*

*CSI Investment Partners II, L.P., et al., v. Cendant Corporation, et al,* Case No. 00Civ.1422(DAB), U.S. District Court for the Southern District of New York, 2006.*

*Cairns v. GMAC Mortgage Corporation, Experian Information Solutions, Inc., Equifax Information Services, L.L.C., and The Provident Bank d/b/a PCFS Mortgage Resources,* CV-04-1840 PHX-DGC, U.S. District Court for the District of Arizona, 2005.

*Collins v. IndyMac Bank, F.S.B., et al,* Case No: SACV 06-100 DOC (ANx), U.S. District Court for the Central District of California, Eastern Division, 2007.

*Cope v. Experian Information Solutions, Inc. et al.,* Case No. 04-CV-493-JE, U. S. District Court for the District of Oregon, 2005.*

*Drew v. Equifax Information Services, LLC, et al.,* Case No. CV-07-00726-SI, in the U.S. District Court for the Northern District of California, 2008

*Anne P. Fortney*
*Curriculum Vitae*

*Dunlap v. Capital One Bank (USA), N.A.*, Civil Action No.09-C-515-H and Civil Action No. 09-C-512-B, Circuit Court of Raleigh County, West Virginia, 2010.

*Evans v. Verifications, Inc.*, Case No. BC476864, Superior Court of the State of California, County of Los Angeles, 2012.

*In Re: Farmers Insurance Co., Inc. Fair Credit Reporting Act Litigation*, MDL No. 1564, Case No. CIV-03-158-F, U.S. District Court for the Western District of Oklahoma, 2006.*

*Ferrarelli v. Capital One Auto Finance, Inc. et al.*, Case No. 1:07-CV-389, U.S. District Court for the Southern District of Ohio, Western Division, 2008.

*Ferrarelli v. Federated Financial Corp.*, Case No. 1:07-CV-685, in the U. S. District Court for the Southern District of Ohio, Western Division, 2008.**

*Geaney, et al. v. Equifax Information Services, LLC, et al.*, Case No. 1:05-CV-01629 REC-LJO, U. S. District Court for the Eastern District of California, Fresno Division, 2007.

*Grizzard v. Trans Union, L.L.C. et al.*, Case No. 3 :04CV625, U. S. District Court for the Eastern District of Virginia, Richmond Division, 2005.*

*In re: H&R Block Mortgage Corp., Prescreening Litigation*, Case No: 2:06-MD-230 (MDL 1767), U. S. District Court for the Northern District of Indiana, 2007.

*Harris v. Circuit City Stores, Inc.*, Case No: 1:07-cv-02512, U. S. District Court for the Northern District of Illinois, Eastern Division, 2008.

*Holmes v. TeleCheck International, Inc., et al.*, Case No. 3:05-0633, U.S. District Court for the Middle District of Tennessee, 2006; 2008.**

*Jones v. Experian Information Solutions, Inc. et al.*, Case No. 1:11-cv-826 CMH/TCB in the U. S. District Court for the Eastern District of Virginia, Alexandria Division, 2011.

*Lockhart v. Equifax Information Services, LLC, et al.*, Case No. 4:07-cv-62, U.S. District Court for the Eastern District of Virginia, Richmond Division, 2008.

*Mark v. Valley Insurance Company and Valley Property and Casualty*, Case No. 01-1575 BR, U.S. District Court for the District of Oregon, 2003.

*Mendoza v. Verizon Wireless, et al.*, Case No. H-02-2465, U.S. District Court for the Southern District of Texas, Houston Division, 2003

*In re: MicroBilt Corporation, et al.*, Case No: 11-18143 (MKB), U.S. Bankruptcy Court for the District of New Jersey, 2012.

*Mokel v. Verizon Virginia, LLC*, Case No.1:120V624 TSE/JFE, in the U.S. District Court for the Eastern District of Virginia, Alexandria Division, 2012.

*Anne P. Fortney*
*Curriculum Vitae*

*Moseley v. Monogram Credit Card Bank of Georgia*, Case No. CV05-0801-PHX-SRB, U.S. District Court for the District of Arizona, 2006.

*Murray v. IndyMac Bank, F.S.B.*, Case No: 04-C-7669, U.S. District Court for the Northern District of Illinois, Eastern Division, 2007.

*Paysinger v. Santander Consumer USA, Inc., d.b.a. Drive Financial Services*, Case No: C07-00859-HRL U.S. District Court for the Central District of California, 2010.

*Rausch and Jason Reynolds v. The Hartford Financial Services Group, Inc. and Hartford Fire Insurance Company*, Case No. CV 01-1529 BR, U.S. District Court for the District of Oregon, 2003.

*Razilov v. Nationwide Mutual Ins. Co. and Allied Group, Inc.*, Case No. 01-1466 BR, U.S. District Court for the District of Oregon, 2003.

*Ryals et al v. HireRight Solutions, Inc. et al*, U.S. District Court for the Eastern District of Virginia, Richmond Division, Civil No. 3:09cv625, 2010.

*Smith et al. v. The Progressive Corporation et al.*, Case No. 1:00-CV-210-MMP, U.S. District Court, Northern District of Florida, 2001.

*Stillmock, et al. v. Rugged Wearhouse, Inc., et al.*, Case No.1:07-cv-01340-JFM, U.S. District Court for the District of Maryland, 2007.

*Sweitzer v. American Express Centurion Bank, et al.*, Case No. 2:05-CV-650, U.S. District Court for the Southern District of Ohio, Eastern Division, 2007.*

*Thomas v. Friends Rehabilitation Program, Inc. et al*, Case No. 001012, Court of Common Pleas for Philadelphia County, 2006.

*Wiesjahn v. Capital One Auto Finance, Inc., Capital One Services, Inc. et al..*, Case No: 2:06CV402, U.S. District Court for the Northern District of Indiana, Hammond Division, 2007.

*Williams v. MBNA America Bank, NA*, Case No. 2:06-CV-13910, U.S. District Court for the Eastern District of Michigan, 2007.

*Willes v. State Farm Fire and Casualty Co. and State Farm Mutual Automobile Insurance Company*, Case No. 01-1457 BR, U.S. District Court for the District of Oregon, 2003.

*White v. First American Registry, Inc.*, Case No. 04 CV 1611 (LAK), U.S. District Court for the Southern District of New York, 2004.*

*Wood v. Capital One Auto Finance, Inc.*, Case No: 06-C-7, U.S. District Court for the Eastern District of Wisconsin, Milwaukee Division, 2008.
   * Cases marked with an asterisk are those where I gave deposition testimony.
   ** I also testified at jury trials in these cases. In each case, the jury returned a verdict for my client.

SER355

*Anne P. Fortney*
*Curriculum Vitae*

### Professional Associations

- 1982-Present  Member, Consumer Financial Services Committee of the American Bar Association Business Law Section; Chair, Consumer Communications Subcommittee (1983-1986); Vice-Chair, Privacy Subcommittee (1991-1992); Chair, Privacy Subcommittee (1993-1995); Vice-Chair, FTC Activities Subcommittee (1997-2000); Chair, Federal and State Practice Subcommittee (2000-2003).

- 1995-Present  Member, Governing Committee of the Conference on Consumer Finance Law (1995 – present); Vice-President (1999-2006); President (2006-2009); Chairman (2009-2012).

- 1996-Present  Founding Member, American College of Consumer Financial Services Lawyers.

- 1992-1995  Vice-Chair, Financial Services Committee of the American Bar Association Administrative Law Section.

### Recent Presentations at Industry Conferences and Programs

- American Bar Association Consumer Financial Services Committee (multiple times, 1997-2012).
- American Conference Institute (multiple times, 2001-2006).
- American Financial Services Association (multiple times, 1989-2009).
- Consumer Bankers Association (March and August 2001).
- Conference on Consumer Finance Law (multiple times, 1995-2004).
- Consumer Data Industry Association (multiple times, 1997-2011).
- Consumer Industry Research Council (multiple times, 2000-2005).
- Credit Card Bank Compliance Association (multiple times, 2002-2007).
- Experian Law Conferences (multiple times, 1998-2012).
- Hudson Cook Housing and Auto Finance Workshop (multiple times, 2004-2012).
- National Association of Dealer Counsel (multiple times, 2006-2007).
- National Automobile Dealers Association (2007).
- National Retail Federation ("NRF") (Aug. 2000).
- NRF Credit Managers Division (Sept. 1997 and Sept. 2000).
- Payment Card Institute (2009 and 2010).
- Practicing Law Institute (multiple times, 1998-2000).

SER356

*Anne P. Fortney*
*Curriculum Vitae*

**Publications**

- *CARLAW® Compliance Series* Dealer Compliance Guide - Risk-Based Pricing (2010).
- *A Dealer Guide to Adverse Action Notices*, National Automobile Dealers Association Management Series (2007; 2010).
- *Federal Laws Applicable to Consumer Data Security Breaches*, 59 Consumer Fin. L. Q. 229 (2005).
- *Uniform National Standards for a Nationwide Industry – FCRA Preemption of State Laws under the FACT Act*, 58 Consumer Fin. L. Q. 259 (2004).
- *Auto Finance Litigation Under the Equal Credit Opportunity Act*, 57 Consumer Fin. L. Q. 227 (2003).
- *Selected Fair Credit Reporting and Privacy Issues and Developments*, 56 Consumer Fin. L. Q. 58 (2002).
- *How to Comply With the Fair Credit Reporting Act* (Associated Credit Bureaus, Inc. 2000).
- *How to Comply With the Fair Credit Reporting Act* (Associated Credit Bureaus, Inc. 1997).
- *Fair Lending Law Developments*, 55 Bus. Law. 1309 (2000).
- *Fair Credit Reporting Act Potential Liability of Furnishers and Users of Consumer Reports*, 1114 PLI/Corp 361 (April-May 1999).
- *Fair Lending Law Developments*, 54 Bus. Law. 1329 (1999).
- *Recent Fair Lending Developments Affecting Auto Lenders and Lessors*, 52 Consumer Fin. L. Q. 358 (1998).
- *The New Fair Credit Reporting Act – New Duties; New Liabilities; New Questions*, 52 Consumer Fin. L. Q. 17 (1998).
- *Fair Credit Reporting Act Duties of Furnishers and Users of Consumer Reports*, 1048 PLI/Comm 9 (April-May 1998).
- *Fair Credit Reporting Act Creates New Duties for Employers*, Credit World (May/June 1998).
- *An Argument for Retaining the Uniform Commercial Code*, 51 Consumer Fin. L. Q. 315 (1997).
- *Privacy, Consumer Credit Reporting, and Fair Lending Developments*, 51 Consumer Fin. L. Q. 41 (1997).
- *Fair Lending Issues Affecting Subprime Credit Markets*, 50 Consumer Fin. L. Q. Rep. 290 (1996).

SER357

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
418 N. Marguerita Ave. #D
Alhambra, California 91801
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua Kim, Esq. (SBN #257260)
PO Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
GABRIEL FELIX MORAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GABRIEL FELIX MORAN,<br><br>            Plaintiff,<br><br>      vs.<br><br>THE SCREENING PROS, LLC., a California Corporation; and DOES 1-10 inclusive;<br><br>            Defendants. | CASE NO.: 2:12-CV-05808-SVW-AGR<br><br>HON. STEPHEN V. WILSON<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: February 2, 2012<br>Removed: July 5, 2012<br>Pretrial Conference: December 17, 2012<br>Trial Date: December 18, 2012 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

    PLEASE TAKE NOTICE THAT, Plaintiff GABRIEL F. MORAN ("PLAINTIFF") will

and hereby does oppose Defendant's Motion for Summary Judgment.

DATED: October 29, 2012              DEVIN H. FOK ESQ.
                                THE LAW OFFICES OF DEVIN H. FOK

                          By: _____ /S/ _____
                                Devin H. Fok
                                Attorneys for Plaintiff GABRIEL F. MORAN

PLAINTIFF'S *EX PARTE* MOTION TO CONTINUE TRIAL - ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The original trial date for this action was November 20, 2012[1]. Defendant filed this motion for summary judgment ("MSJ") on October 22, 2012, and scheduled for hearing on November 19, 2012. Pursuant to the California Rules of Court, Local Rules, 7-9, Plaintiff must filed his opposition papers by October 29, 2012, leaving Plaintiff 7 days to prepare the subject opposition.

Meanwhile, Defendant filed two additional motions in this case all scheduled to be heard on the same day on November 19, 2012 and requiring extensive briefing: 1) Defendant's motion for reconsideration; and 2) Defendant's Motion for Judgment on the Pleadings. Moreover, Defendant noticed and in fact took Plaintiff's deposition on October 29, 2012 for eight hours leaving Plaintiff's counsel with little opportunity to fully respond to Defendant's MSJ.

At the same time, Defendant has failed to provide documents pursuant to the initial Rule 26 exchange on October 15, 2012 as agreed by the parties; has failed to provide complete responses to Plaintiff's written discovery; and has failed to provide its Person Most Knowledgeable ("PMK") for deposition which was scheduled on October 23, 2012.

Defendant's counsel Mr. Saltz has also filed meritless motions in another case all with an intent to harass Plaintiff's counsel, increase the cost of litigation, and to prevent Plaintiff from being able to appropriate prepare for trial which was originally scheduled on November 20, 2012.

By design, a motion for summary judgment is intended to spare the court and the parties the expense of an unnecessary trial. *FRCP 56.02*; *Pahuta v. Massey-Ferguson, Inc. (2d Cir. 1999)* 170F.3d 125, 130 ["It is axiomatic that the purpose of summary judgment is to prevent trials that are unnecessary"]). Filing a motion for summary judgment with such short notice and scheduling the motion to be heard the day before the original date of trial defeats this purpose.

Not only is Defendant's motion, procedurally improper, it is also without substantive merit. Three causes of action are outstanding in Plaintiff's First Amended Complaint ("FAC"): 1681c(a)(5) for Defendant's wrongful reporting of Plaintiff's dismissed charge that antedate the

---

[1]  On or about October 25, 2012, and after Defendant has filed this motion, this Court granted Plaintiff's *ex parte* application to continue the trial date to December 17, 2012.

1  report by more than 7 years; and 1681e(a) Defendant's failure to use reasonable procedure to

2  prevent disclosure of such information; violations of 15 USC §§1681i for Defendant's failure to

3  investigate.

4       With respect to Plaintiff's First Cause of Action for Violation of 15 USC §1681c, this

5  Court has previously ruled that Defendant's report which discloses a dismissed 2000 charge

6  violate the Fair Credit Reporting Act ("FCRA")'s prohibition against disclose of adverse

7  information that antedate the report by more than 7 years. This is a purely legal issue and it is

8  settled pursuant to the Court's previous ruling denying Defendant's motion to dismiss.

9  Nevertheless, Defendant raises its unpersuasive argument yet again and based solely on the

10  superseded FTC Commentary that this Court has previously found unpersuasive. Accordingly,

11  Defendant's motion on this ground must be denied.

12       Plaintiff's Second Cause of Action for Violation of 15 USC §1681e(a) claim, Plaintiff

13  alleges that Defendant failed to use reasonable procedures to avoid violations of 15 USC §1681c,

14  the Court has held that Plaintiff has stated a prima facie case of 15 USC §1681c, Defendant has

15  accordingly violated this corollary section. In Defendant's MSJ, Defendant failed to introduce

16  any argument arguments or facts to show that there is no triable issue of material fact.

17  Accordingly, Plaintiff's Second Cause of Action must stand.

18       Third, Defendant challenges Plaintiff's Third Cause of Action for violation of 15 USC

19  §1681i for failing to investigate Plaintiff's dispute by arguing that it is a "reseller" of information

20  and therefore it is not required to investigate Plaintiff's dispute with respect to the contents of the

21  very reports that it issued. Defendant's argument is without merit and as further discussed below,

22  has been rejected by another court in *Poore v. Sterling Testing Systems, Inc.* (2006) 410

23  F.Supp.2d 557 that had occasion to address this exact same argument. The *Poore* Court reasoned

24  that a consumer reporting agency is not a "reseller" for purposes of the FCRA where it produced

25  the very report that gave rise to the error in dispute.

26       Finally, Defendant argues that Plaintiff cannot establish causation because denial of

27  housing is a prerequisite to discovery. As further discussed below, Defendant's argument has

28  been rejected by the 9th Circuit Court in *Guimond v. Trans Union Credit Info. Co.* (9th Cir. Cal.

29  1995) 45 F.3d 1329 where it held that denial of credit, and in this case, housing, is not a

30  prerequisite to recovery for violations of the FCRA.

31

32

## II.   STATEMENT OF FACTS

On or about February 5, 2010, Plaintiff sought affordable housing with a housing development called Maple Square. In connection with Plaintiff's rental application, Defendant issued three reports. Defendant issued the first two reports on February 5, 2010, which are entitled "-Eviction- Rental History Report-"[2] and "-Reformatted Transunion Credit Report-"[3]. On or about February 11, 2010, Defendant issued a third report, a "-Criminal Report-"disclosing information related to Plaintiff's criminal history.  The "-Criminal Report-" ("subject report") is the subject of this litigation.

In the subject report, Defendant disclosed Case No. 188935 dated May 16, 2000. The case was dismissed on or about March 2, 2004. On the basis of this criminal history report, Plaintiff was denied housing by Maple Square.

Subsequent to the issuance of this report, Plaintiff began a campaign to repair his credit and expunged his criminal convictions. On or about 2011, Plaintiff began to seek the assistance of a nonprofit agency called the East Bay Community Law Center ("EBCLC"). EBCLC undertook the petition the respective courts to expunge many of Plaintiff's convictions. On or about November 9, 2011, Plaintiff also requested EBCLC to dispute (hereafter as "dispute letter") the disclosed criminal information in the subject report to prevent such information from ever being disclosed to any other third party should Plaintiff seek to apply to Maple Square again for housing or any other bay-area affordable housing development. (*Fok Decl., Ex. "4"*).

However, to date, Defendant has failed to respond to the dispute letter in direct violation of 15 USC §1681i. Defendant's failure to delete the disputed information leaves Plaintiff anxious and distressed by the possibility that such information may be reported again.

## III.   PROCEDURAL POSTURE

This action was originally filed in Los Angeles County Superior Court and was removed on July 5, 2012. On or about July 12, 2012, Defendant filed a motion to dismiss all except one causes of action. On or about September 10, 2012, this Court issued a tentative oral ruling on

---

[2] *See* Complaint, Exhibit "1", p.1 of 7 of the report.
[3] *See* Complaint, Exhibit "1", p.3-6 of 7 of the report.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1   Defendant's motion to dismiss and set a trial date in this case for November 20, 2012 with a

2   pretrial conference scheduled for November 19, 2012.

3        On or about September 13, 2012, Plaintiff's counsel requested Defendant to engage in a

4   Rule 26 conference in light of the trial date set by the Court. However, Defendant refused to

5   engage in a Rule 26 conference until this Court issues a final written ruling on Defendant's

6   motion to dismiss.

7        On or about September 14, 2012, Plaintiff served written discovery on Defendant. On or

8   about September 28, 2012, this Court issued a final written ruling on Defendant's motion to

9   Dismiss.

10        On or about October 2, 2012, Plaintiff also served Defendant with a notice of deposition

11   of Defendant's Persons Most Knowledgeable ("PMK") to be taken on October 23, 2012.

12   However, Defendant objected to Plaintiff's notice of deposition and to date, has failed to provide

13   a date available for his deposition.

14        On or about October 4, 2012, Defendant answered Plaintiff's Complaint and on the same

15   date, the parties finally engaged in a Rule 26 conference. Defendant's counsel agreed to provide

16   initial exchanges by October 15, 2012. However, to date, Defendant and its counsel has wholly

17   failed to provide any such exchange of evidence.

18        On or about October 8, 2012, Defendant filed a motion for reconsideration of the Court's

19   September 28, 2012 order. The hearing was originally set for November 5, 2012 but has been

20   moved to November 19, 2012.

21        On or about October 12, 2012, Defendant filed a motion for judgment on the pleadings

22   despite having already filed a motion to dismiss. The hearing date again is scheduled for

23   November 19, 2012.

24        Several days later and on October 22, 2012, Defendant filed this motion for summary

25   judgment and again, scheduled to be heard on November 19, 2012.

26        On or about October 9, 2012, Plaintiff filed an *ex parte* motion to continue the trial date.

27   On October 25, 2012, this Court granted Plaintiff's motion and continued the trial date to

28   December 18, 2012.

29   //

30   //

31   //

32   //

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

IV.    **ARGUMENT**

    a.   **Triable Issue Of Material Fact Exists With Respect to Plaintiff's First Cause**
       **of Action for Violation of 15 USC §§1681c and 1681e(a).**

Defendant argues that its report does not violate 15 USC §§1681a(2) and (5) because the running of the 7-year statutory period is calculated from the date of disposition of the criminal charge and not the date of entry. Defendant originally made this argument in its motion to dismiss and was rejected by this Court.  The Court's ruling in this regard is dispositive.

> "Following the 1998 amendment, however, the 1990 commentary to section [1681]c(a) lots its force. Nowhere is this more evident that in the stark inconsistency between the commentary and the plain text of the modern FCRA: whereas the commentary opines that the seven-year period for records of arrest begins at the date of disposition, the amended statute expressly provides that the seven-year period for records of arrest begins at the date of entry. In short, because the 1990 commentary was based on the pre-1998 version of the FCRA, it offers little insight inot the current meaning of §§1681c(a)(2),(5). Accordingly, the Court declines to rely on the 1990 commentary….
>
> For the foregoing reasons, the Court concludes that section 1681c(a)(2) of the FCRA prohibits consumer reporting agencies from disclosing records of arrest for more than seven years after the date of entry, and section 1681c(a)(5) prohibits reporting agencies from disclosing other criminal record information, except convictions, for more than seven years after the date of the reported criminal event…"

In this motion, Defendant makes the exact same argument and based on the exact same superseded FTC opinion. In addition, Defendant introduces the legal arguments of Ms. Anne P. Fortney disguised as a declaration. Ms. Fortney is a partner of Hudson Cook, LLP, a firm that defends "Auto Dealers and Fleet Sales Companies"; "Insurance Companies"; "Banks" and consumer reporting Agencies such as "Experience". (*See* http://www.hudsoncook.com/section.cfm?section_id=5). Defendant wants the Court to give credence to Ms. Fortney's legal argument because she worked for the FTC some 25 years ago, well before the amendment in question which prohibits the disclosure of outdated criminal history information from the "date of entry." (*See Fortney Decl. Ex. 7*, P.1, ¶5). Ms. Fortney's

declaration does not change the fact that the FCRA has been amended and that the FTC's 1990

Commentary which is Defendant's sole authority has been superseded.

> **b.  Defendant is Not A Reseller of Information For Purposes of the FCRA Because Defendant's Report Contains the Very Illegal Information that is the Subject of the Dispute**

Defendant argues that it is not required to resolve the dispute with respect to the items it reported in its own consumer report  because it is a reseller of criminal history information. In support, Defendant introduces the self-serving declaration of Mr. Gary Glucroft the founder and current president of Defendant. Mr. Glucroft custom tailored its declaration to 15 USC §1681a(u) by stating that it obtains public criminal court record reports from a variety of third-party vendors and it does not maintain a database of the assembled or merged information from which new consumer reports are produced. (*Glucroft Decl.,* ¶¶3-4). Obviously, after having failed to make Mr. Glucroft available for deposition, Plaintiff has not yet had a chance to test the veracity of his assertions.

Regardless, just because Mr. Glucroft says Defendant is a reseller of information and is not subject to 15 USC §1681i does not make it so. Defendant's argument has been previously rejected by the District Court in *Poore, supra,* 410 F.Supp.2d 557.

In *Poore*, the defendant consumer reporting agency prepared and furnished a consumer report to the plaintiff's prospective employer. On the basis of the inaccurate criminal history information contained therein, the employer denied Plaintiff's employment application. (*Id.* 560-561). The consumer reporting agency  argues in a motion for summary judgment that it cannot be held liable for the inaccurate information contained in the consumer report because "it was simply a reseller of the consumer report or, at least, the portion of the report that erroneously stated that Poore pleaded guilty to a DUI." (*Id.* at 566). The CRA argues that it purchased this portion of the report from a third party vendor and resold the criminal history report to Poore's prospective employer as part of a larger consumer report." (*Id.*).

The District Court rejected this argument holding that "a reseller is an entity that purchases and resells consumer reports but does not itself create any consumer information contained in the reports." The Court reasoned that since the consumer reporting agency prepared

1    or "assembled and evaluated" the report, it is not a reseller and must be held liable for any

2    inaccuracies contained therein. (*Id.* at 568-569).

3          Similarly here, Defendant created the subject consumer report on Plaintiff. (*Fok Decl.*,

4    Ex. "1", Request for Admissions ("RFA") No.3). Defendant admitted that it is a consumer

5    reporting agency within the meaning of the FCRA. (*Fok Decl.*, Ex. "1", RFA No.1). Defendant

6    received a fee for preparing the subject report which directly caused Plaintiff's rental application

7    to be denied. Similar to *Poore*, having prepared the consumer report, the only proper party to

8    resolve any inaccuracies in the report is Defendant. The fact that Defendant purchased the

9    criminal history information from some third party vendor is immaterial to Defendant's status as

10   a non-reseller. It would be beyond common sense to require Plaintiff to dispute the inaccuracies

11   in a consumer report issued by Defendant with some third party vendor that Plaintiff has never

12   knew existed prior to Defendant's motion for summary judgment.

13

14        **c.   Defendant's Illegal Reporting of Obsolete Criminal History Information Is**

15             **Subject to 15 USC §1681i**

16

17        One of the most critical protections provided by the FCRA is the consumer's right to

18   dispute the accuracy or completeness of any item of information in his or her file. Under the

19   FCRA, 15 USC §1681e(b), a CRA must use reasonable procedures to ensure the "maximum

20   possible accuracy" of the information reported. The term "accurate" is not defined under the

21   FCRA. However, the in its official commentary it defines an "accurate" report as containing any

22   information that is "complete, accurate, and not obsolete." (FTC Official Staff Commentary

23   §§607 item 3F(6), 55 Fed Reg. 18804 [this discussion is not superseded by subsequent

24   amendments]).

25        Here, since Defendant's report contains illegally reported obsolete criminal history

26   information that antedates the report by more than 7-years from the date of entry, Defendant is

27   required to conduct a reinvestigation pursuant to a written dispute by Plaintiff.

28        Moreover, under 15 USC §1681i(a)(5), any unverifiable information must be promptly

29   deleted by the consumer reporting agency. It provides:

30        "Treatment of inaccurate or *unverified* information

31             (A) In general

32

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or *cannot* be verified, the consumer reporting agency shall –

(i)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." (Emphasis added).

Here, the underlying case dockets in Case No. 188935 has long been purged and destroyed by the Alameda County Superior Court. (*Fok Decl. Ex. "2"*). Since the records are destroyed, and information related to Case No. 188935 is no longer verifiable, pursuant to 15 USC §1681i(a)(5), Defendant was required to delete such information but has failed to do so.

### d.  Denial of Housing Is Not a Prerequisite to Recovery Under Violations of the FCRA.

In its motion for summary judgment, Defendant argues that "to create an issue of fact as to causation, a Plaintiff must produce evidence that an alleged inaccurate entry in a credit report was a substantial factor in the denial of credit, adverse credit, or other harm." (*MSJ, P. 13*). In support, Defendant cites to authority in the 8th and 11th Circuit.

However, 9th Circuit authority in *Guimond v. Trans Union Credit Info. Co.* (9th Cir. Cal. 1995) 45 F.3d 1329 directly contradicts Defendant's argument. In *Guimond*, the Court stated:

"The term 'actual damages' has been interpreted to include recovery for emotional distress and humiliation. [Citation] Moreover, *no case has held that a denial of credit is a prerequisite to recovery under the FCRA* … [i]n addition, we find that a failure to comply with §1681e(b) is actionable even absent a denial of credit. Accordingly, the district court erred in finding that any liability under §1681e(b) was predicated, as a matter of law, on the occurrence of some event – denial of credit or transmission of the report to third parties – resulting from the compilation and retention of erroneous information." (*Id.* at 1333).

1   Thus, under the rule established in *Guidmond*, denial of housing is not a prerequisite to recovery

2   for inconvenience and emotional and mental distressed caused by Defendant's violation of the

3   FCRA. In this regard, Plaintiff has submitted sufficient evidence in support.

4        In his declaration, as well as his deposition that was taken today on October 29, 2012, he

5   stated that the disclosure of the dismissed charges including case no. 188935 caused him mental

6   and emotional distress.

7        Plaintiff stated that he suffered permanent brain injury when he was ten. (*Moran Decl.*

8   ¶4). Despite his disability, he undertook the arduous process of learning to and petitioning

9   various California Courts for dismissal of his criminal records between 2009 to 2010. (*Moran*

10  *Decl.* ¶11). He does not have a car, and he spent many hours commuting by bike, and often in the

11  rain going from courthouse to courthouse to petition for expungement. He sought the help of

12  various public interest organizations for letter of recommendation in order to demonstrate his

13  rehabilitation to the courts. (*Moran Decl.* ¶12).  Due to his perseverance, he successfully

14  petitioned many of his conviction.

15       However, when Defendant disclosed his dismissed criminal case (No. 188935) in his

16  tenant screening report, he became extremely concerned and disturbed because this case cannot

17  be expunged since Plaintiff was never convicted. (*Moran Decl.* ¶14).  The underlying records in

18  this case have long been destroyed and it is no longer available in the courts. Plaintiff has no

19  other judicial recourse to prevent Defendant from reporting this case in the future.

20       Moreover, Plaintiff's anxiety and uncertainty is compounded by the fact that Defendant

21  failed to reinvestigate and resolve Plaintiff's dispute pursuant to 15 USC §1681i. Plaintiff is

22  reprehensive of the fact that if he reapplies for Maple Square, or any other affordable housing in

23  the future that Defendant's services may be utilized and that it may continue to report the

24  dismissed case. (*Moran Decl.* ¶17).

25       For a short time following receipt of this report, Plaintiff isolated himself in his room and

26  avoided public contact. Eventually, he made up his mind to seek help and ultimately obtained the

27  assistance of Mr. Jesse Hsieh from the East Bay Community Law Center ("EBCLC") to dispute

28  the information in his tenant screening report. (*Fok Decl., Ex." 4"*).

29       Plaintiff's elderly mother has dementia and he is her only support. Due to Defendant's

30  conduct, Plaintiff has to take time away from the care of his mother to travel to EBCLC either in

31  his bike or other forms of public transportation to resolve the issues with respect to the content of

32

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1   the subject report. Plaintiff has been extremely inconvenience and all of the foregoing are proper

2   items of recovery pursuant to *Guidmond, supra.*

3

4        **e.  Defendant Has Willfully And/Or Reckless Violated The FCRA**

5

6        In its motion, Defendant argues that it has not willfully and/or reckless violated the

7   FCRA, 15 USC §1681c(a)(5) because it reasonably relied on the FTC's 1990 Commentary

8   interpreting the statute.

9        The FTC commentary relied on by Defendant is based on the pre-1998 version of 15

10  USC §1681c(a)(2),  which used to prohibit the reporting of the following information:

11             "Records of arrest, indictment, information, misdemeanor complaint, or

12             conviction of a crime that from the date of disposition, release, or parole, antedate

13             the report by more than seven years."

14  However, after the 1998 amendment to the FCRA, 15 USC §1681a reads as follows:

15             "(a)(2) Civil suits, civil judgments, and records of arrest that, *from date of entry*,

16             antedate the report by more than seven years or until the governing statute of

17             limitations has expired, whichever is the longer period."(Emphasis added).

18                                    ***

19             (a)(5) Any other adverse item of information, other than records of convictions of

20             crimes which antedates the report by more than seven years."

21       The post 1998 amendment to the FCRA looks nothing like the pre-1998 version. Indeed

22  the Court in its September 29, 2012 ruling stated "the [pre-amendment statute] looked markedly

23  different then." This Court also found that the expressed language of the statute "*from date of*

24  *entry*" is "stark[ly] inconsisten[t]" from the pre-1998 amendment. Thus it is unreasonable for

25  Defendant to use the pre-amendment FTC interpretation to interpret the post-amendment statute.

26       In support of Defendant's argument, it submits the declaration of Mr. Gary Glucroft who

27  testifies that in some seminar given by an undisclosed entity or trainer, he learned that the 7-year

28  period is calculated from the date of disposition. (*Glucroft Decl.* ¶9). Mr. Glucroft's declaration

29  is unpersuasive.   Attached as Exhibit "3" to the declaration of Mr. Devin Fok is a consumer

30  report issued by a companied called "Credit Source, LLC." It is a predecessor of Defendant, and

31  it is an entity associated with Mr. Gary Glucroft and shares the same former address and process

32  server. In a consumer report issued by Mr. Glucroft's company in 2008, it discloses traffic

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1  infractions and other criminal cases that are dismissed more than 10 years from the issuance of

2  the report. The report discloses the following criminal history information:

| County/ Jurisdiction: San Bernardino CA | Case Number: [REDACTED] |
|---|---|
| Filing Date: 06/24/98 | Offense Type: Felony |
| Charge/Offense: CT1: Take vehicle without owner's consent/vehicle theft | |
| Disposition Date: N/A | |
| Disposition: Dismissed | |

10  Mr. Glucroft's company chose to disclose the dismissed charge even where it was unaware of the

11  disposition date. Such a report is a clear violation of both the pre-1998 and post-1998

12  amendment of the FCRA. To the extent that Mr. Glucroft maintains the same policy for

13  Defendant The Screening Pros, LLC, it shows an intentional and/or reckless violation of the law.

14  After all, Mr. Glucroft testified in his declaration that he knows what the law is by going to these

15  seminars. (*See Glucroft Decl.* ¶9).

### CONCLUSION

19       Based on the foregoing, Plaintiff respectfully requests the Court to deny Defendant's

20  motion for summary judgment. In the alternative, as thoroughly discussed above, because

21  Defendant has deprived Plaintiff of an opportunity to conduct discovery relating to the factual

22  assertions raised in Defendant's motion, Plaintiff respectfully request a continuance of the

23  motion for summary judgment to conduct the deposition of Defendant's PMK Gary Glucroft and

24  other individuals on whose behalf, a declaration has been submitted.

DATED: October 29, 2012              DEVIN H. FOK ESQ.
                                     THE LAW OFFICES OF DEVIN H. FOK

                            By: _____/S/_____
                                     Devin H. Fok
                                     Attorneys for Plaintiff GABRIEL F. MORAN

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
511 S. Monterey St., Unit C.
Alhambra, California 91801
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua Kim, Esq. (SBN #257260)
PO Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
GABRIEL FELIX MORAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GABRIEL FELIX MORAN,<br><br>       Plaintiff,<br><br>       vs.<br><br>THE SCREENING PROS, LLC., a California Corporation; and DOES 1-10 inclusive;<br><br>       Defendants. | CASE NO.: 2:12-cv-05808-SVW-AGR<br><br>HON. STEPHEN V. WILSON<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: February 2, 2012<br>Removed: July 5, 2012<br>Pretrial Conference: December 17, 2012<br>Trial Date: December 18, 2012 |

//
//

PLAINTIFF'S SEPARATE STATEMENT ET AL. - i

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, Plaintiff GABRIEL F. MORAN ("PLAINTIFF") will and hereby does introduce the following undisputed material facts.

## UNDISPUTED MATERIAL FACTS

| | **Uncontroverted Fact** | | **Supporting Evidence** |
|---|---|---|---|
| 1. | On or about February 1, 2010, Plaintiff Gabriel Moran applied for housing with Maple Square Apartments ("Maple Square"). | 1. | Plaintiff's First Amended Complaint ("FAC"), ¶33, attached to the Declaration of Michael J. Saltz ("Saltz Declaration") as Exhibit **"2"**; Declaration of Mark Rodriguez, ¶4 ("Rodriguez Decl.); Application for Government Assisted Housing signed by Plaintiff Moran attached to Rodriguez Decl. as Exhibit "3". |
| 2. | In connection with his housing application, Defendant The Screening Pros, LLC ("TSP") issued a tenant screening report including a criminal history report on Plaintiff. | 2. | Declaration of Devin H. Fok ("Fok Declaration") Exhibit "1". |
| 3. | The subject report disclosed information related to Case No. 188935 which indicates a filing of date of 5/16/00, 7 years from the date of the report. | 3. | TSP's Consumer Report on Mr. Moran issued to Maple Square attached to Rodriguez Decl. as Exhibit **"5"**. |
| 4. | This information violates 15 USC §1681c(a) | 4. | This Court's September 28, 2012 Order granting in part, denying in part Defendant's motion to dismiss. |
| 5. | Defendant maintains a policy which routinely, intentionally and or recklessly violates consumer rights under 15 USC | 5. | This Court's September 28, 2012 Order granting in part, denying in part Defendant's motion to dismiss; Fok |

| | | | |
|---|---|---|---|
| | | §1681a by routinely disclosing obsolete criminal history information that is disposed even beyond the 7-year period. | Declaration, **Exhibit "3"**. |
| 6. | | Plaintiff submitted a dispute to Defendant pursuant to 15 USC §1681i and was ignored by Defendant. | 6. Fok Declaration, **Exhibit "4"**. |
| 7. | | Defendant is not a reseller of information and is required to investigate Plaintiff's dispute. | 7. Plaintiff's Opposition to Defendant's Motion For Summary Judgment, P. 6-7; *Poore v. Sterling Testing Systems, Inc.* (2006) 410 F.Supp.2d 557 |
| 8. | | Plaintiff suffered damages as a result of Defendant's wrongful conduct including emotional distress, and loss of time and inconvenience. | 8. Gabriel Moran's Declaration. |

DATED: October 29, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____/S/_____
Devin H. Fok
Attorneys for Plaintiff GABRIEL F. MORAN

PLAINTIFF'S SEPARATE STATEMENT ET AL. - 2

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
418 N. Marguerita Ave. #D
Alhambra, California 91801
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua Kim, Esq. (SBN #257260)
PO Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
GABRIEL FELIX MORAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GABRIEL FELIX MORAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE SCREENING PROS, LLC., a California Corporation; and DOES 1-10 inclusive;<br><br>Defendants. | CASE NO.: 2:12-CV-05808-SVW-AGR<br><br>HON. STEPHEN V. WILSON<br><br>**DECLARATION OF PLAINTIFF GABRIEL F. MORAN IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: February 2, 2012<br>Removed: July 5, 2012<br>Pretrial Conference: November 19, 2012<br>Trial Date: November 20, 2012 |

DECLARATION OF GABRILE F. MORAN - i

SER374

## DECLARATION OF GABRIEL F. MORAN

I, GABRIEL F. MORAN, declare:

1.      I am the named Plaintiff in this action and I have personal, firsthand knowledge of the facts set forth herein.

2.      On or about February 2010, I submitted a housing application to a senior affordable housing development named Maple Square.

3.      I am a person of extremely modest means and I receive a fixed income from social security. Accordingly, I desperately needed the affordable housing opportunity provided by Maple Square.

4.      I was born on January 22, 1957. When I was ten, I injured my head while I was traveling on a bike and suffered a permanent injury that affected my development. I have been constantly told by my mother that I was very bright prior to my injury.

5.      This injury deeply affected me and I was constantly the subject of harassment and ridicule.

6.      When I was in my late teens and early 20s, I became addicted to alcohol and drugs due not only to my brother's influence but also by my need to escape from the pain that I was suffering.

7.      My addiction lasted over 30 years.

8.      Over the course of my addiction, I did many things that I seriously regret, including committing various theft-related crimes to sustain my habit.

9.      However, in 2009, I decided to turn my life around and with the help of my church and various community organizations, I became clean and sober and have been clean and sober to today.

10.     Since 2009, I also undertook to expunge my criminal record so that I could find better housing and possibly employment opportunities.

11.     The expungement process was long and tedious. Over course of my substance abuse, I have received dozens of criminal convictions for theft-related crimes in various courthouses around California. I took it upon myself to learn about the expungement process and to petition the Court to expunge many of my convictions.

12.     I also sought the help of various community organizations and nonprofit agencies such as the East Bay Community Law Center ("EBCLC") to assist me in the process.

DECLARATION OF GABRIEL F. MORAN - 1

13.     All but one of my criminal convictions have been expunged, and it is case No. 217842 which was inadvertently missed and but will be expunged.

14.     However, what is particularly troubling to me is Defendant's reporting of case No. 188935. It is a case that I was never convicted and accordingly cannot be expunged. I am extremely disturbed over the fact of the disclosure of this dismissed case.

15.     The underlying records in this case have long been destroyed and it is no longer available in the courts. I have no other judicial recourse to prevent Defendant's reporting of this case.

16.     In November of 2011, the EBCLC submitted a dispute on my behalf to Defendant to prevent Defendant's further disclosure of this criminal case. This is the only recourse that I have in preventing Defendant from disclosing this charge to any of my other prospective landlords or Maple Square should I reapply for housing.

17.     However, Defendant has ignored the EBCLC dispute letter and to date, I am left wondering every time that I apply for housing whether Defendant will be the background reporting company and whether the dismissed charge will be reported again.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed this day of October 29, 2012 at Los Angeles, California.

_Gabriel Moran_

Gabriel F. Moran, Declarant

DECLARATION OF GABRIEL F. MORAN - 2

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
418 N. Marguerita Ave. #D
Alhambra, California 91801
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua Kim, Esq. (SBN #257260)
PO Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
GABRIEL FELIX MORAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GABRIEL FELIX MORAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE SCREENING PROS, LLC., a California Corporation; and DOES 1-10 inclusive;<br><br>Defendants. | CASE NO.: 2:12-CV-05808-SVW-AGR<br><br>HON. STEPHEN V. WILSON<br><br>**DECLARATION OF DEVIN H. FOK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: February 2, 2012<br>Removed: July 5, 2012<br>Pretrial Conference: December 17, 2012<br>Trial Date: December 18, 2012 |

DECLARATION OF DEVIN H. FOK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- i

## DECLARATION OF DEVIN H. FOK IN SUPPORT

I, DEVIN H. FOK, declare:

    1.    I am an attorney duly licensed to practice before the courts of the State of California, and a managing partner of the LAW OFFICES OF DEVIN H. FOK, and attorney of record for Plaintiff GABRIEL F. MORAN, in this action.  Except as the context indicates otherwise, I have personal, firsthand knowledge of the facts set forth herein.

    2.    This case was referred to me by Mr. Jesse Hsieh who was formerly with the East Bay Community Law Center ("EBCLC"). I was provided with this case due to Defendant's refusal to investigate a formal written dispute submitted by Mr. Hsieh on November 9, 2011. A true and correct copy is attached hereto as Exhibit "4").

    3.    Subsequent to the initiation of this lawsuit, I conducted an investigation which revealed that the underlying case records for Case No. 188935 has been destroyed. (Exhibit "2").

    4.    Following the initial of this lawsuit, I was approached by yet another consumer who possessed a consumer report issued by Credit Source, LLC which is similar in form to the reports issued by Defendant The Screening Pros, LLC. (A redacted copy of the report is attached as Exhibit "3"). I began investigation into this entity and found that both Credit Source, LLC and Defendant shared a prior address and the same process server. Upon further research, I am informed and believe that Defendant's founder and president Mr. Gary Glucroft is associated with these two entities.

    5.    Plaintiff has not yet been able to depose Mr. Glucroft to determine the exact nature of the relationship between Defendant and Credit Source, LLC.

    6.    Reports issued in connection with this case demonstrate a rampant disregard of consumer's rights as both contains dismissed criminal charges beyond the 7-year statutory period under 15 USC §1681c. The Credit Source, LLC report shows that even where there's no disposition date, Mr. Glucroft authorized his company to disclose such a record in direct contradiction to the statements asserted in his declaration.

    7.    Based on the evidence submitted herein, Plaintiff has clearly demonstrated trial issues of material facts with each of his causes of action.

    8.    Despite the substantive merit in Plaintiff's case, this motion should nevertheless be denied due to the procedural impropriety in Defendant's motion. Defendant's summary judgment motion is a concerted effort to increase the costs of this ligation and to undermine

Plaintiff's ability to prepare for trial by filing three separate motions including this motion for summary judgment within a short span of time and now all scheduled to be heard on November 19, 2012, the day before the original trial date.

9.      This action was originally filed in Los Angeles County Superior Court and was removed on July 5, 2012. On or about July 12, 2012, Defendant filed a motion to dismiss all except one causes of action. On or about September 10, 2012, this Court issued a tentative oral ruling on Defendant's motion to dismiss and set a trial date in this case for November 20, 2012 with a pretrial conference scheduled for November 19, 2012.

10.     On or about September 13, 2012, Plaintiff's counsel requested Defendant to engage in a Rule 26 conference in light of the trial date set by the Court. However, Defendant refused to engage in a Rule 26 conference until this Court issues a final written ruling on Defendant's motion to dismiss.

11.     On or about September 14, 2012, Plaintiff served written discovery on Defendant. On or about September 28, 2012, this Court issued a final written ruling on Defendant's motion to Dismiss.

12.     On or about October 2, 2012, Plaintiff also served Defendant with a notice of deposition of Defendant's Persons Most Knowledgeable ("PMK") to be taken on October 23, 2012. However, Defendant objected to Plaintiff's notice of deposition and to date, has failed to provide a date available for his deposition.

13.     On or about October 4, 2012, Defendant answered Plaintiff's Complaint and on the same date, the parties finally engaged in a Rule 26 conference. Defendant's counsel agreed to provide initial exchanges by October 15, 2012. However, to date, Defendant and its counsel has wholly failed to provide any such exchange of evidence.

14.     On or about October 8, 2012, Defendant filed a motion for reconsideration of the Court's September 28, 2012 order. The hearing was originally set for November 5, 2012 but has been moved to November 19, 2012.

15.     On or about October 12, 2012, Defendant filed a motion for judgment on the pleadings despite having already filed a motion to dismiss. The hearing date again is scheduled for November 19, 2012.

16.     Several days later and on October 22, 2012, Defendant filed this motion for summary judgment and again, scheduled to be heard on November 19, 2012.

DECLARATION OF DEVIN H. FOK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

17.     On or about October 9, 2012, Plaintiff filed an *ex parte* motion to continue the trial date. On October 25, 2012, this Court granted Plaintiff's motion and continued the trial date to December 18, 2012.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this day of October 29, 2012 at Los Angeles, California.

/S/
_____
Devin H. Fok, Declarant

DECLARATION OF DEVIN H. FOK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

# EXHIBIT "1"

1  JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
   Michael J. Saltz, Esq.  SBN 189751
2  msaltz@jrsfllp.com
   Colby A. Petersen, Esq. SBN 274387
3  cpetersen@jrsfllp.com
   G. Austin Sperry, Esq.  SBN 278535
4  asperry@jrsfllp.com
   10866 Wilshire Boulevard, Suite 1550
5  Los Angeles, CA  90024
   Telephone:  (310) 446-9900  Facsimile: (310) 446-9909
6
7  Attorneys for Defendant THE SCREENING PROS, LLC

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  GABRIEL FELIX MORAN,              Case No.: 2:12-cv-05808-SVW-AGR
11            Plaintiff,              RESPONSES TO REQUEST FOR
12                                    ADMISSION, SET ONE, TO DEFENDANT
       vs.                           THE SCREENING PROS
13
14                                   Complaint filed:  February 2, 2012
    THE SCREENING PROS, LLC a California  First Amended
15  Corporation; and DOES 1-10 inclusive,  Complaint Filed:  June 7, 2012
16                                   Removed:          July 5, 2012
            Defendants.              Trial Date:       November 20, 2012
17
18
19
20      PROPOUNDING PARTY:  PLAINTIFF GABRIEL F. MORAN

21      RESPONDING PARTY:       DEFENDANT THE SCREENING PROS, LLC

22      SET NO.:              ONE (1)

23
24
25
26
27
28

Case No.: 2:12-cv-05808-SVW-AGR
File No.: 5.371.001                        1
             RESPONSES TO REQUEST FOR ADMISSIONS – SET ONE

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA  90024
Tel.: 310.446.9900 • Fax: 310.446.9909

ORIGINAL

1    **REQUEST FOR ADMISSION, NO. 1**

2         Admit that YOU are or were during the relevant time period a consumer reporting

3    agency, as defined by 15 USC §1681a(f).

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

5         Admit, and Defendant is also a reseller of criminal record information.

6    **REQUEST FOR ADMISSION, NO. 2**

7         Admit that PLAINTIFF is or was, during the relevant time period, a "consumer"

8    within the meaning of 15 USC § 1681a(c).

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

10        Admit.

11   **REQUEST FOR ADMISSION, NO. 3**

12        Admit that YOU prepared the SUBJECT REPORT on PLAINTIFF.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

14        Admit.

15   **REQUEST FOR ADMISSION, NO. 4**

16        Admit that the SUBJECT REPORT is a consumer report ("CR") within the meaning

17   of 15 USC §168la(d).

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

19        Admit.

20   **REQUEST FOR ADMISSION, NO. 5**

21        Admit that the disclosure of information related to Case No. 188935 is prohibited by

22   15 USC 168lc(a)(2).

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

24        Deny. No arrest record was disclosed.

25   **REQUEST FOR ADMISSION, NO. 6**

26        Admit that the disclosure of information related to Case No. 188935 is prohibited by

27   15 USC 168lc(a)(5).

28   ///

Case No.: 2:12-cv-05808-SVW-AGR
File No.: 5.371.001                              2
RESPONSES TO REQUEST FOR ADMISSIONS – SET ONE

*Jacobson, Russell, Saltz & Fingerman, LLP*
*10868 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024*
*Tel.: 310.446.9900 • Fax: 310.446.9909*

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Deny. The 2011 FTC Commentary expressly states that dismissed criminal cases can be reported seven years from their disposition. Specifically, the FTC's 2011 commentary expressly incorporates the FTC's 1990 commentary as controlling authority in this regard by way of endnote 194.

**REQUEST FOR ADMISSION, NO. 7**

Admit that YOU failed to use reasonable procedures to ensure the maximum possible accuracy of the information reported related to Case No. 188935 of the SUBJECT REPORT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Deny. All information is indisputably accurate and was reported to the exact specifications as instructed by the 2011 FTC Commentary and its express incorporation of FTC's 1990 Commentary as done through endnote 194.

**REQUEST FOR ADMISSION, NO. 8**

Admit that YOU failed to use strict procedures to ensure that the information YOU reported related to Case No. 188935 is complete and up to date.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Deny. The case was reported dismissed and remains dismissed.

**REQUEST FOR ADMISSION, NO. 9**

Admit that YOU failed to use reasonable procedures to ensure the maximum possible accuracy of the information reported related to Case No. 217842 of the SUBJECT REPORT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Objection: All accuracy claims in the operative Complaint with regard to Case No. 217842 were dismissed by the Court through its Order on 9-28-2012. Further, the Court in that Order had determined that said case had been reported accurately.

**REQUEST FOR ADMISSION, NO. 10**

Admit that YOU failed to use strict procedures to ensure that the information YOU reported related to Case No. 217842 is complete and up to date.

///

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

2        Objection: All accuracy claims in the operative Complaint with regard to Case No.

3    217842 were dismissed by the Court through its Order on 9-28-2012. Further, the Court in

4    that Order had determined that said case had been reported accurately.

5    **REQUEST FOR ADMISSION, NO. 11**

6        Admit that YOU maintained a Post Office Box located at P.O. Box 3338, Chatsworth,

7    CA 91313 in 2011 and 2012.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 11**

9        Admit.

10   **REQUEST FOR ADMISSION, NO. 12**

11       Admit that YOU received a letter dated November 9, 2011 from the East Bay

12   Community Law Center regarding Plaintiff Gabriel Moran.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 12**

14       Deny. Defendant has no record of receiving any communication from the East Bay

15   Community Law Center regarding Plaintiff Gabriel Moran with that date or any follow up

16   communication from the East Bay Community Law Center or Gabriel Moran directly at any

17   time prior to the filing of this lawsuit.

18   **REQUEST FOR ADMISSION, NO. 13**

19       Admit that YOU failed to conduct any reinvestigation of the disputed information

20   within 30 days as required under 15 U.S.C. § 168li(a)(1).

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 13**

22       Deny. This request fo15 U.S.C. § 1681i(a)(1) does not apply or require resellers to do

23   anything.

24   **REQUEST FOR ADMISSION, NO. 14**

25       Admit that YOU failed to notify the recipients of the SUBJECT REPORT pursuant to

26   the written instructions of the letter dated November 9, 2011.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 14**

28       Deny. Request assumes facts not in evidence. The Screening Pros did not fail to do

anything with regards to a letter for which it has no record of receipt.

Case No.: 2:12-cv-05808-SVW-AGR

File No.: 5.371.001                                          4

**REQUEST FOR ADMISSION, NO. 15**

Admit that YOU failed to provide Plaintiff with a notice of determination and/or reinvestigation as compliant with 15 USC §168li.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Deny 15U.S.C. § 1681i places no such requirement on resellers of criminal information. As such, this responding party could not have failed to provide plaintiff with a written notice of determination.

**REQUEST FOR ADMISSION, NO. 16**

Admit that YOU failed to maintain an automated system through which furnishers of information to YOU may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Deny. This Responding Party, due to its limited geographic area in which it conducts its business, is not required to maintain such an automated system.

**REQUEST FOR ADMISSION, NO. 17**

Admit that YOU failed to provide a description of reinvestigation procedures as mandated under 15 USC § 1681(a)(7).

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Deny. 15 U.S.C. § 1681(a)(7) does not exist.

Dated: October 17, 2012

Jacobson, Russell, Saltz & Fingerman LLP

Colby A. Petersen, Esq.
Attorneys for Defendant

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA  90024
Tel: 310.446.9900 • Fax: 310.446.9909

## VERIFICATION

1    I have read the foregoing responses to discovery and know the contents therein. I am a party in

2 the above-entitled action.  I am informed and believe that the matters stated therein are true and on that

3 ground certify or declare under penalty of perjury under the laws of the United States of America that

4 the same are true and correct to the best of my knowledge.

5

6 Executed on October 15  , 2012

7

8                                                   _____

9                                                   Gary Glucroft

10

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: 2:12-cv-05808-SVW-AGR
File No.: 5.371.001

                                        1
                                  VERIFICATION

<div align="center">

**PROOF OF SERVICE**
</div>

My business address is 10866 Wilshire Boulevard, Suite 1550, Los Angeles, California 90024. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 and am not a party to the within action. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I enclosed a(n) ☐ true copy ☒ original of the following document(s) described as:

**RESPONSES TO REQUEST FOR ADMISSION, SET ONE, TO DEFENDANT THE SCREENING PROS**

☐ (VIA FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, on this date before 5 p.m.;

☒ (VIA MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California addressed as set forth below;

☐ (VIA OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed as set forth below;

☐ (VIA ELECTRONIC MAIL) I caused such document(s) to be sent electronically as a .pdf file(s) to the electronic mail address set forth below;

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq.
P.O. Box 7165
Alhambra, CA 91802-7165

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim, Esq.
P.O. Box 875288
Los Angeles, CA 90087

Executed on October 17, 2012 at Los Angeles, California.

☒ (Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Colby Petersen

Case No.: 2:12-cv-05808-SVW-AGR
File No.: 5.371.001

6

RESPONSES TO REQUEST FOR ADMISSIONS – SET ONE

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

# EXHIBIT "2"



Devin Fok <shaofok@gmail.com>

## CA v.s. Gabriel Felix-Alameda, CA

**Kara Adamik <kara@usretrieval.com>**                                Fri, Jun 1, 2012 at 3:39 PM
To: devin@devinfoklaw.com

Please find attached the entire file for the case 217842.  The case 188935 has been destroyed therefore there are no copies to supply.  Please let me know if you have any questions.  Thanks, Kara

U.S. Document Retrieval Service, Inc.
Kara Adamik-Nationwide Manager
11 Park Place, Suite 1512
New York, NY 10007
800-595-0145 (P)
800-595-3212 (F)

📎 **217842.pdf**
2225K

# EXHIBIT "3"

Consumer Reports                                                                                     Page 1

| — Thank you for using Credit Source, LLC — |
|---|
| On-line reports available 24/7 |

| — ATTENTION — |
|---|
| The following criminal data is a summary only. |
| Contact member services if you need the original criminal report. |

Consumer Report For: ~~████████████████~~                        Date - Time: ████████ 15:28:10

Transaction Number: ~~██████~~

Comment:

| — APPLICANT INFORMATION PROVIDED BY MEMBER — |
|---|

Applicant's Name: ~~████████████████~~    SS#: XXX-XX-~~████~~    State ID#: ~~██████████~~    DOB: ~~████~~64

Current Address: ~~████████████████████████~~

Previous Address: ~~████████████████████████~~

| — CRIMINAL REPORT — |
|---|

| — OFFENDER DESCRIPTION — |
|---|

Gender:                          Race:                              Hair Color:  Black

Eye Color:  Brown                Height: 5'5"                       Weight: 165

Markings:

| — MULTI-STATE SUMMARY — |
|---|

County / Jurisdiction:  San Bernardino  CA                         Case Number: ~~███████~~

Filing Date: 01/27/04                                              Offense Type: Infraction

Charge / Offense: CT1:Evidence of financial responsibility

Disposition Date: N/A

Disposition: Dismissed

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

County / Jurisdiction:  San Bernardino  CA                         Case Number: ~~███████~~

Filing Date: 04/07/04                                              Offense Type: Infraction

Charge / Offense: CT1:Registration required

Disposition Date: N/A

Disposition: Dismissed

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

County / Jurisdiction:  San Bernardino  CA                         Case Number: ~~███████~~

Filing Date: 04/07/04                                              Offense Type: Infraction

Charge / Offense: CT2:Failure to provide evidence of financial responsibility

Disposition Date: N/A

Disposition: Dismissed

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

2008-06-05

Case 2:12-cv-05808-SVW-AGR   Document 34   Filed 10/30/12   Page 17 of 23   Page ID #:755

Consumer Reports

Page 2

---

County / Jurisdiction: San Bernardino CA
Case Number: ~~████████~~
Filing Date: 04/07/04
Offense Type: Infraction
Charge / Offense: CT3:Def windshield & rear windows
Disposition Date: N/A
Disposition: Dismissed

---

County / Jurisdiction: San Bernardino CA
Case Number: ~~████████~~
Filing Date: 04/07/04
Offense Type: Infraction
Charge / Offense: CT4:No valid oper lic in poss
Disposition Date: N/A
Disposition: Dismissed

---

County / Jurisdiction: San Bernardino CA
Case Number: ~~████████~~
Filing Date: 01/27/04
Offense Type: Infraction
Charge / Offense: CT1:Evidence of financial responsiblity
Disposition Date: N/A
Disposition: Dismissed

---

County / Jurisdiction: San Bernardino CA
Case Number: ~~████████~~
Filing Date: 04/26/04
Offense Type: Felony
Charge / Offense: CT1:Petty theft w/ prior
Disposition Date: N/A
Disposition: Guilty

---

County / Jurisdiction: San Bernardino CA
Case Number: ~~████████~~
Filing Date: 01/15/98
Offense Type: Felony
Charge / Offense: CT1:Petty theft w/ prior
Disposition Date: N/A
Disposition: Guilty

---

County / Jurisdiction: San Bernardino CA
Case Number: ~~████████~~
Filing Date: 06/24/98
Offense Type: Felony
Charge / Offense: CT1:Take vehicle without owner's consent/vehicle theft
Disposition Date: N/A
Disposition: Dismissed

---

County / Jurisdiction: San Bernardino CA
Case Number: ~~████████~~
Filing Date: 02/02/00
Offense Type: Infraction
Charge / Offense: CT1:Basic speed law
Disposition Date: N/A
Disposition: Guilty

---

2008-06-05

Consumer Reports                                                                    Page 3

County / Jurisdiction:  San Bernardino CA                    Case Number: ~~PC~~
Filing Date: 02/02/00                                         Offense Type: Infraction
Charge / Offense: CT2:Failure to provide evidence of financial responsibilty
Disposition Date: 01/22/00
Disposition: Guilty

County / Jurisdiction:  San Bernardino CA                    Case Number: ~~M~~
Filing Date: 09/08/00     7/12/2000 violation dk             Offense Type: Misdemeanor
Charge / Offense: CT1:Disorderly conduct: Prostitution                PC 647(b) m
Disposition Date: N/A
Disposition: Guilty

County / Jurisdiction:  San Bernardino CA                    Case Number: ~~M~~
Filing Date: 09/08/00                                         Offense Type: Misdemeanor
Charge / Offense: CT2:FTA-Written promise
Disposition Date: 07/14/00
Disposition: Dismissed

———————————— END CRIMINAL REPORT ————————————

2008-06-05

SER394

## California Secretary of State Debra B

**Secretary of State**    Administration    Elections    Business Programs    Political Reform    Archives

**Business Entities (BE)**

Online Services
- Business Search
- Disclosure Search
- E-File Statements
- Processing Times

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Annual/Biennial Statements

Filing Tips

**Information Requests**
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business
- International Business
  Relations Program

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated weekly and is current as of Friday, October 26, 2012. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | CREDIT SOURCE LLC |
| **Entity Number:** | 200532210130 |
| **Date Filed:** | 11/17/2005 |
| **Status:** | CANCELED |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 4195 E THOUSAND OAKS BLVD STE 235 |
| **Entity City, State, Zip:** | WESTLAKE CA 91362 |
| **Agent for Service of Process:** | DAVID LEON |
| **Agent Address:** | 4195 E THOUSAND OAKS BLVD STE 235 |
| **Agent City, State, Zip:** | WESTLAKE CA 91362 |

\* Indicates the information is not contained in the California Secretary of State's database.

\* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Modify Search    New Search    Printer Friendly    Back to Search Results

Privacy Statement | Free Document Readers
Copyright © 2012   California Secretary of State

California Secretary of State Debra B

**Secretary of State**  **Administration**  **Elections**  **Business Programs**  **Political Reform**  **Archives**

**Business Entities (BE)**

Online Services
- Business Search
- Disclosure Search
- E-File Statements
- Processing Times

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Annual/Biennial Statements

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business
- International Business
  Relations Program

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated weekly and is current as of Friday, October 26, 2012. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | SCREENING PROS, LLC, THE |
| **Entity Number:** | 200519910194 |
| **Date Filed:** | 07/14/2005 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 6345 BALBOA BLVD STE 1-300 |
| **Entity City, State, Zip:** | ENCINO CA 91316 |
| **Agent for Service of Process:** | DAVID M LEON |
| **Agent Address:** | 6345 BALBOA BLVD STE 1-300 |
| **Agent City, State, Zip:** | ENCINO CA 91316 |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Modify Search   New Search   Printer Friendly   Back to Search Results

# EXHIBIT "4"



**EAST BAY
COMMUNITY
LAW CENTER**

November 9, 2011

The Screening Pros, LLC
P.O. Box 3338
Chatsworth, CA 91313

    Re: Gabriel Moran, DOB 01/22/1957

To whom it may concern:

I am writing on behalf of Gabriel Moran, a client of the East Bay Community Law Center. Your office furnished a background check about my client to Maple Square on or about February 10, 2011. A copy of the background check is enclosed. The background check contained information that was unlawfully reported.

Your report contained the following information:

1) Information related to case number 188935, which was ultimately dismissed.
2) Information related to case number 217842, which reports three charges, two of which were dismissed.

California Civil Code section 1786.18(a)(7) states that an investigative consumer reporting agency shall not report, in a background check, a conviction that is over seven (7) years old. It also states that an investigative consumer reporting agency shall not report any arrest that does not lead to a conviction.

California Civil Code sections 1786.18(c), 1786.20(a), 1786.20(b), and 1786.28(b) requires investigative consumer reporting agencies to have procedures in place to ensure that information in background checks are accurate, up-to-date, complete, and avoid violations of 1786.18(a).

By reporting the above entries, you are violating California law. Your actions have caused Mr. Moran a great deal of distress, inconvenience, and may ultimately cost him a job.

Please correct the report immediately. Remove any information related to case number 188935. Remove the dismissed charges from case number 217842.

The Screening Pros, .C
November 9, 2011
Page 2

Additionally, send our office a copy of the corrected report, as well as a list of companies to which you sent reports about Mr. Moran in the last two years, as is your duty under California law.

Thank you for your immediate attention to this matter. If you have any questions or concerns, please do not hesitate to contact me at (510) 548-4040 ext. 324.

Very truly yours,

Jesse Hsieh
Supervising Attorney
Clean Slate Practice

Enclosures

cc: Gabriel Moran

**JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsfllp.com
Colby A. Petersen, Esq. SBN 274387
cpetersen@jrsfllp.com
G. Austin Sperry, Esq.  SBN 278535
asperry@jrsfllp.com
10866 Wilshire Boulevard, Suite 1550
Los Angeles, CA  90024
Telephone:  (310) 446-9900  Facsimile: (310) 446-9909

Attorneys for Defendant THE SCREENING PROS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL FELIX MORAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE  SCREENING  PROS,  LLC  a California  Corporation;  and  DOES  1-10 inclusive,<br><br>Defendants. | Case No.: 2:12-cv-05808-SVW-AGR<br><br>**DEFENDANT THE SCREENING PROS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>Filed Concurrently With:<br><br>(1)    Defendant's Evidentiary Objections to Plaintiff's Evidence and Separate Statement of Facts in Opposition to Motion for Summary Judgment.<br><br>Hearing Date:   November 19, 2012<br>Time:              1:30 p.m.<br>Courtroom.:      6 – 2nd Floor<br>Judge:             Hon. Stephen V. Wilson<br><br>Complaint filed: February 2, 2012<br>First Amended<br>Complaint Filed:  June 7, 2012<br>Removed:           July 5, 2012<br>Trial Date:         December 18, 2012 |

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                                                    i
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

SER400

JACOBSON, RUSSELL, SALTZ, & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

# **TABLE OF CONTENTS**

1.    INTRODUCTION. .......................................................................................1

2.    ARGUMENT. .............................................................................................1

    A.    AS PLAINTIFF HAS NOT AND CANNOT DISPUTE TSP'S FACTS
        IN THIS CASE, TSP'S FACTS ARE UNDISPUTED AND ENTITLE
        IT TO SUMMARY JUDGMENT. .......................................................1

    B.    PLAINTIFF DOES NOT DISPUTE WITH EVIDENCE THAT TSP IS
        A RESELLER OF INFORMATION AND THUS HAS NO DUTY
        UNDER SECTION 1681i TO REINVESTIGATE; THEREFORE,
        PLAINTIFF'S THIRD CAUSE OF ACTION MUST BE DISMISSED. .......2

    C.    AS THERE IS NO EVIDENCE OF AN INACCURACY IN TSP'S
        REPORT, PLAINTIFF CANNOT PREVAIL ON ANY CLAIMS
        UNDER 15 U.S.C. SECTION 1681i AS A MATTER OF LAW. .................5

    D.    PLAINTIFF HAS NOT SET FORTH EVIDENCE THAT TSP EVER
        RECEIVED A DISPUTE LETTER; THEREFORE, PLAINTIFF'S
        CLAIMS UNDER SECTION 1681i FAIL. .............................................5

    E.    PLAINTIFF IGNORES THE PLAIN MEANING OF ENDNOTE 194
        WHICH ESTABLISHES THAT TSP DID NOT REPORT ANY
        OBSOLETE INFORMATION ON PLAINTIFF; THEREFORE,
        PLAINTIFF'S CASE MUST BE DISMISSED. ......................................7

    F.    PLAINTIFF'S CAUSES OF ACTION UNDER FCRA MUST BE
        DISMISSED AS THERE IS NO EVIDENCE ANY IMPROPER
        REPORTING OF INFORMATION CAUSED PLAINTIFF INJURY. ..........8

    G.    PLAINTIFF'S CLAIMS FOR WILLFUL VIOLATIONS OF THE
        FCRA IN THE FIRST AND SECOND CAUSES OF ACTION MUST
        BE DISMISSED, AS THE EVIDENCE ESTABLISHES TSP ACTED
        REASONABLY UNDER THE SUPREME COURT PRECEDENT OF
        *SAFECO INS. CO.* .....................................................................9

    H.    TSP'S MOTION IS PROPERLY FILED AND HEARD. .......................10

3.    CONCLUSION. .........................................................................................10

Case No.:  2:12-CV-05808-SVW-AGR
File No.:  5.371.001                                     ii

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

# TABLE OF AUTHORITIES

Cases

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010) ...................5

*DiGianni v. Stern's*, 26 F.3d 346 (2d Cir. 1994) ...........................................4

*Giulio v. BV CenterCal, LLC*, 815 F.Supp.2d 1162 (D. Or. 2011) ....................8

*Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996) ...........................................8

*Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) ...........8

*Margolis v. Ryan*, 140 F.3d 850 (9th Cir. 1998) ..........................................10

*Poore v. Sterling Testing Sys., Inc.*, 410 F.Supp.2d 557 (E.D. Ky. 2006)...........3, 4

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) ......................................9

*Shafer v. Mountain States Tel. & Tel. Co.*, 335 F.2d 932 (9th Cir. 1964) ...........8

*Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575 (11th Cir. 1988) ................4

*Tatum v. City and County of San Francisco*, 441 F.3d 1090 (9th Cir. 2006).........10

Statutes

15 U.S.C. § 1681a(u) ..........................................................................3

15 U.S.C. § 1681e ..............................................................................5

15 U.S.C. § 1681e(e) ..........................................................................2

15 U.S.C. § 1681i ....................................................................... passim

15 U.S.C. § 1681i(f)(2) ........................................................................5

15 U.S.C. §§ 1681a ............................................................................3

Fed. R. Evid. 602 ..............................................................................6

Fed. R. Evid. 701 ..............................................................................6

Fed. R. Evid. 801 ..............................................................................6

Fed. R. Evid. 901 ..............................................................................6

Fed. R. Civ. Proc. 56(d) .....................................................................10

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                                        iii

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

<u>Rules</u>

Local Rule 56-3 ......................................................................................1, 2

Local Rule 6-1 ...........................................................................................10

**JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                    iv

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION.

Plaintiff's Opposition makes a number of conclusory, unsupported allegations about the case. However, missing are facts supported by proper evidence. Defendant The Screening Pros, LLC's ("TSP") evidence thus remains undisputed.

TSP's undisputed evidence establishes the following: (1) TSP is a reseller of Plaintiff's criminal record and is exempt from Plaintiff's allegations of failure to reinvestigate under 15 U.S.C. section 1681i; (2) TSP's report did not provide any obsolete information under the Fair Credit Reporting Act (FCRA) and therefore it cannot be liable under any of Plaintiff's causes of action; and (3) assuming the report contained obsolete information, it did not cause Plaintiff injury, as Plaintiff was not denied housing based on any such information (he was denied housing based on a criminal conviction) and TSP as a reseller had no duty to conduct a reinvestigation of his report or ability to remove information from a criminal database TSP does not keep or maintain. Therefore, Plaintiff cannot claim any damages, economic or emotional, from this report.

Based on the above, and the argument below, TSP is entitled to summary judgment.

### 2. ARGUMENT.

#### A. AS PLAINTIFF HAS NOT AND CANNOT DISPUTE TSP'S FACTS IN THIS CASE, TSP'S FACTS ARE UNDISPUTED AND ENTITLE IT TO SUMMARY JUDGMENT.

Under United States District Court, Central District of California, Local Rule 56-3, "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

In this case, TSP's facts have not been disputed by Plaintiff through a Statement of Genuine Issues. Moreover, Plaintiff has not submitted any facts of his own that are admissible and controvert TSP's facts in any material respect. In particular, as detailed in

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                1

1    TSP's Evidentiary Objections filed concurrently herewith, the eight facts in Plaintiff's

2    Separate Statement are inadmissible, irrelevant, or both. Therefore, TSP's facts are "admitted

3    to exist without controversy" under Local Rule 56-3.

4        Based on these undisputed facts, TSP is entitled to summary judgment.

5
6    **B.    PLAINTIFF DOES NOT DISPUTE WITH EVIDENCE THAT TSP IS A
            RESELLER OF INFORMATION AND THUS HAS NO DUTY UNDER
7           SECTION 1681i TO REINVESTIGATE; THEREFORE, PLAINTIFF'S
            THIRD CAUSE OF ACTION MUST BE DISMISSED.**
8
9        Plaintiff cannot dispute the following facts: (1) Plaintiff has alleged in his First

10   Amended Complaint (FAC) that TSP is liable as a consumer reporting agency for failure to

11   reinvestigate under various provisions of section 1681i (FAC, ¶¶ 68-69); (2) TSP is a reseller

12   of information within the meaning of section 1681i; and (3) TSP is therefore exempt from all

13   the provisions of section 1681i which Plaintiff alleges were violated.

14       Based on these undisputed facts, Plaintiff cannot establish a violation of section 1681i,

15   and Plaintiff's third cause of action must be dismissed.

16       Here, Plaintiff does not dispute *with evidence* the fact that TSP is not a consumer

17   reporting agency under Section 1681i for purposes of providing criminal record information.

18   Rather, as explained in TSP's motion and undisputed *with evidence*, TSP is only a reseller of

19   criminal information.  Just as a phone company is not legally responsible for the content

20   which is relayed during a phone call, a reseller is not responsible to confirm the content of a

21   criminal record it resells to a third party.  Moreover, section 15 U.S.C. § 1681e(e) makes

22   clear that resellers are responsible only for determining and verifying the end user of the

23   resold report and the purpose of the report. 15 U.S.C. § 1681e(e).

24       Consequently, TSP is exempt from the provisions alleged by Plaintiff under section

25   1681i.

26       Plaintiff weakly claims that TSP "created" the consumer report on Plaintiff.  However,

27   this is a misstatement of the evidence. TSP's responses to Requests for Admission, upon

28

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

1   which Plaintiff relies, contradict Plaintiff's claim.[1]   Nothing in TSP's responses states that

2   TSP "created" or in any way developed its own criminal report on Plaintiff. (See Responses

3   to Requests for Admission, Set One, attached to the Declaration of Devin Fok).   To the

4   contrary, TSP merely admitted that it was a consumer reporting agency, *as well as a reseller*,

5   that it prepared a report, and that it had no duty to reinvestigate under section 1681i. (See

6   Responses to Requests for Admission, Set One, Nos. 1, 3, 13, attached to the Declaration of

7   Devin Fok).[2]   As sections 1681a and 1681i make clear, a reseller is a subset of a "consumer

8   reporting agency", but under section 1681i, a reseller is specifically exempted from nearly all

9   the requirements of that section. 15 U.S.C. §§ 1681a, i. Therefore, Plaintiff has submitted no

10   evidence to dispute that TSP is not a reseller exempt from the reinvestigation provisions of

11   section 1681i. Therefore, Plaintiff's third cause of action must be dismissed.

12   *Poore v. Sterling Testing Sys., Inc.*, 410 F.Supp.2d 557 (E.D. Ky. 2006), upon which

13   Plaintiff relies, is irrelevant to whether TSP is liable under section 1681i.   *Poore* dealt with

14   liability under other sections of the FCRA, not section 1681i.   *Id.*   Moreover, *Poore* did not

15   address reseller liability. *Id.* at 568 ("[T]his Court need not decide the issue of whether

16   'resellers' are subject to all the requirements of FCRA because Sterling is not a 'reseller.'").

17   Rather, *Poore* dealt with the liability of consumer reporting agencies for their investigative

18   reports. *Id.* at 569. Therefore, the case does not establish whether TSP is liable.

19      Moreover, the actions of the reporting agency in *Poore* were significantly different

20   from the actions of TSP here. Specifically, the reporting agency in *Poore assembled,*

21   *manipulated, and evaluated* information on Poore for the purpose of furnishing the report to

22

---

23   [1] Plaintiff also makes reference to his supposed inability to depose Mr. Glucroft.  However,
24   Plaintiff provides *no evidence* of any impropriety by TSP in this regard.  Moreover, Plaintiff
     fails to identify any facts he would glean from Mr. Glucroft which would affect the outcome
25   of this motion.

26   [2] A reseller is merely a subset of a consumer reporting agency under the FCRA. 15 U.S.C. §
27   1681a(u). Therefore, the fact that TSP identifies itself as a consumer reporting agency under
     section 1681c does not mean that it is not exempt as a reseller under section 1681i, which
28   specifically distinguishes resellers from other consumer reporting agencies.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

1  the requesting party. *Id.* at 569. Additionally, the agency not only produced a report on its

2  letterhead with Plaintiff's criminal record history, but also reported the results of an interview

3  it personally performed of Plaintiff's former supervisor in which the supervisor was asked

4  questions of his impressions of Plaintiff's work and business skills. *Id.*

5      In contrast, in this case, the undisputed facts are that TSP merely obtained Plaintiff's

6  criminal record from a consumer reporting agency and resold it to Maple Square Apartments.

7  In *Poore*, the involved agency did not merely pass on data, but rather manipulated and

8  *evaluated* the data for the party requesting the information. In contrast to *Poore*, there is no

9  evidence TSP evaluated or manipulated any information on Plaintiff. Additionally, there is no

10 evidence TSP took any of the additional action taken by the reporting agency in *Poore*, such

11 as interviewing Plaintiff's former supervisor. Rather, TSP merely relayed an existing criminal

12 report to Maple Square Apartments that it obtained from a third party along side a credit

13 report that it obtained from a third-party – no other information was reported.   (SUF 16)

14 (Glucroft Decl. ¶¶ 5, 11). Therefore, the facts of this case drastically differ from those of

15 *Poore*.

16      In short, Plaintiff has set forth no evidence that TSP did anything other than assemble

17 and resell data regarding Plaintiff.   Businesses who take such actions are not consumer

18 reporting agencies.  See *Poore*, *supra*, at 569 (". . . a reseller is an entity that purchases and

19 resells consumer reports but does not itself create any consumer information contained in the

20 reports); *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1579 (11th Cir. 1988) (definition

21 of consumer reporting agency "implies a function which involves more than receipt and

22 retransmission …" of information); *DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir. 1994)

23 (same).  Consequently, Plaintiff has failed to show TSP meets the definition of a consumer

24 reporting agency liable for reinvestigation under section 1681i.

25      Based on the above, TSP is a reseller not legally responsible for reinvestigation of the

26 information that was reported on Plaintiff.  Therefore, Plaintiff's third cause of action for

27 violation of section 1681i must be dismissed.

28

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

**C.   AS THERE IS NO EVIDENCE OF AN INACCURACY IN TSP'S REPORT, PLAINTIFF CANNOT PREVAIL ON ANY CLAIMS UNDER 15 U.S.C. SECTION 1681i AS A MATTER OF LAW.**

Plaintiff does not dispute that if the 1990 FTC Commentary remains in effect with regard to the reporting of dismissed criminal cases, it is undisputed that the operative complaint fails to allege that the report contains any inaccuracies as contemplated by 15 U.S.C. § 1681e. Furthermore, Plaintiff's Third Cause of Action for violation of 15 U.S.C. § 1681i must be also be dismissed because the report fails to contain an inaccuracy.[3]

Plaintiff does not dispute that under *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010), an inaccuracy must exist before one can make a claim under section 1681i. Here, plaintiff has not set forth any evidence, admissible or otherwise, of an inaccuracy in the report. As there is no inaccuracy, Plaintiff's section 1681i claim should be dismissed.

**D.   PLAINTIFF HAS NOT SET FORTH EVIDENCE THAT TSP EVER RECEIVED A DISPUTE LETTER; THEREFORE, PLAINTIFF'S CLAIMS UNDER SECTION 1681i FAIL.**

Plaintiff makes reference to a letter that was purportedly sent on his behalf by the East Bay Community Law Center (EBCLC). Under section 1681i, a consumer reporting agency or reseller's duty to reinvestigate or take other action on a credit report is not triggered unless an agency or reseller actually receives notice of the dispute. See 15 U.S.C. § 1681i(f)(2) (resellers duties triggered only after "a reseller *receives* a notice from a consumer of a dispute . . .").

In this case, Plaintiff has the burden of establishing each element of his cause of action. However, Plaintiff's evidentiary submissions fail to establish that TSP ever received

---

[3] Plaintiff also claims that TSP was required to delete Plaintiff's information but failed to do so. Plaintiff cites no evidence to establish that TSP has engaged in such action; therefore, such claim should be disregarded. TSP provided evidence that *it maintains no database of* Plaintiff's *criminal records.* TSP cannot remove that which it does not have. TSP's inability to delete from its own database that which it does not have cannot cause any injury to plaintiff.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.:  2:12-CV-05808-SVW-AGR
File No.:  5.371.001                                      5
DEFENDANT'S REPLY FOR MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1    any dispute from Plaintiff or anyone acting on his behalf. (*See* Plaintiff's Separate Statement

2    of Facts in Opposition to Motion for Summary Judgment). To the contrary, as TSP has

3    stated, it never received any dispute from Plaintiff.[4]

4    Moreover, Plaintiff's claim that a dispute was even sent is without proper evidentiary

5    support. Plaintiff fails to lay any foundation for his claim that EBCLC even sent a dispute

6    letter or that TSP allegedly "ignored" this letter. Plaintiff's declaration does not set forth any

7    facts showing he has personal knowledge that a letter was sent. Fed. R. Evid. 602, 701. To

8    the extent he is relying on his communications from EBCLC to establish this fact, his

9    declaration is inadmissible hearsay. Fed. R. Evid. 801.

10    Last, the letter referred to by Plaintiff and his counsel in their declarations is not

11    authenticated in any matter by any person who can properly testify as to its contents and its

12    transmission date. Fed. R. Evid. 901. Therefore, Plaintiff has failed to establish with proper

13    evidence that a letter was even sent on his behalf.

14    Thus, Plaintiff's claim for violation of section 1681i fails as a matter of law.

15    ///

16    ///

17    _____

18    [4] It should be noted by this Court that the purported dispute letter Plaintiff claims via hearsay,

19    and without personal knowledge, was sent on his behalf makes reference to a report that

never existed. Said letter references a report sent on February 10, 2011, which is direct

20    contrast to the report at issue dated February 5, 2010. Further, said letter complains of

violations of a statutory scheme that this Court has already determined does not apply to TSP;

21    to wit, the California Investigative Consumer Reporting Agencies Act. Nowhere in said

22    dispute letter are any FCRA issues posited or discussed. Further, said dispute letter makes

reference to enclosures that are not there.

23    Thus, because the unauthenticated letter complains about information in a report that does

24    not exist that violates laws that do not apply, and the letter was purportedly drafted some 21

25    months after the actual subject report was issued but was never received by TSP, it is likely

that this letter was fabricated in haste in order to create a dubious cause of action to expand

26    this case into an area it should not have gone. This conclusion is buttressed by the fact that

27    said dispute letter was not mentioned in any manner in the Original Complaint filed in this

case on February 2, 2012 in State Court– three months after the date on said dispute letter –

28    and is otherwise not authenticated by anyone at EBCLC.

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

### E.   PLAINTIFF IGNORES THE PLAIN MEANING OF ENDNOTE 194 WHICH ESTABLISHES THAT TSP DID NOT REPORT ANY OBSOLETE INFORMATION ON PLAINTIFF; THEREFORE, PLAINTIFF'S CASE MUST BE DISMISSED.

Plaintiff persists in making the misleading and incorrect argument that the 1990 FTC interpretation on criminal dismissals has been superseded.[5]  As TSP has already explained, this argument is demonstrably wrong.  Plaintiff avoids any discussion of the 2011 FTC commentary which states that the 1990 commentary is only partially obsolete.  Plaintiff also avoids any discussion of endnote 194 in the 2011 FTC Commentary, which specifically demonstrates that the 1990 FTC Commentary finding that the reporting date for criminal proceedings resulting in dismissal runs from the date of dismissal is not obsolete and remains a good interpretation of the law.

Plaintiff submits no evidence to dispute the expert opinion of Anne Fortney confirming this interpretation of the FCRA.  Therefore, her interpretation remains undisputed.

Plaintiff's discussion of another consumer report is improper, as there is no authentication made for such document, there is no foundation for all the argumentative claims made about this claimed report, and this alleged report has nothing to do with whether TSP's report on Plaintiff was proper.

Simply put, the operative reporting date under the FCRA for criminal dismissals remains the date of dismissal.  Therefore, Plaintiff's first, second and third causes of action must be dismissed.

///

///

///

///

///

---

[5] Plaintiff also has the temerity to cite another FTC commentary elsewhere in the Opposition and state that this commentary is not superseded, thus proving TSP's point that the 1990 Commentary is only partially obsolete.  (See Opposition, pg. 7, lns. 21-24).

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                                         7

DEFENDANT'S REPLY FOR MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

**F.    PLAINTIFF'S CAUSES OF ACTION UNDER FCRA MUST BE DISMISSED AS THERE IS NO EVIDENCE ANY IMPROPER REPORTING OF INFORMATION CAUSED PLAINTIFF INJURY.**

Plaintiff does not dispute that he was denied housing due to his conviction, not because of any reporting of a criminal dismissal.  Therefore, he admits that TSP did not cause him to be denied housing.

Plaintiff nevertheless claims he suffered emotional distress and that this alone is a basis for recovery. But from what? Notwithstanding *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995), recovery for emotional distress must be based on an act which was the proximate cause of injury. See *Shafer v. Mountain States Tel. & Tel. Co.*, 335 F.2d 932, 935 (9th Cir. 1964); *Giulio v. BV CenterCal, LLC*, 815 F.Supp.2d 1162, 1182 (D. Or. 2011). Plaintiff cannot recover for emotional distress "in the ether"; rather, such distress must be tied to some wrongful act causing injury.

Additionally, Plaintiff claims emotional distress for TSP's alleged failure to reinvestigate. However, it is undisputed that TSP is a reseller within the meaning of section 1681i and therefore had no duty to reinvestigate. Therefore, Plaintiff cannot recover for emotional distress stemming from any failure to reinvestigate.

It is also undisputed TSP does not maintain or have any criminal database on Plaintiff. Plaintiff claims that it is TSP's failure to delete such data that is the cause of his emotional distress. Initially, Plaintiff submits no evidence to support this assertion. Plaintiff additionally ignores the fact that TSP keeps no criminal data on Plaintiff. Consequently, there is nothing for TSP to delete. TSP's failure to remove something that does not exist cannot give rise to a legitimate cause of injury. Therefore, Plaintiff's attempt to recover damages for TSP's alleged failure to delete information it does not have is meritless.

Finally, to the extent Plaintiff claims emotional distress from his fear of future reporting, such a claim is speculative and not a basis for damages. *Grimmett v. Brown*, 75 F.3d 506, 516 (9th Cir. 1996).

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                                8

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Consequently, even assuming the reporting of the criminal dismissal was improper; it did not cause injury to Plaintiff. Therefore, Plaintiff's causes of action for violation of the FCRA must be dismissed.

### G.   PLAINTIFF'S CLAIMS FOR WILLFUL VIOLATIONS OF THE FCRA IN THE FIRST AND SECOND CAUSES OF ACTION MUST BE DISMISSED, AS THE EVIDENCE ESTABLISHES TSP ACTED REASONABLY UNDER THE SUPREME COURT PRECEDENT OF *SAFECO INS. CO.*

Plaintiff does not address the merits of TSP's argument that it acted reasonably with regard to the reporting date for criminal dismissals, but rather merely quotes the prior statements of this Court which did not squarely address this issue.   Plaintiff does not dispute the fact that, even assuming TSP's interpretation of the FCRA is incorrect, (1) this Court stated the interpretation of FCRA was one of first impression; (2) there is no Court of Appeals guidance on this issue; and (3) endnote 194 of the 2011 FTC Commentary demonstrates that "date of dismissal" controls.

The Supreme Court has specifically stated that where a company's actions (even if incorrect) are not objectively unreasonable, they cannot be liable for a willful violation of FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).  Plaintiff does not distinguish or address this controlling authority. Therefore, TSP is clearly entitled to dismissal of Plaintiff's claims of a "willful violation" of FCRA.

Moreover, the only "evidence" Plaintiff cites is an alleged consumer report issued by another company. There is no authentication or foundation for this report (or any facts therein), which on its face has clearly been altered. It is hearsay and it is inadmissible. Second, the report is irrelevant. There is no foundation for Plaintiff's claim that this prior report violated FCRA as it existed either before or after 1998. Additionally, even assuming Plaintiff's claims are true, the fact that this information was reported merely validates TSP's argument that it was reasonable to report criminal proceedings within seven years of dismissal.  In short, Plaintiff's evidence is improper and TSP's evidence is undisputed that it did not act objectively unreasonable under the circumstances.

All claims of a willful violation of the FCRA should be dismissed.

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                                    9

DEFENDANT'S REPLY FOR MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

**H.     TSP'S MOTION IS PROPERLY FILED AND HEARD.**

Plaintiff makes a litany of complaints about TSP's motion which are meritless. Despite Plaintiff's complaints that TSP's motion is procedurally improper, he cites no rule violation by TSP. TSP's motion is in compliance with the *Federal Rules of Civil Procedure* and Local Rule 6-1 regarding filing and hearing of motions.  TSP's motion was filed in light of the then upcoming trial date of November 20, 2012 (which now is set for only a few weeks later in December).  Additionally, Plaintiff's claims of other improper conduct are unsupported by evidence and ignore the fact that Plaintiff's improper deposition notices have been the cause of proper objections in this matter.  In short, Plaintiff's claims are frivolous in this regard.

To the extent Plaintiff seeks a continuance of the motion, it should be denied.  In requesting a continuance of a motion for summary judgment pursuant to Rule 56(d), the party must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); see also *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006) (party seeking continuance has burden of producing declaration explaining "that additional discovery would have revealed specific facts precluding summary judgment").

Here, Plaintiff has not identified what specific facts he claims he would uncover through additional discovery or how such facts would preclude summary judgment.  Most of TSP's motion relies on legal arguments and a limited number of facts which are not reasonably subject to dispute.  Therefore, Plaintiff is not entitled to a continuance.

**3. CONCLUSION.**

Based on the foregoing, Defendant TSP respectfully requests that this Court grant its motion for summary judgment, or alternatively, summary adjudication.

Respectfully submitted this 5th day of November, 2012

**Jacobson, Russell, Saltz & Fingerman LLP**

_____/S/_____

Michael J. Saltz, Esq.,
Attorneys for Defendant The Screening Pros, LLC

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                           10

1  **JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
   Michael J. Saltz, Esq.  SBN 189751
2  msaltz@jrsfllp.com
   Colby A. Petersen, Esq. SBN 274387
3  cpetersen@jrsfllp.com
   G. Austin Sperry, Esq.  SBN 278535
4  asperry@jrsfllp.com
   10866 Wilshire Boulevard, Suite 1550
5  Los Angeles, CA  90024
   Telephone:  (310) 446-9900  Facsimile: (310) 446-9909
6
7  Attorneys for Defendant THE SCREENING PROS, LLC

8                      **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10 | GABRIEL FELIX MORAN, | Case No.: 2:12-cv-05808-SVW-AGR |

11 |                      |                                |
                Plaintiff,

12                                      **DEFENDANT THE SCREENING PROS,**
                                        **LLC'S EVIDENTIARY OBJECTIONS**
13        vs.                           **TO PLAINTIFF'S EVIDENCE AND**
                                        **PLAINTIFF'S SEPARATE**
14                                      **STATEMENT OF FACTS IN**
                                        **OPPOSITION TO MOTION FOR**
15 THE   SCREENING   PROS,  LLC   a     **SUMMARY JUDGMENT**
   California  Corporation;  and  DOES  1-10
16 inclusive,
                                        [Concurrently Filed with the Reply to
17                                      Plaintiff's Opposition to Defendant's Motion
                Defendants.             For Summary Judgment or Alternatively,
18                                      Summary Adjudication].
19
                                        Hearing Date:    November 19, 2012
20                                      Time:            1:30 p.m.
                                        Courtroom.:      6 – 2$^{nd}$ Floor
21                                      Judge:           Hon. Stephen V. Wilson
22
                                        Complaint filed: February 2, 2012
23                                      First Amended
24                                      Complaint Filed:  June 7, 2012
                                        Removed:          July 5, 2012
25                                      Trial Date:       December 18, 2012
26
27
28

Case No.:  2:12-CV-05808-SVW-AGR
File No.: 5.371.001                                      i
DEFENDANT'S EVIDENTIARY OBJECTIONS FOR MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1   TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD HEREIN:

2   Defendant THE SCREENING PROS, LLC ("TSP") hereby submits the following

3   evidentiary objections to Plaintiff's evidence and Separate Statement of Facts in Opposition

4   to Defendant's Motion for Summary Judgment or alternatively, Summary Adjudication.

5   **1.   INTRODUCTION.**

6   TSP offers the following objections to Plaintiff's evidence in Opposition to

7   Defendant's Motion for Summary Judgment and Plaintiff's Separate Statement of Facts

8   Defendant respectfully request that this Court rule on the objections contained herein prior to

9   addressing the merits of Defendant's Motion for Summary Judgment.

10  **2.   GENERAL OBJECTIONS TO EVIDENCE.**

11  Defendant details why particular exhibits and declarations should be disregarded, as

12  set forth below.

13  **A.   OBJECTION TO THE LATE-FILED DECLARATION OF DEVIN FOK**
14  **WHICH WAS FILED AFTER THE DEADLINE FOR PLAINTIFF'S**
     **OPPOSITION**

15  TSP objects to the Declaration of Devin Fok (Docket Entry No. 34), which as reflected

16  in the docket, was filed on October 30, 2012, after the deadline for Plaintiff's Opposition was

17  due.   Pursuant to this District's Local Rules, the Court may decline to consider any

18  memorandum or other paper not filed within the deadline set by order or local rule.   See

19  Local Rule 7-12.   Moreover, "[t]he decision to disregard all material submitted after a

20  reasonable filing deadline is certainly not an abuse of discretion because it allow[s] the

21  district court to preserve the moving party's right to respond to the resisting party's

22  arguments and to decide the summary judgment motion in a timely fashion." *Pfeil v. Rogers*,

23  757 F.2d 850, 858 (7th Cir. 1985).

24  **B.   SUBSTANTIVE OBJECTION TO THE DECLARATION OF DEVIN**
25  **FOK AND ATTACHED EXHIBITS**

26  Defendant TSP objects to Mr. Fok's declaration in its entirety on the basis of lack of

27  personal knowledge, hearsay, relevance and lack of authentication of the documents referred

28  to and attached.

Case No.:  2:12-CV-05808-SVW-AGR
File No.:  5.371.001                                            1
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

1   The declaration states that "Except as the context indicates otherwise, I have personal,
2   firsthand knowledge of the facts set forth herein." Therefore, the declaration fails to establish
3   the personal knowledge of the declarant, which is a necessary prerequisite for its
4   admissibility. As the declaration fails to indicate which portions of his declaration are based
5   on personal knowledge and which portions are based "on information and belief," the entire
6   declaration should be stricken and disregarded by the Court. *See* Fed. R. Civ. P., R. 56(c)(4),
7   56(e); *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991).

8   Additionally, Plaintiff's counsel is improperly testifying as a percipient witness to this
9   matter.

10   In addition, TSP makes the following specific objections:

11   Paragraph 2: Lacks foundation and personal knowledge as to TSP's alleged "refusal
12   to investigate a formal written dispute submitted by Mr. Hsieh on November 9, 2011." Fed.
13   R. Evid. 602, 701. Assumes facts not in evidence as to the claim that TSP refused to do
14   anything or that a formal written dispute was submitted by Mr. Hsieh. Hearsay. Fed. R.
15   Evid. 801. Argumentative.

16   Paragraph 3: Lacks foundation and personal knowledge. Fed. R. Evid. 602, 701. No
17   authentication of email referred to. Fed. R. Evid. 901. Double hearsay. Fed. R. Evid. 801, *et.*
18   *seq.*

19   Paragraph 4: Irrelevant. Fed. R. Evid. 402. Any relevance is outweighed by undue
20   prejudice. Fed. R. Evid. 403. Lacks foundation and personal knowledge. Fed. R. Evid. 602,
21   701. Inadmissible hearsay and multiple levels of hearsay. Fed. R. Evid. 801, *et. seq.*.
22   Assumes facts not in evidence. Documents referred to are not properly authenticated. Fed. R.
23   Evid. 901; *Orr v. Bank of America, NT&SA*, 285 F.3d 764, 777 (9th Cir. 2002); See Adv.
24   Comm. Note to amended Fed. R. Civ. Proc.. 56(c)(4). This statement is also conclusory and
25   consists of inadmissible opinion. Fed. R. Evid. 602, 701; *Angel v. Seattle-First Nat'l Bank*,
26   653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated
27   by mere conclusory allegations unsupported by factual data.").

28

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

1    Paragraph 5:  Irrelevant.  Fed. R. Evid. 402.  Assumes facts not in evidence.  Lacks

2    foundation and personal knowledge.  Fed. R. Evid. 602, 701.  Misleading, as Plaintiff has

3    made no attempt to properly depose Mr. Glucroft and this case was filed by Plaintiff many

4    months ago, giving Plaintiff more than adequate time to properly conduct such discovery.

5    Paragraph 6:  Irrelevant.  Fed. R. Evid. 402.  Any relevance is outweighed by undue

6    prejudice.  Fed. R. Evid. 403.  Lacks foundation and personal knowledge.  Fed. R. Evid. 602,

7    701.  Inadmissible hearsay.  Fed. R. Evid. 801.  Documents referred to are not properly

8    authenticated.  Fed. R .Evid. 901; *Orr v. Bank of America, NT&SA*, 285 F.3d 764, 777 (9th

9    Cir. 2002); See Adv. Comm. Note to amended Fed. R. Civ. Proc. 56(c)(4).  Plaintiff's

10   statement is also conclusory and consists of inadmissible opinion.  Fed.R.Evid. 602, 701;

11   *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for

12   summary judgment cannot be defeated by mere conclusory allegations unsupported by factual

13   data.").

14   Paragraph 7:  Improper argument, not a fact. Documents referred to are not properly

15   authenticated or attached.  Fed. R. Evid. 901; *Orr v. Bank of America, NT&SA*, 285 F.3d 764,

16   777 (9th Cir. 2002); See Adv. Comm. Note to amended Fed. R. Civ. Proc. 56(c)(4).

17   Plaintiff's statement is also conclusory and consists of inadmissible opinion.  Fed. R. Evid.

18   602, 701; *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion

19   for summary judgment cannot be defeated by mere conclusory allegations unsupported by

20   factual data.").

21   Paragraph 8:  Argumentative. Irrelevant. Fed. R. Evid. 402.

22   Paragraphs 9-17: Irrelevant.  Fed. R. Evid. 402.  Misstates the evidence.  TSP's motion

23   is filed in compliance with Federal rules and in light of the trial date, which was set for

24   November 20, 2012 at the time of filing.  With regard to paragraph 13, misleading and false;

25   TSP has provided all manner of documents and evidence in response to written discovery.

26   Rule 26 requires only a description of documentation to be relied on.  Fed. R. Civ. Proc., R.

27   26.  Moreover, TSP has provided a Rule 26 disclosure as well as all documents to Plaintiff in

28   response to discovery.

Case No.:  2:12-CV-05808-SVW-AGR
File No.:  5.371.001                                3
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1  Exhibit 2 to the Declaration of Devin Fok: lacks foundation, is unauthenticated and
2  constitutes inadmissible hearsay. See *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
3  F.2d 1542, 1550-1551 (9th Cir. 1989), citing *Canada v. Blain's Helicopters, Inc.*, 831 F.2d
4  920, 925 (9th Cir. 1987) (To be considered by the court in ruling on a summary judgment
5  motion, documents must be authenticated by and attached to an affidavit that meets the
6  requirements of Rule 56 and the affiant must be a person through whom the exhibits could be
7  admitted into evidence).

8  Exhibit 3 to the Declaration of Devin Fok:  lacks foundation, is unauthenticated and
9  constitutes inadmissible hearsay.  See *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
10 F.2d 1542, 1550-1551 (9th Cir. 1989), citing *Canada v. Blain's Helicopters, Inc.*, 831 F.2d
11 920, 925 (9th Cir. 1987) (To be considered by the court in ruling on a summary judgment
12 motion, documents must be authenticated by and attached to an affidavit that meets the
13 requirements of Rule 56 and the affiant must be a person through whom the exhibits could be
14 admitted into evidence).

15 It is also irrelevant and unduly prejudicial.

16 Exhibit 4 to the Declaration of Devin Fok:  lacks foundation, is unauthenticated and
17 constitutes inadmissible hearsay.  See *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
18 F.2d 1542, 1550-1551 (9th Cir. 1989), citing *Canada v. Blain's Helicopters, Inc.*, 831 F.2d
19 920, 925 (9th Cir. 1987) (To be considered by the court in ruling on a summary judgment
20 motion, documents must be authenticated by and attached to an affidavit that meets the
21 requirements of Rule 56 and the affiant must be a person through whom the exhibits could be
22 admitted into evidence).

23 **C.    OBJECTIONS TO THE DECLARATION OF GABRIEL MORAN**
24 Defendant objects to the Declaration of Plaintiff Gabriel Moran and asks the Court to
25 strike the Declaration as follows:

26 Paragraphs 3 – 13: Irrelevant. Fed. R. Evid. 402.

27 Paragraph 14:  Lacks foundation and personal knowledge as to whether criminal case
28 can be expunged.  Fed. R. Evid. 602, 701.

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001
4
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

SER418

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

1    Paragraph 15: Lacks foundation and personal knowledge. Fed. R. Evid. 602, 702,

2    703. Hearsay. Fed. R. Evid. 801.

3    Paragraph 16: Irrelevant, as TSP as a reseller had no duty to reinvestigate and there is

4    no evidence they received this dispute. Fed. R. Evid. 402. No foundation and lacks personal

5    knowledge as to how third party sent a dispute letter. Fed. R. Evid. 602, 701. Irrelevant that

6    dispute letter was sent as letter must be *received* to trigger any duty to act under section

7    1681i. Hearsay. Fed. R. Evid. 801. Lacks foundation as to claim that "This is the only

8    recourse that I have in preventing Defendant from disclosing this charge to any of my other

9    prospective landlords or Maple Square should I reapply for housing." Fed. R. Evid. 602, 701.

10   Paragraph 17: Lacks foundation and personal knowledge as to claim that Defendant

11   TSP ignored the EBCLC dispute letter, as there is no evidence TSP received the letter. Fed.

12   R. Evid. 602, 701. Improper opinion. Assumes facts not in evidence.

13   **3.    OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNDISPUTED**
         **MATERIAL FACTS IN OPPOSITION TO MOTION FOR SUMMARY**
14       **JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION.**

| | **Plaintiff's Uncontroverted Facts** | **Objection** |
|---|---|---|
| 1. | On or about February 1, 2010, Plaintiff Gabriel Moran applied for housing with Maple Square Apartments ("Maple Square"). | No objection. |
| 2. | In connection with his housing application, Defendant The Screening Pros, LLC ("TSP") issued a tenant screening report including a criminal history report on Plaintiff. | No objection. |
| 3. | The subject report disclosed information related to Case No. 188935 which indicates a filing of date of 5/16/00, 7 years from the date of the report. | Objection. Incomplete and misleading, as the case was dismissed in 2004. |

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001                                    5
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
Tel. 310.446.9900 • Fax 310.446.9909

| 4. | This information violates 15 USC §1681c(a). | Objection. The analysis of this Court's Order is not admissible evidence as to the facts in this case. Furthermore, this is not a fact, but argument, which is improper. |
|---|---|---|
| 5. | Defendant maintains a policy which routinely, intentionally and or recklessly violates consumer rights under 15 USC §1681a by routinely disclosing obsolete criminal history information that is disposed even beyond the 7-year period. | Objection. Irrelevant. Lacks foundation and personal knowledge. Fed. R. Evid. 602, 701. Misstates the evidence. Furthermore, this is not a fact, but a legal conclusion, which is improper. No evidence of TSP's policies is submitted; therefore, this fact is misleading false, and without evidentiary support. Improper opinion. |
| 6. | Plaintiff submitted a dispute to Defendant pursuant to 15 USC §1681i and was ignored by Defendant. | Objection. Lacks foundation and personal knowledge. Fed. R. Evid. 602, 701. Inadmissible hearsay. Fed. R. Evid. 801. Assumes facts not in evidence. Not based on personal knowledge. Furthermore, this is not a fact, but an argument, which is improper. |
| 7. | Defendant is not a reseller of information and is required to investigate Plaintiff's dispute. | Objection. Lacks foundation and personal knowledge. Fed. R. Evid. 602, 701. Misstates the evidence. Furthermore, this is not a fact, but an argument, which is improper. |
| 8. | Plaintiff suffered damages as a result of Defendant's wrongful conduct including emotional distress, and loss of time and inconvenience. | Objection. Lacks foundation as to opinion that Plaintiff's damages were caused by Defendant. Fed. R. Evid. 602, 701. Argumentative. |

Dated: November 5, 2012

          **Jacobson, Russell, Saltz & Fingerman LLP**

                 /S/
          Michael J. Saltz, Esq.,
          Attorneys for Defendant The Screening Pros, LLC

Case No.: 2:12-CV-05808-SVW-AGR
File No.: 5.371.001

        6

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| 9th Circuit Case Number(s) | 12-57246 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

**********************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Jan 27, 2014 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Michael J. Saltz

**********************************************************************

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)